E-FILED
Friday, 25 May, 2007 02:43:50 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

**FILED**

FREEMAN UNITED COAL  )
MINING COMPANY,    )

JUN **1 3** 2007

          )

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

   Plaintiff,     )

     v.       Case: 1:07-cv-01050
             Assigned To : Friedman, Paul L.
             Assign. Date : 6/13/2007
UNITED MINE WORKERS    Description: Labor-ERISA
OF AMERICA, et al.,

          )
   Defendants.    )

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motions to Dismiss or to Transfer Venue (d/e 20, 21, 25) filed by Defendants United Mine Workers of America (UMWA), Bituminous Coal Operators' Association, Inc. (BCOA), United Mine Workers of America 1974 Pension Fund (1974 Pension Fund), and the 1974 Pension Fund's Trustees Michael H. Holland, Micheal W. Bruckner, Steven F. Schaab, and B.V. Hyler (collectively, the Trustees). Beginning in January 2007, Plaintiff Freeman United Coal Mining Company (Freeman) refused to make contributions to the 1974 Pension Fund. Freeman filed this action to seek a declaratory judgment that

its decision not to contribute to the 1974 Pension Fund is not a breach of any obligations under the following instruments: its collective bargaining agreement with the UMWA (Freeman Agreement), the 1974 Pension Fund Trust documents (1974 Pension Fund Trust), and the collective bargaining agreement called the National Bituminous Coal Wage Agreement (NBCWA) negotiated between the BCOA and UMWA. In the alternative, if Freeman is obligated to pay the pension contributions, Freeman seeks damages against BCOA because Freeman alleges that BCOA breached its duties as Freeman's agent in negotiating pension contribution rates in the latest version of the NBCWA.

The Defendants move to dismiss for lack of jurisdiction and for failure to state a claim. In the alternative, the Defendants ask the Court to transfer venue to the United States District Court for the District of Columbia. The parties have thoroughly briefed the issues, and thus, oral argument is unnecessary. The requests for oral argument are denied. For the reasons set forth below, the requests to dismiss the action are denied. This Court has subject matter jurisdiction to declare whether Freeman is in breach, and Freeman states a claim for damages.

The request to transfer this matter to the United States District Court

for the District of Columbia, however, is granted. The 1974 Pension Fund and the Trustees have filed an action in the District of Columbia to collect the disputed contributions. Memorandum of Points and Authorities in Support of Joint Motion of the United Mine Workers of America 1974 Pension Trust and Michael H. Holland, Micheal W. Buckner, Steven R. Schaab and B.V. Hyler to Dismiss the Complaint or, in the Alternative, Transfer the Case (d/e 25), attached exhibit, Complaint, Holland v. Freeman United Coal Mining Co., U.S. Dist. D.C., Case No. 07-00490 (D.C. Action Complaint). The existence of the two separate actions is inefficient and creates the risk of inconsistent decisions. As explained below, the District of Columbia is the more convenient forum, and is also a proper venue for both actions while this Court is not. The Court, therefore, determines that this matter should be transferred to the District of Columbia.

## STATEMENT OF FACTS

In approximately 1950, various coal mining companies formed BCOA as a not-for-profit corporation to negotiate a national multi-employer collective bargaining agreement with the UMWA. Complaint (d/e 1), ¶¶ 12-13. The BCOA and the UMWA negotiated the first NBCWA in 1950 and renegotiated new NBCWAs periodically ever since. The latest NBCWA

3

became effective in January 2007 (2007 NBCWA).    Part of those negotiations included the rate of pension contributions for employees covered by the NBCWA. Id., ¶¶ 13-14.

In 1974, Congress enacted the Employee Retirement Income Security Act (ERISA).    29 U.S.C. § 1001 et seq.    The BCOA and the UMWA established a new pension fund at that time which became the 1974 Pension Fund.    The 1974 Pension Fund covered UMWA member employees who retired after December 30, 1975. Id.  The original pension fund became known as the 1950 Pension Fund and covered employees who retired prior to December 31, 1975. See United Mine Workers of America 1950 Ben. Plan and Trust v. Bituminous Coal Operators' Ass'n, Inc., 898 F.2d 177, 178 (D.C. Cir. 1990) (hereinafter UMWA v. BCOA).

At the time that the BCOA and the UMWA negotiated the 1978 NBCWA, the 1974 Pension Fund Trust was amended to include a clause that became known as the "Evergreen Clause." The Evergreen Clause states:

> Any employer who employed any participant eligible for coverage under, or who received or receives benefits under, the 1974 Pension Plan, or any Employer who was or is required to make, or who has made or makes contributions to the 1974 Pension Plan and Trust, is obligated and required to comply with the terms and conditions of the 1974 Pension Plan and Trust, as amended from time to time, including, but not limited

> to, making contributions required under the national
> Bituminous Coal Wage Agreement of 1978, as amended from
> time to time, and any successor agreements thereto . . . .

Complaint, ¶ 19. The Evergreen Clause was incorporated by reference into the 1978 NBCWA and every NBCWA negotiated thereafter. <u>United Mine Workers of America 1974 Pension v. Pittston Co.</u>, 984 F.2d 469, 478-79 (D.C. Cir. 1993) (hereinafter <u>Pittston</u>).

The 1988 NBCWA included a clause called the Guarantee Clause. <u>UMWA v. BCOA</u>, 898 F.2d at 178.[1] The Guarantee Clause obligated the coal mine operators to guarantee the benefits provided by the 1950 and 1974 Pension Funds (collectively the Pension Funds) and authorized the BCOA to raise pension contribution rates as necessary to make sure that the Pension Funds were properly funded. <u>Id.</u> The D.C. Circuit Court of Appeals subsequently decided that through the Evergreen Clause and the Guarantee Clause: (1) BCOA obligated itself to set funding rates to ensure that the Pension Funds were properly funded; and (2) the covered coal mine operators obligated themselves perpetually to pay the contributions negotiated by the BCOA, even if the coal operator later left the BCOA and

---

[1]The Guarantee Clause may have been in the NBCWAs negotiated prior to the 1988 NBCWA. The <u>UMWA v. BCOA</u> opinion is unclear on this point.

