UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FREEMAN UNITED COAL MINING CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | |
| UNITED MINE WORKERS OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT UNITED MINE WORKERS OF AMERICA'S
## ANSWER TO THE COMPLAINT

Defendant United Mine Workers of America ("UMWA" or "Union"), by its undersigned counsel, respectfully submits its Answer to the Complaint filed by Plaintiff Freeman United Coal Mining Company ("Freeman"). In response to the specific averments contained in the Complaint, the Union states as follows:

1. The allegations contained in Paragraph 1 of the Complaint are descriptive in nature and do not require a response. To the extent that the allegations attempt to establish a cause of action against the Union, or assert any improper motivation on the part of the Union, they are denied.

2. Upon information and belief, the Union admits the allegations contained in Paragraph 2.

3. The Union admits that it is an unincorporated association and a labor organization within the meaning of federal labor law. The Union denies that it "conducts business" but admits that it is engaged in the representation of its members, including the employees of Freeman, in Illinois.

4. Upon information and belief, the Union admits that BCOA is a nonprofit corporation organized under the laws of the District of Columbia. The Union is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 4 and consequently they are denied.

5. The Union admits that the 1974 Pension Plan is an employee benefit plan within the meaning of ERISA and that it provides pension benefits to eligible beneficiaries. The additional allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, the Union denies the remaining allegations in Paragraph 5 of the Complaint.

6. The Union admits that the four individuals identified in Paragraph 6 are currently trustees of the 1974 Pension Plan. The additional allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, the Union denies the remaining allegations in Paragraph 6 of the Complaint.

7. The allegations contained in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, the Union denies the remaining allegations in Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, the Union denies the remaining allegations in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, the Union denies the remaining allegations in Paragraph 9 of the Complaint.

10. The Union admits that Freeman is engaged in the operation of coal mines in Illinois, including the two identified in Paragraph 10.

11. The Union admits that its members are employed in the coal mine operations identified in Paragraph 11.

12. The Union admits that the BCOA is the party with whom it conducts negotiations for a collective bargaining agreement known as the National Bituminous Coal Wage Agreement. The Union and BCOA have negotiated numerous such agreements since approximately 1950 and these agreements have covered numerous coal mining operations. In addition to those employers

3

directly signatory to the NBCWAs, many other coal operators have adopted the terms of those contracts as their own. The Union denies the allegations contained in the last sentence of Paragraph 12.

13. The Union admits that the BCOA is the party with whom it conducts negotiations for a collective bargaining agreement known as the National Bituminous Coal Wage Agreement. The Union admits that it and the BCOA have negotiated numerous such agreements since approximately 1950 and these agreements have covered numerous coal mining operations. The Union also admits that, in addition to those employers directly signatory to the NBCWAs, many other coal operators have adopted the terms of those contracts as their own.

14. The allegations contained in Paragraph 14 contain legal conclusions to which no response is required. In addition, the Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 and consequently they are denied.

15. The Union admits that the 1974 Pension Plan, as well as other employee benefit plans, were created through collective bargaining with the BCOA. The funding of those benefit plans included collectively bargained contributions from those employers directly signatory to the NBCWAs as well as other coal operators who adopted the terms of those contracts as their own.

4

16. The Union admits that the 1974 Pension Plan was created in 1976 after the passage of
ERISA and that the Plan primarily provides benefits to eligible beneficiaries consistent with the
terms of the Plan.

17. The Union admits that it has appointed Michael H. Holland and Micheal W. Buckner as
trustees of the 1974 Pension Plan and that the BCOA has appointed Stephen F. Schaab and B.V.
Hyler as trustees of the 1974 Pension Plan. The remaining allegations in Paragraph 17 are legal
conclusions to which no response is required.

18. The Union admits that the 1974 Pension Plan is administered in Washington, DC and that it
is part of the group of employee benefit plans collectively identified as the UMWA Health and
Retirement Funds.

