UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEMAN UNITED COAL MINING COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED MINE WORKERS OF AMERICA, et al., <br><br> Defendants. | ) ) ) ) ) Case No. _____ ) ) ) ) ) ) ) ) |

**ANSWER OF DEFENDANTS UNITED MINE WORKERS OF AMERICA 1974
PENSION FUND AND TRUSTEES MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, STEVEN F. SCHAAB AND B.V. HYLER**

Defendants United Mine Workers of America 1974 Pension Fund (the "1974 Pension Trust" or "1974 Plan") and Michael H. Holland, Micheal W. Buckner, Steven F. Schaab and B.V. Hyler, sued in their capacity as Trustees of the 1974 Pension Trust (collectively, the "Trustees"), respectfully submit their Answer to the Complaint filed by Plaintiff Freeman United Coal Mining Company ("Freeman"). In response to the specific averments contained in the Complaint, the 1974 Pension Trust and the Trustees (collectively, the "1974 Pension Trust Defendants") state as follows:

1. Paragraph 1 of the Complaint merely describes Freeman's claims and does not call for a response. To the extent that Paragraph 1 contains factual allegations, those allegations are denied.

2. Upon information and belief, the 1974 Pension Trust Defendants admit the averments of Paragraph 2.

3.  Upon information and belief, the 1974 Pension Trust Defendants admit that the UMWA is an unincorporated association and labor organization within the meaning of Federal labor law and that the UMWA represents members, including employees of Freeman, in Illinois. The 1974 Pension Trust Defendants deny the remaining averments of Paragraph 3.

4.  Upon information and belief, the 1974 Pension Trust Defendants admit that the BCOA is a corporation organized under the laws of the District of Columbia. The remaining averments of Paragraph 4 are legal conclusions to which no response is required.

5.  The 1974 Pension Trust Defendants admit that the 1974 Pension Trust is a qualified employee benefit pension plan within the meaning of ERISA, 29 U.S.C. § 1001 et seq., and that it provides pension benefits to eligible beneficiaries, including many Freeman retirees. The remaining averments of Paragraph 5 are legal conclusions to which no response is required.

6.  The 1974 Pension Trust Defendants admit that Michael H. Holland, Micheal W. Buckner, Steven F. Schaab, and B.V. Hyler are Trustees of the UMWA 1974 Pension Fund. The remaining averments of Paragraph 6 are legal conclusions to which no response is required.

7.  The averments of Paragraph 7 are legal conclusions to which no response is required.

8.  The averments of Paragraph 8 are legal conclusions to which no response is required. The 1974 Pension Trust Defendants deny the allegation that the

events giving rise to this action are substantially connected to the Central District of Illinois.

9. Upon information and belief, the 1974 Pension Trust Defendants admit that Freeman is located in Springfield, Illinois. The remaining averments of Paragraph 9 are legal conclusions to which no response is required.

10. Upon information and belief, the 1974 Pension Trust Defendants admit that Freeman operates coal mines in Illinois, including the two identified in Paragraph 10.

11. Upon information and belief, the 1974 Pension Trust Defendants admit that the UMWA represents certain persons who are employed by Freeman at the coal mines mentioned in Paragraph 11.

12. The 1974 Pension Trust Defendants admit that the BCOA is a multiemployer bargaining association that participates in collective bargaining with the UMWA to negotiate collective bargaining agreements known as National Bituminous Coal Wage Agreements ("NBCWAs"). The 1974 Pension Trust Defendants further admit that, upon information and belief, Freeman is a former member of the BCOA. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to whether the BCOA at one time had approximately 270 unionized coal companies as members. The 1974 Pension Trust Defendants deny the remaining averments of Paragraph 12.

13. The 1974 Pension Trust Defendants admit that, since 1950, the BCOA has bargained collectively with the UMWA to negotiate numerous national agreements titled National Bituminous Coal Wage Agreements, and that these

agreements are commonly referred to as NBCWAs. The 1974 Pension Trust Defendants further admit that NBCWAs apply to numerous coal mining operations, including those of BCOA members and those of other coal companies that adopt their terms. The 1974 Pension Trust Defendants deny the remaining averments of Paragraph 13.

