IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEMAN UNITED COAL MINING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MINE WORKERS OF AMERICA, et al.,<br><br>Defendants. | Civ. No. 07-3048 (C.D. Ill.)<br>Transferred to D.D.C.<br>D.D.C. Case No. _____ |

## ANSWER OF DEFENDANT
## BITUMINOUS COAL OPERATORS' ASSOCIATION, INC.

Defendant Bituminous Coal Operators' Association, Inc. ("BCOA"), by its counsel, hereby answers the Complaint of Freeman United Coal Mining Company ("Freeman" or "Plaintiff") in accordance with the numbered paragraphs thereof.

## NATURE OF ACTION

1. Paragraph 1 of the Complaint consists of Freeman's self-serving and argumentative characterization of its action, to which no response is required. To the extent Paragraph 1 of the Complaint contains any allegations to which BCOA is obligated to respond, such allegations are denied. BCOA avers that it is a nonprofit collective bargaining association that, along with the United Mine Workers of America ("UMWA"), has negotiated every National Bituminous Coal Wage Agreement ("NBCWA") since 1950, including the NBCWA of 2007. BCOA avers that in the 2007 NBCWA, BCOA and the UMWA agreed to increased

pension benefits for all participants and beneficiaries of the 1974 Pension Plan, including employees and retirees of Freeman, and agreed to increase contributions to the 1974 Pension Trust to pay for such pension benefits. BCOA avers that the negotiated rate of contribution to the 1974 Pension Trust (currently $2.00 per hour) applies not only to Freeman, but also to BCOA member companies and to all other employers that participate in the 1974 Pension Plan.

## **PARTIES**

2.   Upon information and belief, BCOA admits the allegations in Paragraph 2 of the Complaint.

3.   Upon information and belief, BCOA admits that the UMWA is an unincorporated association and labor organization within the meaning of the Labor Management Relations Act, 29 U.S.C. § 152(5), and that the UMWA represents its members, including employees of Freeman. BCOA is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 3 of the Complaint.

4.   BCOA admits that it is a nonprofit corporation organized under the laws of the District of Columbia. The remaining allegations in Paragraph 4 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BCOA denies the remaining allegations in Paragraph 4 of the Complaint.

5.   BCOA admits that the UMWA 1974 Pension Plan ("1974 Pension Plan") is an employee benefit plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002 (37). BCOA admits that the 1974 Pension Plan provides certain benefits to eligible beneficiaries, including retirees of Freeman and numerous

other coal companies. The remaining allegations in Paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, BCOA denies the remaining allegations in Paragraph 5 of the Complaint.

6. BCOA admits that Michael H. Holland, Micheal W. Buckner, Steven F. Schaab, and B.V. Hyler are Trustees of the 1974 Pension Plan. The remaining allegations of Paragraph 6 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 6 of the Complaint are denied.

## JURISDICTION AND VENUE

7. The allegations in Paragraph 7 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BCOA denies the allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BCOA denies the allegations in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, BCOA denies the allegations in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. Upon information and belief, BCOA admits that Freeman mines coal in the State of Illinois. BCOA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 10 of the Complaint.

11. Upon information and belief, BCOA admits that Freeman mines coal in the State of Illinois and that it has hourly employees who are represented by the UMWA. BCOA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 11 of the Complaint.

12. BCOA admits that it is a multiemployer bargaining association that, among other things, conducts collective bargaining negotiations with the UMWA on behalf of BCOA member companies. BCOA admits that Freeman formerly was a member of BCOA, and that BCOA's membership, which included approximately 100 coal operator and association members in 1978, has declined since that time. BCOA denies the remaining allegations in Paragraph 12 of the Complaint.

13. BCOA admits that it has negotiated every National Bituminous Coal Wage Agreement ("NBCWA") with the UMWA since 1950 – namely, the 1951, 1952, 1955, 1956, 1958, 1964, and 1966 amendments to the NBCWA of 1950, and the NBCWAs of 1968, 1971, 1974, 1978, 1981, 1984, 1988, 1993, 1998, 2002, and 2007. BCOA admits that it negotiated the NBCWAs on behalf of its member companies, and that the NBCWAs also apply, in whole or part, to numerous other employers that agreed to be bound by the NBCWAs or provisions thereof. BCOA denies the remaining allegations in Paragraph 13 of the Complaint.

