IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Holland, et al., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 07-cv-490 (PLF) |
| Freeman United Coal Mining Company, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Freeman United Coal Mining Company, ) | |
| ) | |
| Plaintiff, ) | Case No. 07-cv-1050 (PLF) |
| ) | |
| v. ) | |
| ) | |
| United Mine Workers of ) | |
| America, et al., ) | |
| ) | |
| Defendants. ) | |

**RESPONSE OF PENSION TRUST, BCOA AND UMWA
TO MOTIONS OF FREEMAN AND MONTEREY
TO SET SUMMARY JUDGMENT BRIEFING SCHEDULE**

The United Mine Workers of America 1974 Pension Trust and its Trustees (the "Pension Trust"), the Bituminous Coal Operators' Association, Inc. ("BCOA"), and the United Mine Workers of America ("UMWA") (collectively, the "Pension Trust Parties") submit this joint response to the motions filed by Freeman United Coal Company ("Freeman") and Monterey Coal Company ("Monterey" (collectively, the "Coal Company Parties") to set a ***new*** briefing schedule for responding to the motions for summary judgment filed by the Pension Trust Parties.

Although the Court previously informed the Coal Company Parties that responses to the planned summary judgment motions (including any Rule 56(f) affidavits regarding needed discovery) should be filed within the time period prescribed by the Federal and Local Rules, the Coal Company Parties now seek to expand that time period significantly.[1] At the same time, Freeman has refused to agree to *any* of the Pension Trust Parties' proposed limitations of discovery activity during the expanded briefing period sought. The Court should not permit Freeman to have its cake and eat it too. As the Pension Trust Parties informed Freeman, they do not object to the briefing schedule that it seeks, provided that the new schedule does not prejudice the Pension Trust Parties in opposing the overbroad and unduly burdensome discovery sought by Freeman.

Without Court-imposed limits, the Coal Company Parties' motions to stretch briefing out over more than two months (with a mid-November completion date) would vitiate the careful balance struck in the Scheduling Order over how this case should proceed, and expose the Pension Trust Parties to wasteful and unnecessary discovery into areas previously litigated and ultimately irrelevant to the resolution of the Pension Trust Parties' pending motions for summary judgment. As a condition of granting the extended briefing schedule sought by the Coal Company Parties, the Court should confine discovery during that period to the matters addressed in the Pension Trust Parties' motions for summary judgment (a proposed Order to this effect is attached). Alternatively, absent such limits on discovery, the Court should reject the Coal Company

---

[1] Monterey's motion simply seeks the same extension that Freeman requests, although Monterey has not yet served any discovery requests on the Pension Trust Parties. In discussing the discovery requests, we therefore refer to the requested discovery as Freeman's. All of the arguments regarding the requested extension are equally applicable to both of the Coal Company Parties.

Parties' proposed briefing schedule and require the Coal Company Parties promptly to file their summary judgment response, including any Rule 56(f) affidavits, within the time authorized by the governing rules.

### A.     Background

These two consolidated cases concern whether the Coal Company Parties are required under the evergreen clause to contribute to the Pension Trust at the rates specified in the National Bituminous Coal Wage Agreement ("NBCWA") of 2007.

The meaning of the evergreen clause was vigorously contested by numerous coal companies in various federal courts beginning almost twenty years ago. Ultimately, these cases were consolidated in this Court, which granted summary judgment to the Pension Trust and against the coal companies in 1992. In doing so, this Court held that the evergreen clause "was an important provision negotiated to make sure that any coal operator that voluntarily agreed to participate in the [UMWA] Funds in 1978 could not simply walk away from the Funds and leave its retirees behind, or negotiate cut-rate contributions with the UMWA, at the expense of the remaining employers." *In re United Mine Workers of America Employee Benefit Plans Litigation*, 782 F. Supp. 658, 665 (D.D.C. 1992).

The D.C. Circuit affirmed that ruling in February 1993, holding that the coal companies "agreed to be bound by the evergreen clause to make contributions to the trusts, and the obligation included an agreement to make contributions at the rates specified in subsequent NBCWAs, without regard to whether the employer was still a party to the subsequent agreements." *United Mine Workers of America 1974 Pension Trust v. Pittston Co.*, 984 F.2d 469, 474 (D.C. Cir. 1993) *("Pittston")*.

The specific issue in this litigation involves the Pension Trust's attempt to enforce the current contribution rate of $2.00 per hour under the recently negotiated NBCWA of 2007 for each hour of work performed by an employer's employees.  The Coal Company Parties have refused to pay the required contributions to the Pension Trust, despite the fact that (1) they have signed numerous collective bargaining agreements obligating them to contribute to the Pension Trust under the evergreen provision; (2) they were members of BCOA and thus stood with BCOA in seeking to enforce the meaning of the evergreen clause in the *Pittston* litigation; and (3) they have thousands of retirees currently receiving pensions from the Pension Trust, as well as hundreds of active employees currently receiving pension credit applicable toward future benefits from the Pension Trust.

