**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ | | |
| Michael H. Holland, Micheal W. Buckner, | ) | |
| B.V. Hyler and Steven F. Schaab as Trustees | ) | |
| of the United Mine Workers of America 1974 | ) | |
| Pension Trust, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 07-cv-490 |
| Freeman United Coal Mining Company, | ) | Judge Paul L. Friedman |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Freeman United Coal Mining | ) | |
| Company, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-cv-1050 |
| | ) | Judge Paul L. Friedman |
| v. | ) | |
| | ) | |
| United Mine Workers of | ) | |
| America, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER AND STATEMENT**
**OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties jointly request that

the Court enter the attached Confidentiality Order, which will protect the confidentiality

of documents containing trade secrets, bargaining strategies, and other sensitive

information.  Freeman United Coal Mining Company ("Freeman") and Monterey Coal

Company ("Monterey") have already sought to discover such documents that were

produced to the 1974 Pension Trust in prior litigation in the evergreen cases, and all

parties may seek or produce additional such documents in the future.

The attached Confidentiality Order was modeled closely on the order that Judge

Hogan entered in the multidistrict litigation concerning the evergreen clause, Case No.

D.D.C. MDL 886.  It will help to expedite the flow of discovery material (including

material that is responsive to Freeman's and Monterey's pending requests for production

of documents), and facilitate the prompt resolution of disputes over confidentiality, while

providing adequate protection for information entitled to be kept confidential.  Therefore,

the parties have agreed that its terms shall govern pre-trial disclosure and use of all

documents produced by any party during the course of this lawsuit.

Accordingly, the parties, through counsel, respectfully request that the Court enter

the attached Protective Order.

Respectfully submitted,


|  |  |
|---|---|
| _____/s/_____ | _____/s/_____ |
| JULIA PENNY CLARK | Paul M. Smith |
| D.C. Bar No. 269609 | DC Bar No. 358870 |
| ANDREW D. ROTH | psmith@jenner.com |
| D.C. Bar No. 414038 | Jessica Ring Amunson |
| CHARLOTTE GARDEN | DC Bar No. 497223 |
| D.C. Bar No. 489040 | jamunson@jenner.com |
| Bredhoff & Kaiser P.L.L.C. | JENNER & BLOCK, LLP |
| 805 Fifteenth Street N.W. | 601 13th Street, NW, Suite 1200 |
| Suite 1000 | |
| Washington, DC 20005 | Washington, DC  20005 |
| Telephone:  202-842-2600 | Telephone:  (202) 639-6000 |
| DAVID W. ALLEN | Facsimile:  (202) 661-4993 |
| General Counsel | |
| D.C. Bar No. 81638 | Susan C. Levy (*pro hac vice*) |
| LARRY D. NEWSOME | slevy@jenner.com |
| Associate General Counsel | JENNER & BLOCK, LLP |
| D.C. Bar No. 254763 | 330 N. Wabash Avenue |

2

CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT
FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C.  20037
Telephone:  202-521-2238

*Counsel for Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab and the United Mine Workers of America 1974 Pension Trust*

Chicago, IL  60611
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484

Michael W. Robinson
DC Bar No. 437979
mwrobinson@venable.com
Gregory J. Ossi
DC Bar No. 460243
gjossi@venable.com
VENABLE, LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Telephone:  (703) 760-1600
Facsimile:  (703) 821-8949

*Counsel for Freeman United Coal Mining Company*

_____/s/_____
PETER BUSCEMI
D.C. Bar No. 269092
STANLEY F. LECHNER
D.C Bar No. 370986
CHARLES P. GROPPE
D.C. Bar No. 464035

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel:    (202) 739-3000
Fax:    (202) 739-3001
E-mail: pbuscemi@morganlewis.com
          slechner@morganlewis.com
          cgroppe@morganlewis.com

*Counsel for Defendant Bituminous Coal Operators' Association, Inc.*

_____/s/_____
John R. Woodrum
DC Bar No. 933457
john.woodrum@odnss.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
2400 N Street, Fifth Floor
Washington, DC 20037
Telephone:  (202) 887-0855
Facsimile: (202) 887-0866

*Counsel for Monterey Coal Company*

_____/s/_____
John R. Mooney, DC Bar No. 375886
Mark J. Murphy, DC Bar No. 453060
Mooney, Green, Baker
  & Saindon, P.C.

3

1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-0010


  /s/_____
Grant Crandall
Deborah Stern, DC Bar No.362764
United Mine Workers of America
8315 Lee Highway
Fairfax, VA 22031
(703) 208-7200

***Counsel for Defendant United Mine
Workers of America***


Signed: October 1, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | |
| Michael H. Holland, Micheal W. Buckner, ) | |
| B.V. Hyler and Steven F. Schaab as Trustees ) | |
| of the United Mine Workers of America 1974 ) | |
| Pension Trust, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-cv-490 |
| Freeman United Coal Mining Company, ) | Judge Paul L. Friedman |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| Freeman United Coal Mining ) | |
| Company, ) | |
| ) | |
| Plaintiff, ) | Case No. 07-cv-1050 |
| ) | Judge Paul L. Friedman |
| v. ) | |
| ) | |
| United Mine Workers of ) | |
| America, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER

Upon consideration of the parties' Joint Motion For Entry of a Protective Order, it

is hereby ORDERED this _____ day of _____ that the Motion is GRANTED.

It is further ORDERED that all parties to the above-captioned litigation will

proceed pursuant to the Confidentiality Order filed as Attachment One to the parties'

Joint Motion.