5

ceased to be a signatory to the then current NBCWA. <u>Pittston</u>, 984 F.2d

at 478-79; <u>UMWA v. BCOA</u>, 898 F.2d at 181-82.

Freeman joined the BCOA in 1967 and remained a member until

1997. Since 1997, Freeman has negotiated a separate collective bargaining

agreement with the UMWA (Freeman Agreement). <u>Complaint</u>, ¶ 21. The

latest Freeman Agreement was negotiated in 2003 (2003 Freeman

Agreement). The 2003 Freeman Agreement contains the Guarantee Clause,

which provides:

> Notwithstanding any other provisions in this Agreement the
> Employers participating in the 1950 Pension Fund and the 1974
> Pension fund hereby agree to fully guarantee the pension
> benefits provided by these Funds during the term of this
> Agreement.
>
> In order to fully fund these guaranteed benefits, the BCOA may
> increase, not decrease (except as provided in Section (d)(1)), the
> rate of contributions to be made to the 1950 Pension Fund and
> the 1974 Fund during the term of this Agreement.  These
> contributions, which may be adjusted from time to time, shall
> be made by Freeman during the term of this Agreement.

<u>Id.</u>, ¶ 22. The Guarantee Clause in the 2003 Freeman Agreement appears

to be the same as the one in the 1988 NBCWA, but the 1988 version of the

Clause has not been provided to the Court. At the time that the 2003

Freeman Agreement was negotiated, the contribution rate for the 1974

6

Pension Fund was $0.00. <u>Id.</u>, ¶ 23. The 2003 Freeman Agreement remains in effect until 2008. <u>Id.</u>, ¶ 21.

Freeman alleges that the BCOA and UMWA authorized transfers of assets out of the 1974 Pension Fund to another UMWA health and welfare plan. Freeman alleges that the transfers demonstrated no concern for the adequacy of the 1974 Pension Fund and that any shortfall is attributable, in part, to those transfers. <u>Id.</u>, ¶ 26.

Freeman also alleges that the BCOA substantially changed after Freeman negotiated the 2003 Freeman Agreement. Freeman alleges that in 2003, the BCOA was a multi-employer bargaining unit that represented companies employing more than fifty percent of the unionized workforce in the bituminous coal industry. Between 2003 and 2006, however, Freeman alleges that the BCOA stopped being a multi-employer bargaining unit. Instead, the BCOA became controlled by one coal company, Consolidated Coal Company (Consol). Freeman alleges that the BCOA now acts only in the interest of Consol. Freeman alleges that the 2007 NBCWA, therefore, is not a successor multi-employer collective bargaining agreement to the previous NBCWAs, but is a single-employer collective bargaining agreement between the UMWA and Consol. The 2007 NBCWA calls for payment of

7

contributions to the 1974 Pension Fund at the rate of $2.00 per hour. The 2007 NBCWA further calls for those contribution rates to increase over the four-year life of the agreement to $5.50 per hour. Freeman alleges that, because the 2007 NBCWA is not a successor agreement to the prior NBCWAs, Freeman is not obligated to comply with the terms of either the Evergreen Clause or the Guarantee Clause. Id., ¶¶ 23-31.

Freeman alleges, in the alternative, that if it is obligated to make the contributions called for in the 2007 NBCWA, then the BCOA had a duty to act as the agent for all affected coal companies, including Freeman, when it negotiated the 2007 NBCWA with the UMWA. Freeman alleges that the BCOA breached its duty to Freeman and the other coal companies by negotiating the increased pension contributions in the 2007 NBCWA purely for Consol's benefit. Freeman alleges that the BCOA agreed to these contributions as an instrumentality of Consol for the purpose of damaging other competing coal companies, such as Freeman. Freeman alleges that the method for calculating the contributions puts Consol's competitors, including Freeman, at a competitive disadvantage. Id., ¶¶ 53-56.

Freeman, therefore, has refused to pay the contributions called for in the 2007 NBCWA. The UMWA and the 1974 Pension Plan have

8

demanded that Freeman pay the contributions.  Freeman alleges that the demands expose it to the threat of litigation.  <u>Id.</u>, ¶¶ 38-39.  Shortly after this action was filed, the 1974 Pension Fund filed the D.C. Action Complaint against Freeman and eight other coal companies to collect the contributions. The 1974 Pension Fund has now voluntarily dismissed all but three of the defendants from the D.C. Action.  <u>Supplemental Response to Defendants' Motions to Dismiss and/or Transfer (d/e 42)</u>, at 2.  One of the remaining defendants in the D.C. Action is located in Virginia.  The other is an Illinois corporation that does business in this District in Macoupin County, Illinois.  <u>Id.</u>  Freeman asks this Court for a declaratory judgment that it is not obligated to pay the demanded pension contributions.  In the alternative, Freeman seeks damages against BCOA for breaching its agency relationship with Freeman and the other coal companies by negotiating the 2007 NBCWA solely for the benefit of Consol.

## ANALYSIS

I.    Motion to Dismiss

For purposes of the Defendants' Motion to Dismiss for failure to state a claim, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Freeman.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Complaint should not be dismissed unless it appears beyond doubt that Freeman can prove no set of facts that would entitle it to relief.  Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).  The Court can look beyond the allegations for purposes of Defendants' Motion to Dismiss for lack of jurisdiction.  Long v. Shorebank Development Corp., 182 F.3d 548, 554 (7th Cir. 1999).  Freeman has the burden to show that the Court has jurisdiction to hear the claim.  United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003).  In this case, the Court has jurisdiction to hear the declaratory judgment action in Count I, and Count II states a claim.