19. The Union admits that there is a document known as the 1974 Pension Trust. The terms and
provisions of that document speak for themselves.

20. The Union admits that from time to time coal operators have withdrawn their collective
bargaining rights from the BCOA and that the Union has engaged in collective bargaining
directly with those employers subsequent to their withdrawal.

21. The Union admits that Freeman withdrew from the BCOA in 1997 and subsequently
negotiated collective bargaining agreements with the Union in 1998 and 2003. The Union also

admits that the current collective bargaining agreement between the Union and Freeman will expire in 2008.

22. The allegations contained in Paragraph 22 quote the provisions of the current collective bargaining agreement between the Union and Freeman. The terms and provisions of that contract speak for themselves.

23. The Union admits that the 2002 NBCWA contained a contribution rate of $ 0 to the 1950 Pension Plan and 1974 Pension Plan. Consequently, inasmuch as the 2003 Freeman Agreement obligated Freeman to comply with those provisions of the NBCWA, it was not required to make contributions at that time.

24. The Union admits that in 2003 the BCOA represented a significant portion of the unionized workforce in the bituminous coal industry. The Union is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 24 and consequently they are denied.

25. The Union admits that the 1974 Pension Plan possesses assets sufficient to provide benefits to the eligible beneficiaries during calendar year 2007. As to the contents of any reports issued by the 1974 Pension Plan, those documents speak for themselves. The remaining allegations in Paragraph 25 are denied.

6

26. The Union denies the allegations contained in Paragraph 26.

27. The Union admits that it negotiated a successor NBCWA in 2002 with the BCOA. The Union denies the remaining allegations in Paragraph 27.

28. The Union admits that in 2002 the BCOA represented a significant portion of the unionized workforce in the bituminous coal industry and that in engaged in collective bargaining with the BCOA for a successor NBCWA. The Union denies the remaining allegations in Paragraph 28.

29. The Union denies the allegations contained in Paragraph 29.

30. The Union admits that it negotiated a successor NBCWA with the BCOA in 2006 and that agreement is called the 2007 NBCWA. The Union denies the remaining allegations in Paragraph 30 of the Complaint.

31. The Union denies the allegations contained in Paragraph 31.

32. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 32 and consequently they are denied.

33. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 33 and consequently they are denied.

7

34. The Union denies the allegations contained in Paragraph 34.

35. The Union admits that Peter Lilly participated in the negotiation of the 2007 NBCWA and executed certain memoranda of understanding and correspondence on behalf of the BCOA in 2007. The Union also admits that he is the Chief Operating Officer of Consol. The Union denies the remaining allegations in Paragraph 35.

36. The Union denies the allegations contained in Paragraph 36.

37. The Union admits that Mr. Hyler is a trustee of the 1974 Pension Plan and that he owes certain fiduciary duties to the Plan's participants and beneficiaries. The Union denies the remaining allegations in Paragraph 37.

38. The Union denies the allegations contained in the first sentence of Paragraph 38. The Union admits that the 2007 NBCWA contains certain contribution obligations. The terms of the 2007 NBCWA speak for themselves.

39. The Union admits that it contends that Freeman is contractually obligated to pay the contribution rate established by the 2007 NBCWA. The Union also admits that the 1974 Pension Plan also contends that Freeman is obligated to contribute at the rate established in the 2007 NBCWA. Upon information and belief, the Union admits that Ms. Lewis authored a memorandum in January 2007 detailing the contribution obligations of signatory employers. That document speaks for itself.

40. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 40 and consequently they are denied.

41. The Union denies the allegations contained in Paragraph 41.

42. The Union adopts and incorporates its response to the allegations in Paragraphs 1 through 41 of the Complaint.

43. The Union admits that Freeman is contractually obligated to contribute to the 1974 Pension Plan consistent with the terms of the 2007 NBCWA and that the 1974 Pension Plan has initiated an action to compel Freeman to comply with its contractual obligations. The remaining allegations contained in Paragraph 43 consist of legal conclusions to which no response is required. To the extent a response is required, the Union denies the remaining allegations in Paragraph 43 of the Complaint.