14. The averments of Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, the 1974 Pension Trust Defendants are without sufficient information to form a belief as to the truth of the averments contained in Paragraph 14, and consequently deny them.

15. The 1974 Pension Trust Defendants admit that the 1974 Plan was created in collective bargaining between the UMWA and the BCOA for the benefit of eligible employees in the coal industry and their beneficiaries. The 1974 Pension Trust Defendants also admit that numerous coal operators, including members of the BCOA, contribute to the 1974 Pension Trust. The 1974 Pension Trust Defendants deny the remaining averments of Paragraph 15.

16. The 1974 Pension Trust Defendants admit that the 1974 Plan was initially created after the passage of ERISA, to take effect in 1976, and that the 1974 Plan provides pension benefits for qualified employees who retired after December 31, 1975, and their eligible beneficiaries. The 1974 Pension Trust Defendants deny the remaining averments of Paragraph 16.

17. The 1974 Pension Trust Defendants admit that, with respect to the 1974 Plan, the UMWA has appointed Michael H. Holland and Micheal W. Buckner as trustees, and that the BCOA has appointed Steven F. Schaab and B.V. Hyler

as trustees. The 1974 Pension Trust Defendants admit that these appointments are in accordance with the equal representation requirements of Section 302 of the LMRA.

18. The 1974 Pension Trust Defendants admit that the 1974 Plan is one of several collectively bargained health and retirement benefit funds that are collectively referred to as the UMWA Health and Retirement Funds. The 1974 Pension Trust Defendants further admit that the UMWA Health and Retirement Funds are administered in Washington, DC. The 1974 Pension Trust Defendants deny the remaining averments of Paragraph 18.

19. The 1974 Pension Trust Defendants admit that there exists a document known as the 1974 Pension Trust and that since 1978 it has contained a clause known as the "Evergreen Clause." To the extent that the allegations of Paragraph 19 characterize the terms of the 1974 Pension Trust document as of any particular year, the 1974 Pension Trust Defendants assert that the terms of that document and any amendments thereto speak for themselves.

20. Upon information and belief, the 1974 Pension Trust Defendants admit that certain coal operators have withdrawn from the BCOA, and that the UMWA has engaged in collective bargaining directly with certain of those employers. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the truth of the remaining averments of Paragraph 20, and consequently deny those averments.

21. Upon information and belief, the 1974 Pension Trust Defendants admit the allegations contained in Paragraph 21.

22. Upon information and belief, the 1974 Pension Trust Defendants admit that the 2003 collective bargaining agreement between Freeman and the UMWA contains a "Guarantee Clause." As to the remaining averments of Paragraph 22, the 1974 Pension Trust Defendants assert that the agreement speaks for itself.

23. Upon information and belief, the 1974 Pension Trust Defendants admit that at the time Freeman signed the 2003 collective bargaining agreement, the applicable NBCWA contained a contribution rate of $0 to both the 1950 and 1974 Pension Plans. As a result, the 1974 Pension Trust Defendants further admit that, at the time Freeman signed the 2003 collective bargaining agreement, Freeman was not required to make any contributions to either Plan, although the Guarantee Clause and the Evergreen Clause, which were part of that 2003 collective bargaining agreement, each provided a mechanism by which the contribution rate of $0 could be increased.

24. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of the averments in Paragraph 24, and consequently deny those averments.

25. Paragraph 25 purports to characterize the financial health of the 1974 Pension Trust by reciting a few selective measurements. The financial health of the pension plan is a complex question evaluated by the 1974 Pension Trust's actuaries annually in a comprehensive report that includes many additional measurements that must all be considered to reach any accurate conclusions. The 1974 Pension Trust Defendants assert that the actuary's reports speak for

6

themselves. The 1974 Pension Trust Defendants deny the remaining averments of Paragraph 25.