14. BCOA denies the allegations in Paragraph 14 of the Complaint.

15. BCOA admits that the UMWA and BCOA are the "settlors" or creators of the 1974 Pension Plan; that the 1974 Pension Plan was created in collective bargaining; that numerous employers contribute to the 1974 Pension Trust pursuant to the NBCWA and other collective bargaining agreements requiring such contributions; and that the 1974 Pension Plan provides benefits to eligible beneficiaries, including UMWA members and eligible retirees of

4

Freeman and other coal companies. BCOA denies any remaining allegations in Paragraph 15 of the Complaint.

16. BCOA admits that the 1974 Pension Plan was initially created in collective bargaining in the NBCWA of 1974, after the passage of ERISA, and that it provides pension and other benefits for eligible beneficiaries as defined pursuant to the terms of the 1974 Pension Plan. BCOA denies the remaining allegations in Paragraph 16 of the Complaint.

17. BCOA admits that it has appointed Steven F. Schaab and B.V. Hyler as Trustees of the 1974 Pension Plan, and that the UMWA has appointed Michael H. Holland and Micheal W. Buckner as Trustees of the 1974 Pension Plan. BCOA admits that Section 302 of the Labor Management Relations Act ("LMRA") requires, among other things, equal representation of employees and employers in the administration of the 1974 Pension Plan. BCOA denies any remaining allegations in Paragraph 17 of the Complaint.

18. BCOA admits that the UMWA 1974 Pension Plan is administered in Washington, D.C., along with other collectively bargained employee benefit funds and statutorily created employee benefit funds that collectively are referred to as the UMWA Health and Retirement Funds ("the Funds"). BCOA admits that the Funds are headquartered in Washington, D.C. BCOA denies any remaining allegations in Paragraph 18 of the Complaint.

19. BCOA admits that the 1974 Pension Trust ("1974 Pension Trust") enumerates certain responsibilities and duties of the Trustees; that it contains provisions regarding the administration of the 1974 Pension Trust; that a provision referred to as the "Evergreen Clause" was negotiated and inserted into the 1974 Pension Trust for the first time in 1978; and that the Evergreen Clause was reaffirmed, updated, and adopted by BCOA and the UMWA in the NBCWAs of 1981, 1984, 1988, 1993, 1998, 2002, and 2007. BCOA admits that BCOA member

companies, including Freeman, agreed to the Evergreen Clause when it was first negotiated in 1978, and reaffirmed and updated in 1981, 1984, 1988, and 1993; and that BCOA members, including Freeman, supported the enforcement of the Evergreen Clause when it was litigated in the 1990s. BCOA admits that Paragraph 19 of the Complaint purports to accurately quote the Evergreen Clause as reaffirmed and updated in the 2002 NBCWA. BCOA denies any remaining allegations in Paragraph 19 of the Complaint.

20.     BCOA admits that its membership has declined since 1978. BCOA admits that the Evergreen Clause has been included in each NBCWA from 1978 to the present; that the Evergreen Clause is binding on any employer that agreed to the NBCWA in 1978 or thereafter, including Freeman; and that the Evergreen Clause applies to former NBCWA signatories, including Freeman, even after they withdrew from BCOA, and even if they purported to negotiate separate collective bargaining agreements with the UMWA that did not require the employer to contribute to the 1974 Pension Trust. BCOA denies any remaining allegations in Paragraph 20 of the Complaint.

21.     BCOA admits that Freeman withdrew from BCOA in 1997, after agreeing to the Evergreen Clause in the NBCWAs of 1978, 1981, 1984, 1988, and 1993. Upon information and belief, BCOA admits that Freeman negotiated separate collective bargaining agreements with the UMWA in 1998 and 2003, and that Freeman's separate collective bargaining agreements each incorporated by reference the terms of both the 1974 Pension Trust and the 1974 Pension Plan, including the Evergreen Clause. Upon information and belief, BCOA admits that Freeman's 2003 Agreement with the UMWA expires in 2008. BCOA denies any remaining allegations in Paragraph 21 of the Complaint.