### B.     The July 20, 2007 Scheduling Order

In light of (1) the narrow issue raised in this case involving the enforcement of a single contribution provision of the 2007 NBCWA, (2) the prior decisions in the *Pittston* litigation regarding the meaning of the evergreen provision, and (3) concerns over efficiency and judicial economy, the Pension Trust Parties proposed at the outset of this litigation that the case initially proceed through motions for summary judgment, followed by whatever responses the Coal Company Parties may choose to make, either in opposition to such motions or under Fed. R. Civ. P. 56(f), regarding their liability to the Pension Trust.  By doing so, the Pension Trust Parties sought to avoid unnecessary, irrelevant, and unduly burdensome discovery, including, for example, discovery into matters already resolved in the *Pittston* litigation.  The Coal Company Parties opposed this proposal, and instead requested the Court to allow broad discovery beginning

immediately. In justifying their position, the Coal Company Parties assured the Court and the Pension Trust Parties at the July 19, 2007 Scheduling Conference that they did not intend to relitigate the meaning of the evergreen clause itself.

To reconcile these competing positions, the Court, following the Scheduling Conference, issued its Scheduling Order, which (1) granted the parties the opportunity to submit motions for summary judgment at any time, with response dates set by the Local Rules (that is, within 11 days), and (2) otherwise allowed discovery to proceed. As a result, the Scheduling Order currently requires the Coal Company Parties to respond promptly to the pending motions for summary judgment or, at a minimum, identify under Rule 56(f) the additional discovery they claim they need in order to do so. Through this framework, the Court granted the Pension Trust Parties the opportunity to resolve this case expeditiously through summary judgment without the need for broad discovery, and effectively required the Coal Company Parties to identify up front what, if any, discovery they needed to respond to the planned summary judgment motions, even before the ordinary time for responding to discovery requests had run.

### C.    The Coal Company Parties' Motions Effectively Rewrite the Court's Scheduling Order

The Coal Company Parties' present motions to set a *new* briefing schedule would vitiate the balance struck by the Court's Scheduling Order by expanding the due date for summary judgment responses from 11 days under Local Rule 7(b) to 6 weeks, with an additional 3 weeks tacked on for any replies to such responses. As a result, rather than complete such briefing in short order (or at least identify what discovery they may need to respond to the pending motions, and why), the Coal Company Parties now propose that briefing on the pending motions extend well into November. In the meantime, Freeman

5

refuses to agree to any corresponding limits on the scope of discovery that could occur during this period, and instead, despite its assurances to the contrary, has propounded broad discovery requests not only to the Pension Trust Parties but also to non-party Consol Energy Inc., seeking extensive document production and a broad 30(b)(6) deposition even though it has yet to demonstrate why such information would be relevant at this stage of the litigation.[2]

### D. The Pension Trust Parties' Proposal

Without some limits placed on the scope of discovery, the Coal Company Parties' motions would subject the Pension Trust Parties (and non-parties) to the undue expense and burden of responding to unlimited discovery that has no relevance or bearing on the Pension Trust Parties' pending motions for summary judgment.

To accommodate the Coal Company Parties' request for additional time, while simultaneously preserving the framework of the July 20, 2007 Scheduling Order, the Pension Trust Parties propose that discovery be limited during the expanded briefing schedule to issues directly bearing on the pending motions for summary judgment. This limitation, which would apply to discovery sought from the Pension Trust Parties and also from non-parties (such as Consol Energy Inc.), is designed to carry forward the

---

[2] For example, Freeman has directed at BCOA document requests seeking information regarding: (1) the identity of members of various BCOA committees responsible for negotiation the NBCWAs beginning in 1978, the year the evergreen clause was negotiated; (2) all submissions made to any court regarding the meaning, interpretation, or intent of the evergreen clause; (3) all submissions regarding BCOA's duties or potential liability to any former BCOA member under the evergreen clause; (4) information related to BCOA's source of income dating back to 1977; (5) data on the number of UMWA-represented employees for each BCOA member dating back to 1978; (6) information related to the relationship between the Pension Trust and other UMWA health and retirement plans; and (7) BCOA's legislative and lobbying efforts in the general area of employee pension plans without any connection to the Pension Trust's efforts to enforce the current contribution rate.

framework implicit in the Court's Scheduling Order that requires the Coal Company Parties promptly to respond to the pending motions (either through an opposition or through a Rule 56(f) affidavit), before extensive discovery can be pursued.

If the summary judgment schedule is to be extended as the Coal Company Parties request, then during this briefing period discovery should be limited to:

- information related to the negotiation of the current contribution rate contained in the 2007 NBCWA;
- information related to pension benefit changes contained in the 2007 NBCWA; and
- information concerning the meaning of the term "successor" in the evergreen clause.