_____
Hon. Paul L. Friedman

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Michael H. Holland, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-cv-490 (PLF) |
| Freeman United Coal Mining Company, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Freeman United Coal Mining ) | |
| Company, ) | |
| ) | |
| Plaintiff, ) | Case No. 07-cv-1050 (PLF) |
| ) | |
| v. ) | |
| ) | |
| United Mine Workers of ) | |
| America, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## Confidentiality Order

To expedite the flow of discovery material, facilitate the prompt

resolution of disputes over confidentiality, protect adequately material

entitled to be kept confidential, and insure that protection is afforded

only to material so entitled, it is, pursuant to the court's authority under

Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1.    **Non-Disclosure of Stamped Confidential Documents**.

Except with the prior written consent of the party or other person

originally designating a document to be stamped as a confidential

1

document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER IN CASES 07-CV-490 and 07-CV-1050, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(7) or 26(c)(1)(g). For purposes of this order, the term "document" means all written, electronic, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2.     **Permissible Disclosures.**  Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in either of these consolidated cases who are actively engaged in the conduct of this litigation; to the parties, associates, secretaries,

paralegal assistants, and employees of such an attorney to the extent

reasonably necessary to render professional services in the litigation; to

persons with prior knowledge of the documents or the confidential

information contained therein, and their agents; and to court officials

involved in this litigation (including court reporters, persons operating

video recording equipment at depositions, and any special master

appointed by the court).  Such documents may also be disclosed –

      (a)     to any person designated by the court in the interest of

justice, upon such terms as the court may deem proper; and

      (b)     to persons noticed for depositions or designated as trial

witnesses to the extent reasonably necessary in preparing to testify; to

outside consultants or experts retained for the purpose of assisting

counsel in the litigation; to employees of parties involved solely in one or

more aspects of organizing, copying, filing, coding, converting, storing, or

retrieving data or designing programs for handling data connected with

these actions, including the performance of such duties in relation to a

computerized litigation support system and to employees of third-party

contractors performing one or more of these functions; provided,

however, that in all such cases the individual to whom disclosure is to be

made has signed a form containing –

          (1) a recital that the signatory has read and understands this

order:

(2)     a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(3)     a statement that the signatory consents to the exercise of personal jurisdiction by this court.

3.     **Declassification**.  A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection.  The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4.     **Confidential Information in Dispute.**

(a)     A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the deponent signs the form prescribed in paragraph 2(b).  Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b).  A deponent who is not a party or a representative of a party shall be

4

furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b)     Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to protection pursuant to Court Order."  Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this order.  If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5.     **Confidential Information at Trial**.  Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential.  Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The court will then determine

whether the proffered evidence should continue to be treated as

confidential information and, if so, what protection, if any may be

afforded to such information at the trial.

6.     **Subpoena by Other Courts or Agencies**.  If another court

or an administrative agency subpoenas or orders production of stamped

confidential documents which a party has obtained under the terms of

this order, such party shall promptly notify the party or other person

who designated the document as confidential of the pendency of such

subpoena.

7.     **Filing**.  Stamped confidential documents need not be filed

with the Clerk except when required in connection with motions under

Fed. R. Civ. P. 12 or 56 or other matters pending before the court.  If

filed, they shall be filed under seal in accordance with Local Rule of Civil

Procedure 5.1(j), with the envelope bearing the legend set forth in

paragraph 1 above, as well as the name of the Court, the case caption, a

descriptive title of the documents, and the date of this Order.  Such

material shall remain sealed while in the office of the Clerk so long as

they retain their status as stamped confidential documents.

8.     **Client Consultation**.  Nothing in this order shall prevent or

otherwise restrict counsel from rendering advice to their clients and in

the course thereof, relying generally on examination of stamped

confidential documents; provided, however, that in rendering such advice

and otherwise communicating with such client, counsel shall not make

specific disclosure of any item so designated except pursuant to the
procedures of paragraph 2(a) and (b).

9.    **Prohibited Copying**.  If a document contains information so
sensitive that it should not be copied by anyone, it shall bear the
additional legend "Copying Prohibited."  Application for relief from this
restriction against copying may be made to the court, with notice to
counsel so designating the document.

10.    **Use**.  Persons obtaining access to stamped confidential
documents under this order shall use the information only for
preparation and trial of either of these consolidated cases (including
appeals and retrials), and shall not use such information for any other
purpose including business, governmental, commercial, or
administrative or judicial proceedings.

11.    **Non-Termination**.  The provisions of this order shall not
terminate at the conclusion of these actions.  Within 120 days after final
conclusion of all aspects of this litigation, stamped confidential
documents and all copies of same (other than exhibits of record) shall be
returned to the party or person which produced such documents or, at
the option of the producer (if it retains at least one copy of the same),
destroyed.  All counsel of record shall make certification of compliance
herewith and shall deliver the same to counsel for the party who
produced the documents not more than 150 days after the final
termination of this litigation.

12.   **Modification Permitted**.  Nothing in this order shall prevent any person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.  Nothing in this order affects any person's right to withhold a document or other information that is privileged from discovery, following the procedure prescribed in Fed. R. Civ. P. 26(b)(5).

13.   **Responsibility of Attorneys**.  The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents.  Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

14.   **Third-Party Discovery Materials**.  If in the course of this litigation discovery is sought from non-parties that would require such non-parties to produce or disclose confidential information, such non-parties may gain protection of this Order by agreeing in writing to produce documents pursuant to this Order and to be bound by it.

Dated: _____2007.

_____
United States District Judge