A.    Count I

The Defendants argue that the Court lacks jurisdiction to hear

10

Freeman's declaratory judgment claim. To determine jurisdiction for a declaratory judgment, this Court must look to the character of the threatened action to which the Plaintiff would interpose a defense. <u>Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Automobile, Aerospace, Agricultural Implement Workers of America, International Union</u>, 523 U.S. 653, 658 (1998); 28 U.S.C. § 2201. If the Court would have subject matter jurisdiction to hear the threatened action, then it has subject matter jurisdiction to hear the declaratory judgment action. <u>Id.</u>, 523 U.S. at 658.

In this case, this Court would have subject matter jurisdiction under ERISA and the Labor Management Relations Act (LMRA), to hear an action by the 1974 Pension Fund and its Trustees to collect unpaid pension contributions. 29 U.S.C. §§ 141 <u>et seq.</u>, & 1001 <u>et seq.</u> Indeed, the 1974 Pension Fund and the Trustees invoked federal jurisdiction based on both ERISA and the LMRA to bring the claims in the D.C. Action Complaint. <u>D.C. Action Complaint</u>, ¶ 2. This Court, therefore, has subject matter jurisdiction under LMRA § 301(a) to hear Freeman's claim for declaratory relief against the 1974 Pension Fund and the Trustees. <u>Textron</u>, 523 U.S.

11

at 658.[2]

Similarly, the BCOA has a cause of action against Freeman under the LMRA for breach of the Evergreen Clause in the 1978 NBCWA by refusing to perform on its perpetual obligation to pay the pension contributions. See Pittston, 984 F.2d at 479; 29 U.S.C. § 301(a). The UMWA also could file an action against Freeman under the LMRA for breach of the Evergreen Clause in the 1978 NBCWA and the Guarantee Clause in the Freeman Agreement. Freeman, thus, could seek the requested declaratory relief against the BCOA and UMWA in this Court. The Court, therefore, has subject matter jurisdiction to hear Freeman's claim for declaratory relief in Count I. The Court has supplemental jurisdiction to hear the claims against the BCOA in Count II. 28 U.S.C. § 1367.

The Defendants argue that Freeman seeks declaratory relief to void the Evergreen Clause and the Guarantee Clause rather than declaratory relief that it is not in breach of those agreements. The Court disagrees. The

---

[2]The Defendants argue that the Supreme Court determined in Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California that ERISA imposes special limitations on the availability of declaratory relief. Franchise Tax Board, 463 U.S. 1 (1983). This Court does not need to address this issue because all of the Defendants could bring actions to enforce the Evergreen Clause under the LMRA, and thus, this Court has subject matter jurisdiction to hear Freeman's request for declaratory relief. Textron, 523 U.S. at 658.

Complaint alleges that: (1) the Evergreen Clause and the Guarantee Clause purport to obligate Freeman to pay the contributions called for in the 2007 NBCWA; (2) Freeman is not making those payments and does not believe that it is obligated to make those payments; and (3) the Defendants are demanding that Freeman make those payments. Freeman seeks declaratory relief that it is not obligated to make those payments. These allegations put at issue whether Freeman is in breach of the Evergreen Clause and the Guarantee Clause. This Court has subject matter jurisdiction under the LMRA to declare whether Freeman is in breach of those clauses. Textron, 523 U.S. at 658; Stevens Const. Corp. v. Chicago Regional Council of Carpenters, 464 F.3d 682, 683 (7th Cir. 2006).

B.    Count II

Count II asserts, in the alternative, a claim for damages. For purposes of Count II, the Court assumes that Freeman is obligated to make the disputed pension contributions. To state a claim for damages, Freeman must allege facts that show that the BCOA owed some duty to Freeman in the negotiation of the 2007 NBCWA and that it breached that duty. For purposes of Count II, the Court assumes that the Evergreen Clause in the 1978 NBCWA obligated Freeman to pay the pension contributions

13

negotiated by the BCOA in perpetuity.  When read in the light most favorable to Freeman, the Complaint alleges that Freeman, and the other coal companies that agreed to be so bound, authorized BCOA to act as their agent to negotiate these future pension contribution rates with the UMWA, and further, that by accepting the benefits of this perpetual contractual obligation, the BCOA agreed to act as the coal companies' perpetual agent in these future negotiations.  Freeman further alleges that Consol has now taken over the BCOA, and the BCOA effectively negotiated the 2007 NBCWA purely for Consol's benefit in breach of its obligation to act on behalf of all of the companies that agreed to be bound in perpetuity, including Freeman.

These allegations put at issue the parties' intent in 1978 when the Evergreen Clause was added to the 1974 Pension Fund Trust and the NBCWA. The Defendants argue that Freeman obligated itself in 1978 to pay the contributions in perpetuity. See Pittston, 984 F.2d at 478-79.[3] The question in Freeman's alternative claim in Count II is whether BCOA agreed, in exchange for that perpetual agreement by the coal companies, to

---

[3]It is unclear at this point whether Freeman disputes that it is bound by the Pittston decision.  The Court, thus, does not address the binding effect of this decision.

act as the agent for these companies in all future negotiations with the UMWA. The establishment and scope of an agency is a factual issue. Kirkruff v. Wisegarver, 297 Ill.App.3d 826, 830, 697 N.E.2d 406, 410 (Ill. App. 4th Dist., 1998). At this point, the Court must view the facts in the light most favorable to Freeman. When viewed in that light, a perpetual agency could have been established in exchange for the perpetual obligation to pay the pension contributions at rates negotiated by BCOA.