44. The Union admits that Freeman contends it has no obligation to make contributions to the 1974 Pension Plan.

45. The Union denies the allegations contained in Paragraph 45.

46. The Union admits that the 1974 Pension Plan is seeking to compel Freeman to comply with its contractual obligation to contribute to the 1974 Pension Plan. The Union denies the remaining allegations in Paragraph 46.

47. The Union denies the allegations contained in Paragraph 47.

48. The Union adopts and incorporates its response to the allegations in Paragraphs 1 through 47.

49. The Union denies that Freeman is entitled to the relief sought in Paragraph 49.

50. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 50 and consequently they are denied.

51. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 51 and consequently they are denied.

10

52. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 52 and consequently they are denied. In addition, the allegations constitute legal conclusions to which no response is required.

53. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 53 and consequently they are denied. In addition, the allegations constitute legal conclusions to which no response is required.

54. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 54 and consequently they are denied.

55. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 55 and consequently they are denied. In addition, the allegations constitute legal conclusions to which no response is required.

56. The Union is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 56 and consequently they are denied. In addition, the allegations constitute legal conclusions to which no response is required.

57. Any specific allegation not addressed above is hereby denied.

58. The Union denies that Freeman is entitled to any relief.

11

## AFFIRMATIVE DEFENSES

1. The Complaint is jurisdictionally deficient.

2. The Complaint  fails to state a claim upon which relief can be granted under federal law.

3.  The state law claims alleged in the Complaint are preempted by federal law.

4. Freeman's claims are untimely and barred by the doctrine of laches.

5.  Freeman is bound by the decisions of the United States District Court for the District of

Columbia, and the United States Court of Appeals for the District of Columbia Circuit, which

enforced the Evergreen Clause.  *See In re United Mine Workers of America Benefit Plans Litig.*,

782 F. Supp. 658 (D.D.C. 1992), *aff'd, United Mine Workers of America 1974 Pension Plan, et*

*al. v. Pittston Co.*, 984 F.2d 469 (D.C. Cir.), *cert. denied,* 509 U.S. 924 (1993).

Respectfully submitted,

Grant Crandall

Deborah Stern, DC Bar No.362764

United Mine Workers of America

8315 Lee Highway

Fairfax, VA 22031

(703) 208-7200


John R. Mooney, DC Bar No. 375886

Mark J. Murphy, DC Bar No. 453060

Mooney, Green, Baker

 & Saindon, P.C.

1920 L Street, N.W.

Suite 400

Washington, D.C. 20036

(202) 783-0010

June 11, 2007

13

## CERTIFICATE OF SERVICE

I certify that on this the 11th day of June, 2007, the Answer of Defendant United Mine Workers of America to the Complaint was filed electronically and served by first class mail, postage prepaid to the following:

Susan C. Levy, Esq.

Jenner & Block LLP

330 N. Wabash Avenue

Chicago, Illinois 60611

Gregory J. Ossi, Esq.

Venable LLP

8010 Towers Crescent Drive, Suite 300

Vienna, VA 22182

Counsel for Plainitffs

Julia Penny Clark, Esq.

Devki K. Virk, Esq.

Charlotte Garden, Esq.

Bredhoff & Kaiser, P.L.L.C.

805 Fifteenth Street, N.W.

Suite 1000

Washington, D.C. 20005

Counsel for Defendants the United Mine Workers of America
 1974 Pension Trust and its Trustees

Peter Buscemi, Esq.

Stanley F. Lechner, Esq.

Charles P. Groppe, Esq.

Morgan, Lewis & Bockius, LLP

1111 Pennsylvania Ave., N.W.

Washington, D.C. 20004

Counsel for Defendants Bituminous Coal Operators' Association, Inc.

Mark J. Murphy

15