26. The 1974 Pension Trust Defendants deny the averments of Paragraph 26.

27. Upon information and belief, the 1974 Pension Trust Defendants admit that the UMWA and BCOA negotiated a successor NBCWA in 2002. The 1974 Pension Trust Defendants further admit that, at the time that agreement was signed, the contribution rate to the 1974 Pension Trust was $0, although the Guarantee Clause and the Evergreen Clause, which were part of that NBCWA, each provided a mechanism by which the contribution rate of $0 could be increased.

28. Upon information and belief, the 1974 Pension Trust Defendants admit that the BCOA was in 2002, and is today, a multi-employer bargaining association, and that the BCOA participated in negotiating the 2002 NBCWA. The 1974 Pension Trust lacks information sufficient to form a belief as to the accuracy of the remaining averments of Paragraph 28, and consequently denies those averments.

29. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of the averments contained in the first sentence of Paragraph 29, and therefore deny those averments. The 1974 Pension Trust Defendants deny the remaining allegations of Paragraph 29.

30. The 1974 Pension Trust Defendants admit that in 2006, the BCOA and UMWA negotiated a successor NBCWA, which is called the 2007 NBCWA

7

and is a national agreement. The 1974 Pension Trust Defendants deny the remaining averments of Paragraph 30.

31. The 1974 Pension Trust Defendants deny the averments of Paragraph 31.

32. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of the averments contained in Paragraph 32, and therefore deny them.

33. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of the averments contained in Paragraph 33, and therefore deny them.

34. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of the averments contained in Paragraph 34, and therefore deny them.

35. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of the averments contained in Paragraph 35, and therefore deny them.

36. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of the averments contained in Paragraph 36, and therefore deny them.

37. The 1974 Pension Trust Defendants admit that B.V. Hyler is a Trustee of the 1974 Plan and therefore is a fiduciary within the meaning of ERISA, and that B.V. Hyler assisted BCOA during negotiations for the 2007 NBCWA. The 1974 Pension Trust Defendants deny the remaining averments contained in Paragraph 37.

38. The 1974 Pension Trust Defendants deny averments contained in the first sentence of Paragraph 38. As to the remaining averments of Paragraph 38, the 1974 Pension Trust Defendants admit that the 2007 NBCWA imposes certain contribution obligations during the term of that agreement, beginning with $2.00 per hour worked, and contend that the 2007 NBCWA speaks for itself.

39. The 1974 Pension Trust Defendants admit that they have demanded that Freeman begin contributing to the 1974 Plan at the rates contained in the 2007 NBCWA. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of Freeman's averment that the UMWA also made such a demand, and therefore deny that averment. As to the remaining averments of Paragraph 39, the 1974 Pension Trust Defendants admit that Executive Director Lorraine Lewis sent to various employers a memorandum dated January 10, 2007, and assert that the memorandum speaks for itself.

40. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of the averments contained in Paragraph 40, and therefore deny them.

41. The 1974 Pension Trust Defendants deny the averments contained in Paragraph 41.

42. The 1974 Pension Trust Defendants adopt and incorporate their responses to the allegations in Paragraphs 1 through 41 of this Answer.

43. The 1974 Pension Trust Defendants admit that the 1974 Pension Trust contends that Freeman is obligated to contribute to the 1974 Pension Trust in accordance with the terms of the 2007 NBCWA. The 1974 Pension Trust

Defendants lack information sufficient to form a belief as to the accuracy of Freeman's averment that the UMWA also made such an assertion, and therefore denies that averment. The remaining allegations of Paragraph 43 are legal conclusions to which no response is required.

44. The 1974 Pension Trust Defendants admit that Freeman contends in its Complaint that it has no obligation to make the contributions sought by the 1974 Trust. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of Freeman's averment regarding the UMWA, and therefore deny that assertion.