6

1-WA/2770623.2

22. Upon information and belief, BCOA admits that Freeman's 2003 Agreement with the UMWA contains a provision referred to as the "Guarantee Clause;" that the Guarantee Clause, among other things, gives BCOA the authority to increase the contribution rate to the 1974 Pension Fund; and that the Guarantee Clause requires Freeman to contribute to the 1974 Pension Fund at the rate established by BCOA. Upon information and belief, BCOA admits that Paragraph 22 of the Complaint purports to accurately quote the provisions of the Guarantee Clause contained in Freeman's 2003 Agreement with the UMWA. BCOA denies the remaining allegations in Paragraph 22 of the Complaint.

23. BCOA admits that in 2003 the contribution rate to the 1974 Pension Trust (and the 1950 Pension Trust) was 0.0 cents per hour of classified work for employers participating in the 1974 Pension Plan, including Freeman and others. BCOA admits that the contribution rate to the 1974 Pension Trust was increased in the 2007 NBCWA initially to $2.00 per hour of classified work for all employers participating in the 1974 Pension Plan, including Freeman and others. BCOA denies the remaining allegations in Paragraph 23 of the Complaint.

24. BCOA admits that it was in 2003, and is today, a multiemployer bargaining association that, among other things, negotiates the NBCWA with the UMWA. BCOA furthers admits that Freeman was a member of BCOA from 1966 to 1997, and that through its membership in BCOA, Freeman agreed to the Evergreen Clause and the Guarantee Clause in the NBCWAs of 1978, 1981, 1984, 1988, and 1993. Upon information and belief, Freeman also agreed to the Evergreen Clause and the Guarantee Clause in its collective bargaining agreements with the UMWA in 1998 and 2003. BCOA is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 24 of the Complaint.

1-WA/2770623.2

25. Upon information and belief, BCOA admits that there are more than 77,000 beneficiaries in the 1974 Pension Plan, including approximately 1,280 retired coal miners (and their dependents) who formerly worked for Freeman. Upon information and belief, BCOA avers that based on estimates effective as of July 1, 2006, and taking into account the increased pension benefits in the 2007 NBCWA, the actuarial value of the 1974 Pension Plan's assets was approximately $5.8 billion, and the unfunded frozen actuarial accrued liability of the 1974 Pension Plan was approximately $2.1 billion. BCOA is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 25 of the Complaint.

26. BCOA denies the allegations in Paragraph 26 of the Complaint.

27. BCOA admits that in 2002 it negotiated with the UMWA the NBCWA of 2002. BCOA denies the remaining allegations of Paragraph 27 of the Complaint.

28. BCOA admits that it was in 2002, and is today, a multiemployer bargaining association that, among other things, negotiates the NBCWA with the UMWA. BCOA is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 28 of the Complaint.

29. BCOA admits that certain members have withdrawn from the association since 2003. BCOA denies the remaining allegations of Paragraph 29 of the Complaint.

30. BCOA admits that in 2006 it negotiated with the UMWA the NBCWA of 2007, which is the successor agreement to the NBCWA of 2002. BCOA denies the remaining allegations of Paragraph 30 of the Complaint.

31. BCOA denies the allegations in Paragraph 31 of the Complaint.

32. BCOA denies the allegations in Paragraph 32 of the Complaint.

33. BCOA denies the allegations in Paragraph 33 of the Complaint.

34. BCOA admits that B.V. Hyler and D.L. Fassio have assisted or counseled BCOA during negotiations for the NBCWAs of 1988, 1993, 1998, 2002, and 2007. BCOA denies the remaining allegations in Paragraph 34 of the Complaint.

35. BCOA admits that Peter B. Lilly participated in the negotiation of the 2007 NBCWA on behalf of BCOA and executed certain memoranda of understanding and correspondence on behalf of BCOA in such negotiations. BCOA admits that Mr. Lilly is the Chief Operating Officer of Consolidation Coal Company. BCOA admits that Patricia Lang assisted BCOA during the negotiation of the 2007 NBCWA. BCOA denies the remaining allegations in Paragraph 35 of the Complaint.