A proposed Order to this effect is attached.

Alternatively, in view of Freeman's refusal to agree to any such limitations, the Court simply should require the Coal Company Parties to respond to the summary judgment motions in accordance with the schedule set in the Federal and Local Rules, as was contemplated in the Court's original July 20, 2007 Scheduling Order.

Respectfully submitted,

DATED: September 18, 2007

/s/
Julia Penny Clark
D.C. Bar No. 269609
Andrew D. Roth
D.C. Bar No. 414038
Charlotte Garden
D.C. Bar. No. 489040

**BREDHOFF & KAISER P.L.L.C.**
805 15th Street, N.W.
Suite 1000
Washington, D.C. 20005
Tel:   202-842-2600
Email: jpclark@bredhoff.com
           aroth@bredhoff.com

        cgarden@bredhoff.com

David W. Allen
General Counsel
D.C. Bar No. 81638
Larry D. Newsome
Associate General Counsel
D.C. Bar No. 254763
Christopher F. Clarke
Senior Assistant General Counsel
D.C. Bar No. 441708

**UMWA HEALTH & RETIREMENT FUNDS**
Office of General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Tel:    202-521-2238

*Counsel for Michael H. Holland, Micheal W. Buckner, B.V. Hyler, Steven F. Schaab and the United Mine Workers of America 1974 Pension Trust*


____/s/_____
John R. Mooney
D.C. Bar No. 375886
Mark J. Murphy
D.C. Bar No. 453060

**MOONEY, GREEN, BAKER & SAINDON, P.C.**
1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
Tel:    202-783-0010
Fax:    202-783-6088
Email: jmooney@mooneygreen.com
       mmurphy@mooneygreen.com


Grant Crandall
Deborah Stern
D.C. Bar No. 362764

8

**UNITED MINE WORKERS OF AMERICA**
8315 Lee Highway
Fairfax, VA 22031
Tel:   703-208-7200
Email: dstern@umwa.org

*Counsel for Defendant*
*United Mine Workers of America*


__/s/_____
Peter Buscemi
D.C. Bar No. 269092
Stanley F. Lechner
D.C Bar No. 370986
Charles P. Groppe
D.C. Bar No. 464035

**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel:   (202) 739-3000
Fax:   (202) 739-3001
Email: pbuscemi@morganlewis.com
       slechner@morganlewis.com
       cgroppe@morganlewis.com

*Counsel for Bituminous Coal Operators'*
*Association, Inc.*

**CERTIFICATE OF SERVICE**

    I, Penny Clark, certify that on this 18th day of September, 2007, I served the foregoing Response of the Pension Trust, BCOA, and UMWA to Motions of Freeman and Monterey to Set Summary Judgment Briefing Schedule by the Court's ECF System, which caused copies of this response to be sent to counsel of record in this consolidated litigation.

                                                              /s/_____
                                                              Penny Clark

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
Holland, et al.,                            )
                                            )
            Plaintiff,                    )
    v.                                       )
                                            )   Case No. 07-cv-490 (PLF)
Freeman United Coal Mining Company,         )
et al.,                                     )
                                            )
            Defendants.                   )
_____)
                                            )
Freeman United Coal Mining Company,         )
                                            )
            Plaintiff,                    )   Case No. 07-cv-1050 (PLF)
                                            )
    v.                                       )
                                            )
United Mine Workers of                      )
America, et al.,                            )
                                            )
            Defendants.                   )
_____)

## ORDER

Upon consideration of the Motions to Set Summary Judgment Briefing Schedule submitted by Freeman United Coal Mining Company ("Freeman") and Monterey Coal Company ("Monterey"), the joint response to the Motions submitted by the UMWA 1974 Pension Trust, the United Mine Workers of America ("UMWA"), and the Bituminous Coal Operators' Association, Inc. ("BCOA"), and any reply in support thereof,

It is, on this ____ day of _____, 2007, hereby

**ORDERED** that Freeman and Monterey shall file their responses and oppositions to the motions for summary judgment filed by the UMWA 1974 Pension Trust, the UMWA, and BCOA by October 22, 2007; and it is further

**ORDERED** that the UMWA 1974 Pension Trust, the UMWA and BCOA shall file their replies by November 13, 2007; and it is further

**ORDERED** that, during the briefing of the motions for summary judgment, discovery in these consolidated cases shall be limited to information related to the negotiation of the current contribution rate contained in the National Bituminous Coal Wage Agreement of 2007 ("NBCWA"); information related to pension benefit changes contained in the 2007 NBCWA; and information concerning the meaning of the term "successor" in the evergreen clause.

_____
Paul L. Friedman
United States District Judge

2