The BCOA argues that any agency ended when Freeman withdrew from the BCOA in 1997. The 1997 withdrawal, alone, does not establish that Freeman cannot prove the continued existence of an agency relationship for the limited purpose of negotiating pension fund contribution rates. For purposes of ruling on the Motion to Dismiss Count II, the Court assumes that Freeman's withdrawal did not end Freeman's obligation to pay future pension contributions at rates negotiated by the BCOA. Thus, the parties clearly intended that some obligations would survive the termination of Freeman's membership in the BCOA. The issue is whether the parties intended that the BCOA's agency relationship for the limited purpose of negotiating pension contribution rates would continue after Freeman's withdrawal from the BCOA. For purposes of the Motion to

Dismiss, the Court must assume Freeman can prove the existence of that continuing agency. Freeman states a claim.

II.    Transfer of Venue

The Defendants also asks, in the alternative, to transfer venue of this action to the District of Columbia. This Court may transfer venue for the convenience of the parties and witnesses, as well as for the interests of justice, to another District where venue is proper. 28 U.S.C. § 1404(a); Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). Venue is proper in this District because the Freeman Agreements were negotiated here. Response to Defendants' Motions to Dismiss and/or to Transfer (d/e 39), attached exhibit, Affidavit of Donald H. Dame, ¶ 7; 28 U.S.C. § 1391. Venue is proper in the District of Columbia because Defendants BCOA and the 1974 Pension Fund are residents of the District of Columbia. Memorandum in Support of BCOA's Motion to Dismiss or, in the Alternative, to Transfer (d/e 22), attached exhibit, Declaration of Charles S. Perkins, III (Perkins Declaration), ¶3; D.C. Action Complaint, ¶¶ 2-5; 28 U.S.C. § 1391. The issue, then, is the convenience of the parties and witnesses, and the interests of justice.

In determining the convenience of each proposed forum, the Court

should consider: (1) the plaintiff's choice of forum; (2) the location of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. Bryant v. ITT Corp., 48 F.Supp.2d 829, 832 (N.D.Ill. 1999). The Defendants have the burden of showing that the balance of the relative convenience of the two Districts clearly favors the transferee District. Hotel Constructors, Inc. v. Seagrave Corp., 543 F.Supp. 1048, 1050 (N.D.Ill., 1982). Deference must be given to a plaintiff's chosen forum. Heller Financial, 883 F.2d at 1293. However, if other factors weigh in favor of the Defendants, transfer may still be appropriate. In considering the interests of justice, the Court must consider whether the District of Columbia can handle the case more efficiently. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986).

Freeman's choice of forum weighs in favor of this forum. The convenience of the parties does not weigh in favor of either party particularly. Either Freeman or the Defendants will be required to travel to the other forum.

The location of material events, the access to sources of proof, and the convenience of the witnesses weigh in favor of the District of Columbia.

The Evergreen Clause, the Guarantee Clause in the 1988 NBCWA, and all of the other NBCWAs were negotiated in the District of Columbia. Perkins Declaration, ¶ 5. Thus, to the extent that extrinsic evidence would be relevant, the District of Columbia would be more convenient for witnesses who could testify and for access to other sources of proof. This could be particularly important with respect to Count II, to determine the scope of BCOA's agency to negotiate on behalf of companies such as Freeman. The Freeman Agreements were negotiated in this District, but the critical Guarantee Clause appears to be based on the Guarantee Clause in the 1988 NBCWA. If so, the District of Columbia would be the more convenient forum to the extent that extrinsic evidence is relevant to the meaning of that clause. These factors, thus, weigh in favor of transfer.

The interests of justice in this case also weigh in favor of transferring this matter to the District of Columbia. This action and the D.C. Action Complaint both put at issue the application of the Evergreen Clause and the Guarantee Clause to Freeman. Allowing both of these actions to proceed in separate courts is inefficient and creates the possibility of inconsistent decisions. The efficient administration of the judicial system, thus, weighs in favor of consolidating these two matters in the same forum. See Ferens

18

v. John Deere Co., 494 U.S. 516, 531 (1990).

Normally, the interests of justice weigh in favor of giving priority to the first filed action, which would be this action. The "first-to-file" rule, however, is not to be rigidly applied when other factors weigh in favor of transfer. Trippe Mfg. Co. v. American Power Conversion Corp., 46 F.3d 624, 629 (7th Cir. 1995). The rule is also given less weight if, like here, the competing actions were filed within a short time of each other and little has been done to advance the first action to trial. Affinity Memory & Micro v. K&Q Enterprises, 20 F.Supp.2d 948, 954-55 (E.D.Va., 1998).

In this case, the balance of the convenience to witnesses and sources of proof weigh in favor of the District of Columbia. In addition, the District of Columbia is the more efficient forum because venue is proper for both actions in the District of Columbia. 28 U.S.C. § 1391; 29 U.S.C. § 1132(e)(2). This Court, however, could not hear the D.C. Action Complaint because Freeman's Virginia co-defendant is not located in this District and would not be subject to this Court's personal jurisdiction. Consolidation would only be possible in the District of Columbia. Considering all of these pertinent factors, the Court concludes that this matter should be transferred to the District of Columbia.

THEREFORE, Defendant United Mine Workers of America's Motion to Dismiss or, in the Alternative, to Transfer (d/e 20), the Motion to Dismiss or, in the Alternative, to Transfer by Defendant Bituminous Coal Operators' Association, Inc. (d/e 21), and the Joint Motion of the United Mine Workers of America 1974 Pension Trust and Michael H. Holland, Micheal W. Buckner, Steven F. Schaab and B.V. Hyler to Dismiss the Complaint or in the Alternative, to Transfer the Case (d/e 25) are ALLOWED in part. The requests to dismiss are DENIED. The requests to transfer venue are ALLOWED. This matter is transferred to the United States District Court for the District of Columbia for all further proceedings.