45. The 1974 Pension Trust Defendants deny the averments contained in Paragraph 45.

46. The 1974 Pension Trust Defendants admit that the 1974 Pension Trust Defendants have demanded that Freeman make contributions to the 1974 Pension Trust, and admit that if Freeman is found to be obligated to make those contributions Freeman will also be required by ERISA to pay interest, liquidated damages, attorneys' fees and costs of the Pension Trust's lawsuit. The 1974 Pension Trust Defendants lack information sufficient to form a belief as to the accuracy of Freeman's averment that the UMWA also made such a demand, and therefore deny that averment. The 1974 Pension Trust Defendants assert that the remaining averments of Paragraph 46 are legal conclusions to which no response is required.

47. The 1974 Pension Trust Defendants deny the averments contained in Paragraph 47.

48. The 1974 Pension Trust Defendants incorporate their responses to Paragraphs 1 through 47 of this Answer.

49. The 1974 Pension Trust Defendants deny that Freeman is entitled to any relief sought in Paragraph 49.

50. The 1974 Pension Trust Defendants assert that the averments of Paragraph 50 do not relate to the 1974 Pension Trust Defendants, and therefore no response is required. To the extent a response is required, the 1974 Pension Trust Defendants lack information sufficient to form a belief as the averments of Paragraph 50, and therefore deny them.

51. The 1974 Pension Trust Defendants assert that the averments of Paragraph 51 do not relate to the 1974 Pension Trust Defendants, and therefore no response is required. To the extent a response is required, the 1974 Pension Trust Defendants lack information sufficient to form a belief as the averments of Paragraph 51, and therefore deny them.

52. The 1974 Pension Trust Defendants assert that the averments of Paragraph 52 do not relate to the 1974 Pension Trust Defendants, and therefore no response is required. To the extent a response is required, the 1974 Pension Trust Defendants lack information sufficient to form a belief as the averments of Paragraph 52, and therefore deny them.

53. The 1974 Pension Trust Defendants assert that the averments of Paragraph 53 do not relate to the 1974 Pension Trust Defendants, and therefore no response is required. To the extent a response is required, the 1974 Pension Trust

Defendants lack information sufficient to form a belief as the averments of Paragraph 53, and therefore deny them.

54. The 1974 Pension Trust Defendants assert that the averments of Paragraph 54 do not relate to the 1974 Pension Trust Defendants, and therefore no response is required. To the extent a response is required, the 1974 Pension Trust Defendants lack information sufficient to form a belief as the averments of Paragraph 54, and therefore deny them.

55. The 1974 Pension Trust Defendants assert that the averments of Paragraph 55 do not relate to the 1974 Pension Trust Defendants, and therefore no response is required. To the extent a response is required, the 1974 Pension Trust Defendants lack information sufficient to form a belief as the averments of Paragraph 55, and therefore deny them.

56. The 1974 Pension Trust Defendants assert that the averments of Paragraph 56 do not relate to the 1974 Pension Trust Defendants, and therefore no response is required. To the extent a response is required, the 1974 Pension Trust Defendants lack information sufficient to form a belief as the averments of Paragraph 56, and therefore deny them.

57. Any allegation not specifically admitted above is hereby denied.

### **Affirmative Defenses**

1. This Court lacks jurisdiction over Freeman's claims.

2. The Complaint fails to state a claim upon which relief can be granted.

3. All state law claims alleged in the Complaint are preempted by Federal law.

4. Freeman is bound by estoppel to the interpretation and enforceability of the Evergreen Clause in accordance with the ruling of the United States District Court of the District of Columbia and affirmance by the United States Court of Appeals for the District of Columbia, based upon litigation positions taken by BCOA during Freeman's membership in BCOA.

Respectfully submitted,

_____
JULIA PENNY CLARK
D.C. Bar No. 269609
CHARLOTTE GARDEN
D.C. Bar No. 489040
Bredhoff & Kaiser P.L.L.C.
805 Fifteenth Street N.W.
Suite 1000
Washington, DC 20005
Telephone: 202-842-2600


DAVID W. ALLEN
General Counsel
D.C. Bar No. 81638
LARRY D. NEWSOME
Associate General Counsel
D.C. Bar No. 254763
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: 202-521-2238


Attorneys for Plaintiffs