36. BCOA denies the allegations in Paragraph 36 of the Complaint.

37. BCOA admits that B.V. Hyler assisted BCOA during negotiations for the NBCWAs of 1988, 1993, 1998, 2002, and 2007. BCOA admits that Mr. Hyler currently is a Trustee of the 1974 Pension Plan, along with Michael H. Holland, Micheal W. Buckner, and Steven F. Schaab. BCOA admits that the Trustees of the 1974 Pension Plan are fiduciaries within the meaning of ERISA. BCOA denies the remaining allegations in Paragraph 37 of the Complaint.

38. BCOA admits that in the 2007 NBCWA, it negotiated with the UMWA increases in pension benefits that increased the unfunded actuarial accrued liability of the 1974 Pension Plan by more than $570 million. BCOA admits that in the 2007 NBCWA, it negotiated with the UMWA increases in the contribution rate to the 1974 Pension Trust. BCOA admits that the 2007 NBCWA contains the following contribution rates for the 1974 Pension Trust for each hour

of classified work: for the period beginning on the Effective Date and ending December 31, 2007, $2.00 per hour on each such hour worked; for the period beginning on January 1, 2008, and ending on December 31, 2008, $3.50 per hour on each such hour worked; for the period beginning on January 1, 2009, and ending on December 31, 2009, $4.25 per hour on each such hour worked; for the period beginning on January 1, 2010 and ending on December 31, 2010, $5.00 per hour on each such hour worked; and for the period beginning on January 1, 2011 and ending when the Agreement is terminated, $5.50 per hour on each such hour worked. BCOA denies the remaining allegations in Paragraph 38 of the Complaint.

39.     BCOA admits that Freeman, by its membership in BCOA and agreement to the NBCWAs of 1978, 1981, 1984, 1988, and 1993, which incorporated the Evergreen and Guarantee Clauses, and by its collective bargaining agreements with the UMWA in 1998 and 2003, which also incorporated the Evergreen and Guarantee Clauses, is contractually obligated to contribute to the 1974 Pension Trust at the rate established in the 2007 NBCWA. Upon information and belief, BCOA admits that Lorraine Lewis, Executive Director of the UMWA Funds, sent a memorandum to numerous employers, including Freeman, on or about January 10, 2007, specifying the contribution obligations of such employers to the 1974 Pension Trust. Upon information and belief, BCOA admits that Freeman purports to accurately quote a portion of such memorandum. BCOA is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 39 of the Complaint.

40.     BCOA admits that, for decades, contributions to the 1974 Pension Trust have been based, in whole or in part, on the number of classified hours worked. This basis for calculating employer contributions began to be used at the time when Freeman was a member of BCOA, and has continued to the present. BCOA avers that from 1974 to 1988, when Freeman

was a member of BCOA, contributions to the 1974 Pension Trust were based on (a) hours worked by active employees, and (b) tons of coal produced. Beginning in 1988, when Freeman was a member of BCOA, the basis for contributions to the 1974 Pension Trust was changed from a combination of hours and tons, to solely the number of classified hours worked. The per-hour worked basis for contributions to the 1974 Pension Trust was continued in the 1993 NBCWA, when Freeman was still a member of BCOA, and has been continued in each subsequent NBCWA, namely, the NBCWAs of 1998, 2002, and 2007. BCOA is without knowledge or information sufficient to admit or deny the types of mining methods utilized by Freeman and the efficiency of its mining methods compared to other coal operators. BCOA denies the remaining allegations of Paragraph 40 of the Complaint.

41. BCOA denies the allegations in Paragraph 41 of the Complaint.

## COUNT I

42. BCOA adopts and incorporates herein its responses to the allegations set forth in Paragraphs 1 through 41 of the Complaint.