IT IS THEREFORE SO ORDERED.

ENTER:   May 24, 2007.

FOR THE COURT:

_____ s/ Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

*K 07-1050 PLF*

JS-44
(Rev.I/05 DC)

**I (a) PLAINTIFFS**

FREEMAN UNITED COAL MINING CO.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

UNITED MINE WORKERS OF AMERICA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-01050
Assigned To : Friedman, Paul L.
Assign. Date : 6/13/2007
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐● 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/* 2255 | ☐ H *Employment Discrimination* | ☐ I. *FOIA/PR. CY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊗K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>⊗ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ⊗ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

*USDCCII-SPRINGFIELD*

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*29 USC. 1001  ERISA*

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES  ⊗ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction)  ⊗ YES  ☐ NO   If yes, please complete related case form.

**DATE** *6.13.07*   SIGNATURE OF ATTORNEY OF RECORD  *NCD*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

35, CLOSED

# U.S. District Court
## United States District Court for the Central District of Illinois (Springfield)
### CIVIL DOCKET FOR CASE #: 3:07-cv-03048-JES-CHE
#### Internal Use Only

| | |
|---|---|
| Freeman United Coal Mining Company v. United Mine Workers of America et al | Date Filed: 02/09/2007 |
| Assigned to: Judge Jeanne E. Scott | Date Terminated: 05/25/2007 |
| Referred to: Magistrate Judge Charles H. Evans | Jury Demand: None |
| Cause: 29:1001 E.R.I.S.A.: Employee Retirement | Nature of Suit: 791 Labor: E.R.I.S.A. |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Freeman United Coal Mining Company** | represented by | **Gregory James Ossi** |
| | | VENABLE LLP |
| | | Suite 300 |
| | | 8010 Towers Crescent Drive |
| | | Vienna, VA 22182 |
| | | 703-760-1600 |
| | | Fax: 703-821-8949 |
| | | Email: gjossi@venable.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Michael W Robinson**
8010 Towers Crescent Drive
Suite 300
Vienna, VA 22182
(703) 760-1600
Fax: (703) 821-8949
Email: mwrobinson@venable.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan C Levy**
JENNER & BLOCK LLP
One IBM Plaza
330 N Wabash
Chicago, IL 60611
312-923-2772
Fax: 312-840-7772
Email: slevy@jenner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron M Forester**
JENNER & BLOCK LLP

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: _[signature]_
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE 5/29/2007

One IBM Plaza
330 N Wabash
Chicago, IL 60611
1-312-222-9350
Fax: 1-312-840-8720
Email: aforester@jenner.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United Mine Workers of America**          represented by    **Deborah Stern**
UNITED MINE WORKERS OF
AMERICA
8315 Lee Highway
Fairfax, VA 22031
703-208-7200
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R Mooney**
MOONEY GREEN BAKER &
SAINDON PC
Suite 400
1920 L Street NW
Washington, DC 20036
202-783-0010
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Murphy**
MOONEY GREEN BAKER &
SAINDON PC
Suite 400
1920 L Street NW
Washington, DC 20036
202-783-0010
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard C Welch**
MOONEY GREEN BAKER &
SAINDON PC
Suite 400
1920 L Street NW
Washington, DC 20036
202-783-0010
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

John T Long
CAVANAGH & O'HARA
407 East Adams
PO Bx 5043
Springfield, IL 62705
217/544-1771
Fax: 217/544-9894
Email: johnlong@cavanagh-ohara.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bituminous Coal Operators'**
**Association Inc**                  represented by  **Charis A Runnels**
                                      MORGAN LEWIS & BOCKIUS LLP
                                      Sixth Floor
                                      77 W Wacker Dr
                                      Chicago, IL 60601
                                      312-324-1124
                                      Fax: 312-324-1001
                                      Email: crunnels@morganlewis.com
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **Charles Groppe**
                                      MORGAN LEWIS & BOCKIUS LLP
                                      1111 Pennsylvania Avenue NW
                                      Washington, DC 20004
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **Peter Buscemi**
                                      MORGAN LEWIS & BOCKIUS LLP
                                      1111 Pennsylvania Avenue NW
                                      Washington, DC 20004
                                      202-739-3000
                                      Fax: 202-739-3001
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**United Mine Workers of America**
**1974 Pension Fund**                represented by  **Charlotte Garden**
                                      BREDHOFF & KAISER LLC
                                      Suite 1000
                                      805 Fifteenth St NW
                                      Washington, DC 20005
                                      202-842-2600
                                      Fax: 202-842-1888
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **Julia Penny Clark**

BREDHOFF & KAISER LLC
Suite 1000
805 Fifteenth St NW
Washington, DC 20005
202-842-2600
Fax: 202-842-1888
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carol Hansen Posegate**
POSEGATE & DENES PC
111 N 6th St Suite 200
Springfield, IL 62701
217-522-6152
Fax: 217-522-6184
Email: carol@posegate-denes.com

**Devki K Virk**
BREDHOFF & KAISER LLC
Suite 1000
805 Fifteenth St NW
Washington, DC 20005
(202) 842-2600
Fax: 202-842-1888
Email: dvirk@bredhoff.com

**Defendant**

**Michael H Holland**
*in his capacity as Trustees of United*
*Mine Workers of America 1974 Pension*
*Fund*

represented by **Charlotte Garden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Penny Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carol Hansen Posegate**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Devki K Virk**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael W Bruckner**
*in his capacity as Trustees of United*
*Mine Workers of America 1974 Pension*
*Fund*

represented by **Charlotte Garden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Julia Penny Clark
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Carol Hansen Posegate
(See above for address)