43. BCOA admits that Freeman is obligated to contribute to the 1974 Pension Trust at the rate set forth in the 2007 NBCWA. Upon information and belief, BCOA admits that the Trustees of the 1974 Pension Plan have filed a civil action against Freeman and other employers to collect the delinquent contributions owed by such employers to the 1974 Pension Trust. Upon information and belief, BCOA admits that the UMWA contends that Freeman is contractually obligated to contribute to the 1974 Pension Trust. The remaining allegations in Paragraph 43 of the Complaint are conclusions of the law to which no response is required. To the extent a response is required, the remaining allegations are denied.

1-WA/2770623.2

44. BCOA admits that Freeman contends that it has no obligation to make the contributions sought by the 1974 Pension Plan and Trust. BCOA is without knowledge or information sufficient to admit or deny whether the UMWA has sought such contributions from Freeman.

45. BCOA denies the allegations in Paragraph 45 of the Complaint, including the allegations in subparts (a),(b),(c),(d), and (e) of Paragraph 45.

46. BCOA admits that the Trustees of the 1974 Pension Plan have filed a civil action against Freeman and other employers to collect the delinquent contributions owed by such employers to the 1974 Pension Trust. BCOA further admits that if the Trustees are the prevailing party in their collection action, Freeman and the other defendants will be liable for monetary and other remedies available under ERISA, including but not limited to costs and reasonable attorney's fees. The remaining allegations in Paragraph 46 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the remaining allegations are denied.

47. BCOA admits that the Trustees of the 1974 Pension Plan have filed a civil action against Freeman and other employers to collect the delinquent contributions owed by such employers to the 1974 Pension Trust, and that this action presents a case or controversy within the meaning of Article III. BCOA denies the remaining allegations in Paragraph 47 of the Complaint.

## COUNT II

48. BCOA adopts and incorporates by reference herein its responses to the allegations set forth in Paragraphs 1 though 47 of the Complaint.

49.     BCOA admits that Count II of the Complaint purports to seek alternative relief to the relief requested in Count I, but denies that Freeman is entitled to any relief whatsoever in either Count I or Count II.

50.     BCOA denies the allegations in Paragraph 50 of the Complaint.

51.     BCOA admits that it had knowledge that Freeman formerly was a member of BCOA, and that through its membership in BCOA, Freeman agreed to the Evergreen and Guarantee Clauses in the NBCWAs of 1978, 1981, 1984, 1988, and 1993. BCOA admits that when Freeman agreed to the NBCWAs of 1978, 1981, 1984, 1988, and 1993, Freeman agreed under the Evergreen Clause to contribute to the 1974 Pension Trust at the rate set forth in successor agreements to the NBCWAs of 1978, 1981, 1984, 1998, and 1993, which include the 2007 NBCWA, even if Freeman was not signatory to such successor agreements. BCOA denies any remaining allegations in Paragraph 51 of the Complaint.

52.     BCOA denies the allegations in Paragraph 52 of the Compliant.

53.     BCOA denies the allegations in Paragraph 53 of the Compliant.

54.     BCOA denies the allegations in Paragraph 54 of the Compliant.

55.     BCOA denies the allegations in Paragraph 55 of the Complaint, including the allegations in subparts (a),(b),(c),(d), and (e) of Paragraph 55.

56.     BCOA denies the allegations in Paragraph 56 of the Complaint, and denies that Freeman has suffered any damages whatsoever from BCOA's actions.

57.     All allegations in the Complaint not specifically admitted are denied.

I-WA/2770623.2

## PRAYER AND RELIEF

BCOA denies all of the allegations and assertions contained in Freeman's "Prayer For Relief," and denies that Freeman is entitled to any relief whatsoever, including any of the relief sought in subparts A, B, C, D, E, and F of its Prayer For Relief. BCOA avers that Freeman's complaint is a tactical ploy by Freeman to renege on its agreement to contribute to the 1974 Pension Trust, and an attempt to walk away from its obligations to thousands of active and retired coal miners and their dependents who receive, or will be receiving, pensions from the 1974 Pension Plan, including Freeman's own active and retired employees.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Court does not have jurisdiction over Freeman's claims.

3. Freeman is not a person empowered to being a civil action to challenge its contribution obligations to an ERISA pension fund.