Devki K Virk
(See above for address)

**Defendant**

**Steven F Schaab**                                represented by  Charlotte Garden
*in his capacity as Trustees of United*                       (See above for address)
*Mine Workers of America 1974 Pension*                        *LEAD ATTORNEY*
*Fund*                                                        *ATTORNEY TO BE NOTICED*

Julia Penny Clark
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Carol Hansen Posegate
(See above for address)

Devki K Virk
(See above for address)

**Defendant**

**BV Hyler**                                       represented by  Charlotte Garden
*in his capacity as Trustees of United*                       (See above for address)
*Mine Workers of America 1974 Pension*                        *LEAD ATTORNEY*
*Fund*                                                        *ATTORNEY TO BE NOTICED*

Julia Penny Clark
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Carol Hansen Posegate
(See above for address)

Devki K Virk
(See above for address)

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/09/2007 | 1 | COMPLAINT against all defendants (Filing fee $ 350 - receipt |

| | | #008545), filed by Freeman United Coal Mining Company. (Attachments: # 1 Civil Cover Sheet)(MC, ilcd) (Entered: 02/14/2007) |
| 02/09/2007 | 9 | CORPORATE DISCLOSURE STATEMENT. (MC, ilcd) (Entered: 02/14/2007) |
| 02/09/2007 | 10 | NOTICE of Appearance of Attorney by Susan C Levy on behalf of Freeman United Coal Mining Company (MC, ilcd) (Entered: 02/14/2007) |
| 02/14/2007 | 2 | Summons Issued as to Steven F Schaab. (MC, ilcd) (Entered: 02/14/2007) |
| 02/14/2007 | 3 | Summons Issued as to United Mine Workers of America. (MC, ilcd) (Entered: 02/14/2007) |
| 02/14/2007 | 4 | Summons Issued as to Bituminous Coal Operators' Association Inc. (MC, ilcd) (Entered: 02/14/2007) |
| 02/14/2007 | 5 | Summons Issued as to United Mine Workers of America 1974 Pension Fund. (MC, ilcd) (Entered: 02/14/2007) |
| 02/14/2007 | 6 | Summons Issued as to Michael H Holland. (MC, ilcd) (Entered: 02/14/2007) |
| 02/14/2007 | 7 | Summons Issued as to Michael W Bruckner. (MC, ilcd) (Entered: 02/14/2007) |
| 02/14/2007 | 8 | Summons Issued as to BV Hyler. (MC, ilcd) (Entered: 02/14/2007) |
| 02/21/2007 | 11 | NOTICE of Appearance of Attorney by Aaron M Forester on behalf of Freeman United Coal Mining Company (Forester, Aaron) (Entered: 02/21/2007) |
| 02/26/2007 | 12 | SUMMONS Returned Executed by Freeman United Coal Mining Company. United Mine Workers of America 1974 Pension Fund served on 2/22/2007, answer due 3/14/2007. (Levy, Susan) (Entered: 02/26/2007) |
| 02/26/2007 | 13 | SUMMONS Returned Executed by Freeman United Coal Mining Company. United Mine Workers of America served on 2/22/2007, answer due 3/14/2007. (Levy, Susan) (Entered: 02/26/2007) |
| 02/26/2007 | 14 | SUMMONS Returned Executed by Freeman United Coal Mining Company. Steven F Schaab served on 2/22/2007, answer due 3/14/2007. (Levy, Susan) (Entered: 02/26/2007) |
| 02/26/2007 | 15 | SUMMONS Returned Executed by Freeman United Coal Mining Company. BV Hyler served on 2/22/2007, answer due 3/14/2007. (Levy, Susan) (Entered: 02/26/2007) |
| 02/26/2007 | 16 | SUMMONS Returned Executed by Freeman United Coal Mining Company. Michael H Holland served on 2/22/2007, answer due 3/14/2007. (Levy, Susan) (Entered: 02/26/2007) |
| 02/26/2007 | 17 | SUMMONS Returned Executed by Freeman United Coal Mining |

| | | |
|---|---|---|
| | | Company. Michael W Bruckner served on 2/22/2007, answer due 3/14/2007. (Levy, Susan) (Entered: 02/26/2007) |
| 02/26/2007 | 18 | SUMMONS Returned Executed by Freeman United Coal Mining Company. Bituminous Coal Operators' Association Inc served on 2/22/2007, answer due 3/14/2007. (Levy, Susan) (Entered: 02/26/2007) |
| 03/14/2007 | 19 | NOTICE of Appearance of Attorney by Charis A Runnels on behalf of Bituminous Coal Operators' Association Inc (Runnels, Charis) (Entered: 03/14/2007) |
| 03/14/2007 | 20 | MOTION to Dismiss *Or, In the Alternative, To Transfer* by Defendant United Mine Workers of America.Responses due by 4/2/2007 (Long, John) (Entered: 03/14/2007) |
| 03/14/2007 | 21 | MOTION to Dismiss *the Complaint or, alternatively*, MOTION to Transfer Case by Defendant Bituminous Coal Operators' Association Inc.Responses due by 4/2/2007 (Runnels, Charis) (Entered: 03/14/2007) |
| 03/14/2007 | 22 | MEMORANDUM in Support re 21 MOTION to Dismiss *the Complaint or, alternatively* MOTION to Transfer Case filed by Defendant Bituminous Coal Operators' Association Inc. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Runnels, Charis) (Entered: 03/14/2007) |
| 03/14/2007 | 23 | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by Bituminous Coal Operators' Association Inc. (Runnels, Charis) (Entered: 03/14/2007) |
| 03/14/2007 | 24 | MEMORANDUM in Support re 20 MOTION to Dismiss *Or, In the Alternative, To Transfer* filed by Defendant United Mine Workers of America. (Attachments: # 1 Addendum)(Long, John) (Entered: 03/14/2007) |
| 03/14/2007 | 25 | Joint MOTION to Dismiss *the Complaint, or in the Alternative, Transfer the Case* by Defendants Michael W Bruckner, Steven F Schaab, BV Hyler, United Mine Workers of America 1974 Pension Fund, Michael H Holland.Responses due by 4/2/2007 (Attachments: # 1 Memorandum in Support# 2 Exhibit 1 (Stover Decl.)# 3 Exhibit 2 (D.D.C. Complaint)) (Virk, Devki) (Entered: 03/14/2007) |
| 03/14/2007 | 26 | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by Michael W Bruckner, Steven F Schaab, BV Hyler, United Mine Workers of America 1974 Pension Fund, Michael H Holland. (Virk, Devki) (Entered: 03/14/2007) |
| 03/14/2007 | 27 | MOTION for Admission Pro Hac Vice of Julia Penny Clark, Esq. by Defendants Michael W Bruckner, Steven F Schaab, BV Hyler, United Mine Workers of America 1974 Pension Fund, Michael H Holland.Responses due by 4/2/2007 (Virk, Devki) (Entered: 03/14/2007) |
| 03/14/2007 | 28 | MOTION for Admission Pro Hac Vice of Charlotte Garden, Esq. by Defendants Michael W Bruckner, Steven F Schaab, BV Hyler, United Mine Workers of America 1974 Pension Fund, Michael H Holland.Responses due by 4/2/2007 (Virk, Devki) (Entered: 03/14/2007) |