4. Freeman is estopped from challenging the enforceability of the Evergreen Clause and its obligations thereunder because Freeman, through its membership in BCOA, negotiated and litigated the enforceability of the Evergreen Clause in the District of Columbia.

5. Freeman is estopped from challenging the enforceability of the Evergreen Clause and the Guarantee Clause because it agreed to those provisions as part of its 2003 collective bargaining agreement with the UMWA.

6. BCOA owed no duty to Freeman after Freeman in 1997 voluntarily withdrew from its membership in BCOA.

1-WA/2770623.2

7.  BCOA's negotiation of a contribution rate to the 1974 Pension Trust is a settlor function, rather than a fiduciary function, and BCOA owed no fiduciary duty to Freeman.

8.  Freeman's state law claim is preempted by federal law.

9.  Freeman's claims are untimely and barred by the doctrine of laches.

10. Freeman is bound by the decisions of the United States District Court for the District of Columbia, and the United States Court of Appeals for the District of Columbia Circuit, which enforced the Evergreen Clause. *See In re United Mine Workers of America Benefit Plans Litig.*, 782 F. Supp. 658 (D.D.C. 1992), *aff'd, United Mine Workers of America 1974 Pension Plan, et al. v. Pittston Co.*, 984 F.2d 469 (D.C. Cir.), *cert. denied,* 509 U.S. 924 (1993) (*"Pittston"*).

11. Freeman's preemptive filing of a declaratory judgment action is an improper attempt to avoid the precedent that Freeman, through its membership in BCOA, helped to establish.

Respectfully submitted,

*/s/ Stanley Lechner / CPG*

DATED: June 11, 2007

Peter Buscemi (Bar No. 269092)
Stanley F. Lechner (Bar No. 370986)
Charles P. Groppe (Bar No. 464035)
*Counsel for Defendant*
*Bituminous Coal Operators' Association, Inc.*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel:   (202) 739-3000
Fax:   (202) 739-3001
E-mail: pbuscemi@morganlewis.com
        slechner@morganlewis.com
        cgroppe@morganlewis.com

## CERTIFICATE OF SERVICE

I, Charles P. Groppe, hereby certify that I served the foregoing Answer of Defendant Bituminous Coal Operators' Association by causing a true and correct copy of the same to be delivered via email concurrently with transmission of the Answer to the Court (or, as indicated below, via First Class Mail, postage prepaid) upon:

>Susan C. Levy, Esq.
>Aaron M. Forester, Esq.
>Jenner & Block LLP
>330 N. Wabash Avenue
>Chicago, IL 60611
>slevy@jenner.com
>aforester@jenner.com
>
>Gregory J. Ossi, Esq.
>Michael W. Robinson, Esq.
>Venable LLP
>8010 Towers Crescent Drive, Suite 300
>Vienna, VA 22182
>gjossi@venable.com
>mwrobinson@venable.com
>
>*Counsel for Plaintiff*
>
>Devki K. Virk
>Penny Clark
>Charlotte Garden
>Bredhoff & Kaiser P.L.L.C.
>805 Fifteenth Street N.W.
>Washington, DC 20005
>DVirk@Bredhoff.com
>JPClark@Bredhoff.com
>CGarden@Bredhoff.com
>
>Carol Hansen Posegate
>Posegate and Denes, P.C.
>111 North 6th Street, Suite 200
>Springfield, IL 62701
>carol@posegate-denes.com

1-WA/2770623.2

*Counsel for Defendant UMWA 1974 Pension Plan
and its Trustees*

Grant Crandall
Deborah Stern
United Mine Workers of America
8315 Lee Highway
Fairfax, VA 22031
(*via First Class Mail*)

John R. Mooney
Mark J. Murphy
Richard C. Welch
Mooney, Green, Baker
  & Saindon, P.C.
1920 L Street, N.W.
Washington, DC 20036
jmooney@mooneygreen.com
mmurphy@mooneygreen.com
rwelch@mooneygreen.com

John T. Long
Cavanagh & O'Hara
407 East Adams Street
Springfield, IL 62701
johnlong@cavanagh-ohara.com

*Counsel for Defendant United Mine Workers
of America*

on this 11th day of June, 2007.

Charles P. Groppe