| | | |
|---|---|---|
| 03/16/2007 | 29 | MOTION for Admission Pro Hac Vice of Peter Buscemi by Defendant Bituminous Coal Operators' Association Inc.Responses due by 4/2/2007 (Runnels, Charis) (Entered: 03/16/2007) |
| 03/16/2007 | 30 | MOTION for Admission Pro Hac Vice of Charles P. Groppe by Defendant Bituminous Coal Operators' Association Inc.Responses due by 4/2/2007 (Runnels, Charis) (Entered: 03/16/2007) |
| 03/19/2007 | 31 | NOTICE of Appearance of Attorney by Carol Hansen Posegate on behalf of Michael W Bruckner, Steven F Schaab, BV Hyler, United Mine Workers of America 1974 Pension Fund, Michael H Holland (Posegate, Carol) (Entered: 03/19/2007) |
| 03/20/2007 | 32 | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by United Mine Workers of America. (Long, John) (Entered: 03/20/2007) |
| 03/20/2007 | 33 | MOTION Admission Pro Hac Vice of Mark J. Murphy by Defendant United Mine Workers of America.Responses due by 4/6/2007 (Long, John) (Entered: 03/20/2007) |
| 03/20/2007 | 34 | MOTION for Admission Pro Hac Vice of Richard C. Welch by Defendant United Mine Workers of America.Responses due by 4/6/2007 (Long, John) (Entered: 03/20/2007) |
| 03/20/2007 | 35 | MOTION for Admission Pro Hac Vice of Deborah Stern by Defendant United Mine Workers of America.Responses due by 4/6/2007 (Long, John) (Entered: 03/20/2007) |
| 03/20/2007 | 36 | MOTION for Admission Pro Hac Vice of John R. Mooney by Defendant United Mine Workers of America.Responses due by 4/6/2007 (Long, John) (Entered: 03/20/2007) |
| 03/26/2007 | | TEXT ORDER: This matter is before the Court on Motions for Admission Pro Hac Vice of Julia Penny Clark (d/e 27) and Charlotte Garden (d/e 28). Both attorneys are duly licensed to practice in the District of Columbia. They seek permission to appear in this cause pro hac vice for purposes of a Joint Motion to Dismiss or Transfer (d/e 25) pursuant to Local Rule 83.5(F). Under Rule 83.5(F), the Court in its discretion may allow an attorney to appear of record and to participate in a case on one occasion. THEREFORE, the Motions for Admission Pro Hac Vice (d/e 27 & 28) are ALLOWED. Attorneys Clark and Garden may appear as attorneys of record for Defendants Bruckner, Holland, Hyler, Schaab, and United Mine Workers of America 1974 Pension Trust and may participate pro hac vice in all briefing and hearings relating to the Joint Motion to Dismiss. If Attorneys Clark and Garden desire to participate further in this case or in any other case before this Court, they must secure regular admission. Entered by Judge Jeanne E. Scott on 3/26/07. (MC, ilcd) (Entered: 03/26/2007) |
| 03/26/2007 | 37 | MOTION for Extension of Time to File Response/Reply by Plaintiff Freeman United Coal Mining Company.Responses due by 4/12/2007 (Ossi, Gregory) (Entered: 03/26/2007) |
| | | |

| 03/26/2007 | | TEXT ORDER: This matter is before the Court on Motions for Admission Pro Hac Vice of Peter Buscemi (d/e 29) and Charles Groppe (d/e 30). Both attorneys are duly licensed to practice in the District of Columbia. They seek permission to appear in this cause pro hac vice for purposes of a Motion to Dismiss or Transfer (d/e 21) pursuant to Local Rule 83.5(F). Under Rule 83.5 (F), the Court in its discretion may allow an attorney to appear of record and to participate in a case on one occasion. THEREFORE, the Motions for Admission Pro Hac Vice (d/e 29 & 30) are ALLOWED. Attorneys Buscemi and Groppe may appear as attorneys of record for Defendant Bituminous Coal Operators' Association, Inc. and may participate pro hac vice in all briefing and hearings relating to the Motion to Dismiss. If Attorneys Buscemi and Groppe desire to participate further in this case or in any other case before this Court, they must secure regular admission. Entered by Judge Jeanne E. Scott on 3/26/07. (MC, ilcd) (Entered: 03/26/2007) |
| 03/26/2007 | | TEXT ORDER: This matter is before the Court on Motions for Admission Pro Hac Vice of Mark J. Murphy (d/e 33), Richard C. Welch (d/e 34), Deborah Stern (d/e 35) and John Mooney (d/e 36). All of these attorneys are duly licensed to practice in the District of Columbia. They seek permission to appear in this cause pro hac vice for purposes of a Motion to Dismiss or Transfer (d/e 20) pursuant to Local Rule 83.5(F). Under Rule 83.5(F), the Court in its discretion may allow an attorney to appear of record and to participate in a case on one occasion. THEREFORE, the Motions for Admission Pro Hac Vice (d/e 33, 34, 35 & 36) are ALLOWED. Attorneys Murphy, Welch, Stern and Mooney may appear as attorneys of record for Defendant United Mine Workers of America and may participate pro hac vice in all briefing and hearings relating to the Motion to Dismiss. If Attorneys Murphy, Welch, Stern and Mooney desire to participate further in this case or in any other case before this Court, they must secure regular admission. Entered by Judge Jeanne E. Scott on 3/26/07. (MC, ilcd) (Entered: 03/26/2007) |
| 03/26/2007 | 38 | STRICKEN - INCORRECTLY DOCKETED - Modified on 3/27/2007 (MC, ilcd). (Entered: 03/27/2007) |
| 03/27/2007 | | TEXT ORDER: Motion for Extension of Time (d/e 37). Motion ALLOWED. Motion states defendants have no objections to motion. Time extended to and including April 16, 2007, for plaintiff to file its responses todefendants' motions to dismiss. Entered by Mag. Judge Evans on 3/27/07. Entered by Judge Charles H. Evans on 3/27/07. (MC, ilcd) (Entered: 03/27/2007) |
| 03/27/2007 | | Notice of Docket Text or Event Modification re [38] Remark - STRICKEN - INCORRECTLY DOCKETED IN CASE (MC, ilcd) (Entered: 03/27/2007) |
| 04/16/2007 | 39 | MEMORANDUM in Opposition re 21 MOTION to Dismiss *the Complaint or, alternatively* MOTION to Transfer Case, 25 Joint MOTION to Dismiss *the Complaint, or in the Alternative, Transfer the Case*, 20 MOTION to Dismiss *Or, In the Alternative, To Transfer* filed by Plaintiff Freeman United Coal Mining Company. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Affidavit Exb. A: Dame Supporting Aff.# 2 Exhibit Exb. B: Judicial Caseload Profiles)(Forester, Aaron) (Entered: 04/16/2007) |
| 05/03/2007 | 40 | MOTION for Leave to File *Supplemental Response to Defendants' Motion to Dismiss and/or to Transfer* by Plaintiff Freeman United Coal Mining Company.Responses due by 5/21/2007 (Attachments: # 1 Exhibit 1)(Forester, Aaron) (Entered: 05/03/2007) |
| 05/08/2007 | 41 | NOTICE *OF COURT ORDER* by Freeman United Coal Mining Company (Attachments: # 1 Exhibit)(Forester, Aaron) (Entered: 05/08/2007) |
| 05/18/2007 | | TEXT ORDER: Plaintiff's Motion for Leave to File Supplemental Response to Defendants Motions to Dismiss and/or to Transfer (d/e 40) is ALLOWED. The Clerk is directed to file the proposed supplemental filing attached to the Motion. Entered by Judge Jeanne E. Scott on 5/18/2007. (MAS, ilcd) (Entered: 05/18/2007) |
| 05/21/2007 | 42 | Exhibit 1: SUPPLEMENTAL RESPONSE to Defendants' Motions to Dismiss and/or to Transfer (d/e 40) filed by Freeman United Coal Mining Company. (MAS, ilcd) (Entered: 05/21/2007) |
| 05/25/2007 | 43 | Joint MOTION for Leave to File *a Response to Plaintiff Freeman United's Supplemental Response* by Defendants Michael W Bruckner, Steven F Schaab, BV Hyler, United Mine Workers of America 1974 Pension Fund, Michael H Holland.Responses due by 6/11/2007 (Attachments: # 1 Exhibit A# 2 Exhibit 1 to Exhibit A)(Posegate, Carol) (Entered: 05/25/2007) |
| 05/25/2007 | 44 | OPINION ALLOWING IN PART AND DENIED IN PART motions 20, 21, and 25. Entered by Judge Jeanne E. Scott on 5/24/2007. (CT, ilcd) (Entered: 05/25/2007) |
| 05/25/2007 | | ORDER (d/e 44) transferring case to the United States District Court for the District of Columbia. Entered by Judge Jeanne E. Scott on 5/24/2007. (CT, ilcd) (Entered: 05/25/2007) |
| 05/25/2007 | 45 | Letter from Clerk of Court to the District of Columbia regarding transfer of case. (CT, ilcd) (Entered: 05/25/2007) |

### *UNITED STATES DISTRICT COURT*
### *FOR THE DISTRICT OF COLUMBIA*

FREEMAN UNITED
COAL MINING COMPANY

              vs.                       Case No.   07-1050 PLF

UNITED MINE WORKERS
OF AMERICA

## NOTICE REGARDING TRANSFER DOCUMENTS

       Pursuant to the procedures for filing documents electronically, as outlined in the

previous Order of the Court, this Notice serves as notification that the transfer documents in this

case have been filed in paper form in a the Clerk's Office.  They are available for public viewing

and copying between the  hours of 9:00 a.m. and  4:00 p.m., Monday through Friday.

Date: