**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                    )
Michael H. Holland, Micheal W. Buckner,            )
B.V. Hyler and Steven F. Schaab as Trustees        )
of the United Mine Workers of America 1974        )
Pension Trust,                                                      )
                                                                    )
            Plaintiffs,                                              )
                                                                    )
    v.                                                           )
                                                                    )    Case No. 07-cv-00490 (PLF/AK)
Freeman United Coal Mining Company, et al.,     )
                                                                    )
            Defendants.                                         )
_____)
                                                                    )
Freeman United Coal Mining Company,              )
                                                                    )
            Plaintiff,                                                 )    Case No. 07-cv-01050 (PLF/AK)
                                                                    )
    v.                                                           )
                                                                    )
United Mine Workers of America, et al.,              )
                                                                    )
            Defendants.                                         )
_____)

**FREEMAN UNITED COAL MINING COMPANY'S MOTION TO DENY
OR STAY RULING ON ALL MOTIONS FOR SUMMARY JUDGMENT
UNTIL DISCOVERY CAN BE HAD**

Pursuant to Federal Rule of Civil Procedure 56(f), Freeman United Coal Mining Company ("Freeman") hereby submits this motion, accompanied by a memorandum of law and the affidavit of counsel Susan C. Levy, to request that the Court deny the opposing parties' motions for summary judgment, or at the very least stay its ruling until Freeman has had the opportunity to complete fact discovery and to supplement its opposition.

                                                         Respectfully submitted,

                                                         ___/s/ Susan C. Levy_____

1

Paul M. Smith
DC Bar No. 358870
Jessica Ring Amunson
DC Bar No. 497223
JENNER & BLOCK LLP
601 13th Street, NW
Washington, DC 20005
Tel:     (202) 639-6000
Fax:    (202) 661-4993
psmith@jenner.com
jamunson@jenner.com

Susan C. Levy (*pro hac vice*)
Aaron M. Forester (*pro hac vice*)
JENNER & BLOCK LLP
333 North Wabash Avenue
Chicago, IL 60611
Tel:     (312) 923-2772
Fax:    (312) 840-7772
slevy@jenner.com
aforester@jenner.com

Michael W. Robinson
DC Bar No. 437979
Gregory J. Ossi
DC Bar No. 460243
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel:     (703) 760-1600
Fax:    (703) 812-8949
mwrobinson@jenner.com
gjossi@jenner.com

***Counsel for Freeman United
Coal Mining Company***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

Michael H. Holland, Micheal W. Buckner, )
B.V. Hyler and Steven F. Schaab as Trustees )
of the United Mine Workers of America 1974 )
Pension Trust, )
          Plaintiffs, )
 )
       v. )
 ) Case No. 07-cv-00490 (PLF/AK)
Freeman United Coal Mining Company, et al., )
 )
          Defendants. )
_____)

Freeman United Coal Mining Company, )
 )
          Plaintiff, ) Case No. 07-cv-01050 (PLF/AK)
 )
       v. )
 )
United Mine Workers of America, et al., )
 )
          Defendants. )
_____)

**FREEMAN UNITED COAL MINING COMPANY'S RULE 56(f) MEMORANDUM IN SUPPORT OF ITS MOTION TO DENY OR STAY RULING ON ALL MOTIONS FOR SUMMARY JUDGMENT UNTIL DISCOVERY CAN BE HAD**

Pursuant to Federal Rule of Civil Procedure 56(f), Freeman United Coal Mining Company ("Freeman") hereby submits this memorandum of law in support of its motion that the Court either deny the pending motions for summary judgment or allow a continuance to permit Freeman to obtain the necessary discovery to respond to the pending motions for summary judgment.

Rule 56(f) permits the Court to "refuse [an] application for [summary] judgment or ... order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had," if it appears "from the affidavits of a party opposing the motion that the party cannot for

1

reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f). The purpose of the Rule is to "prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, No. 01-1054, 2003 WL 21486821, at *2 n. 5 (D.D.C. March 18, 2003). Thus, Rule 56(f) motions are granted "'almost as a matter of course unless the nonmoving party has not diligently pursued discovery of the evidence.'" *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (quoting *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir.1992)). "Insufficient time or opportunity to engage in discovery is sufficient cause to defer decision on a summary judgment motion." *ASPCA v. Ringling Bros. & Barnum & Bailey Circus*, 502 F. Supp. 2d 103, 106 (D.D.C. 2007) (citing *Khan v. Parsons Global Servs., Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005)); *see also Value House, Inc. v. MCI Telecomm. Corp.*, 917 F. Supp. 5, 8 (D.D.C. 1996) (granting Rule 56(f) motion and denying motion for summary judgment on claim for which non-movant had "insufficient discovery to establish" an element of its claim).

Indeed, a reasonable opportunity to complete discovery before grappling with a summary judgment motion is the norm. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("Any potential problem with such premature [summary judgment] motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." (footnote omitted)); *see also Committee for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 783, 787-88 (D.C. Cir. 1971) ("Summary judgment is only appropriate when there is no *bona fide* material issue, and Rule 56 clearly contemplates that the parties shall have opportunity for deposition in order to establish the existence of a material issue."); *see generally* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2741 at 541-48 (2d ed. 1983)

("One of the most common reasons offered under Rule 56(f) for being unable to present specific facts in opposition to a summary judgment motion is insufficient time or opportunity to engage in discovery.").

Here, as is set forth in the accompanying affidavit of Freeman's counsel Susan C. Levy, Freeman has been diligently pursuing discovery from Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab in their capacity as Trustees of the United Mine Workers of America 1974 Pension Trust ("the Trustees"), the Bituminous Coal Operators' Association ("BCOA"), the United Mine Workers of America ("UMWA"). On July 19, 2007, this Court held a scheduling conference in this case. At that scheduling conference, the opposing parties argued that the Court should stay discovery in this case pending the filing of the opposing parties' summary judgment motions and thereafter allow limited discovery only according to Rule 56(f). The Court rejected that argument and entered a scheduling order on July 20, 2007, holding that fact discovery could commence immediately with no limits other than those specified in the Federal Rules of Civil Procedure and the Local Rules, and that fact discovery would continue until January 18, 2008.

The opposing parties have only just started to produce materials to Freeman, despite the fact that Freeman submitted its first requests for production on August 5, 2007, just after the Court entered its scheduling order in this matter. *See* Declaration of Susan C. Levy ¶¶ 8-10 (attached as Exhibit 1). The opposing parties have objected to producing the vast majority of documents Freeman has requested and have limited their productions significantly based on their own interpretations of what is "relevant" to their motions for summary judgment. *See id.* In addition, the Trustees have not yet responded to Freeman's interrogatories, served on September 28, 2007. *Id.* ¶ 13.

Freeman has also not yet had the opportunity to take any depositions in this matter, including the depositions of Charles Perkins and Cecil Roberts, upon whose declarations the opposing parties have largely relied in their motions for summary judgment. *Id.* ¶ 14. Those depositions are scheduled for December 11 and 12, 2007, respectively. Freeman has also been unable to take the scheduled Rule 30(b)(6) deposition of Consol because Consol has refused to produce relevant documents pending the ruling on the opposing parties' summary judgment motions. *Id.* ¶ 12.

WHEREFORE, for all the foregoing reasons and for the reasons set forth in Freeman's memorandum in opposition to the opposing parties' motions for summary judgment, which is incorporated herein by reference, the Court should deny the opposing parties' motions for summary judgment, or at the very least stay its ruling until Freeman has had the opportunity to complete fact discovery and to supplement its opposition.

Respectfully submitted,

    /s/ Susan C. Levy

Paul M. Smith
DC Bar No. 358870
Jessica Ring Amunson
DC Bar No. 497223
JENNER & BLOCK LLP
601 13th Street, NW
Washington, DC 20005
Tel:    (202) 639-6000
Fax:    (202) 661-4993
psmith@jenner.com
jamunson@jenner.com

Susan C. Levy (*pro hac vice*)
Aaron M. Forester (*pro hac vice*)
JENNER & BLOCK LLP
333 North Wabash Avenue
Chicago, IL 60611

4

Tel: (312) 923-2772
Fax: (312) 840-7772
slevy@jenner.com
aforester@jenner.com

Michael W. Robinson
DC Bar No. 437979
Gregory J. Ossi
DC Bar No. 460243
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel: (703) 760-1600
Fax: (703) 812-8949
mwrobinson@jenner.com
gjossi@jenner.com

*Counsel for Freeman United Coal Mining Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2007, I caused the foregoing to be filed using the Court's Electronic Case Filing (ECF) system, which will automatically send notice of such filing to counsel of record in this case.

    Respectfully submitted,

      /s/ Paul M. Smith

Paul M. Smith
DC Bar No. 358870
JENNER & BLOCK LLP
601 13th Street, NW
Washington, DC 20005
Tel:   (202) 639-6000
Fax:  (202) 661-4993
psmith@jenner.com

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab as Trustees of the United Mine Workers of America 1974 Pension Trust,<br><br>    Plaintiffs,<br><br>v.<br><br>Freeman United Coal Mining Company, et al.,<br><br>    Defendants. | Case No. 07-cv-00490 (PLF/AK) |
| Freeman United Coal Mining Company,<br><br>    Plaintiff,<br><br>v.<br><br>United Mine Workers of America, et al.,<br><br>    Defendants. | Case No. 07-cv-01050 (PLF/AK) |

**DECLARATION OF SUSAN C. LEVY IN SUPPORT OF FREEMAN UNITED COAL MINING COMPANY'S 56(f) MOTION TO DENY OR STAY RULING ON ALL MOTIONS FOR SUMMARY JUDGMENT UNTIL DISCOVERY CAN BE HAD**

I, Susan C. Levy, declare as follows:

  1.  I am an adult resident of the State of Illinois. I make this declaration based on my personal knowledge of the facts set forth herein.

  2.  I am a partner at Jenner & Block LLP in Chicago, Illinois, and I represent Freeman United Coal Mining Company ("Freeman") in the above-captioned actions. I submit this declaration in support of Freeman's Rule 56(f) motion to deny the opposing parties'

1

summary judgment motions, or at the very least stay its ruling until Freeman has had the opportunity to complete fact discovery and to supplement its opposition.

3.   On August 6, 2007, Freeman served Michael H. Holland, Micheal W. Buckner, B.V. Hyler, and Steven F. Schaab, in their capacity as Trustees of the United Mine Workers of America 1974 Pension Trust ("Trustees") with a request for production of documents seeking discovery that is critical to Freeman's ability to present by affidavit the facts essential to its opposition to the 1974 Pension Trust's motion for summary judgment.

4.   On August 6, 2007, Freeman served the United Mine Workers of America ("UMWA") with a request for production of documents seeking discovery that is critical to Freeman's ability to present by affidavit the facts essential to its opposition to the UMWA's motion for summary judgment.

5.   On August 6, 2007, Freeman served the Bituminous Coal Operators' Association ("BCOA") with a request for production of documents seeking discovery that is critical to Freeman's ability to present by affidavit the facts essential to its opposition to the BCOA's motion for summary judgment.

6.   On August 29, 2007, Freeman served Consolidated Coal Company ("Consol") with a subpoena *duces tecum* requesting production of documents and setting a Rule 30(b)(6) deposition of Consol for September 26, 2007. The materials and deposition requested are critical to Freeman's ability to present by affidavit the facts essential to all of the parties' motions for summary judgment.

7.   On September 7 and 10, 2007, the UMWA, the Trustees and the BCOA filed their respective motions for summary judgment in this case.

8.   On September 10, 2007, the Trustees responded to Freeman's request for production of documents and objected to the vast majority of Freeman's requests. On September

21, 26, and 27, Freeman received discovery materials from the Trustees. The Trustees provided limited documentation relating to negotiations as to the so-called 2007 National Bituminous Coal Wage Agreement ("2007 Agreement"). They also provided a case index for the *Pittston* litigation, the underlying *Pittston* briefs, and limited documentation relating to the calculation of contribution rates. In addition, on October 3, 2007, the Trustees informed Freeman that they had approximately fifteen bankers boxes of potentially responsive documents, the majority of which were produced by BCOA or UMWA in the *Pittston* litigation. However, the Trustees have not produced all of the documents responsive to Freeman's requests. Moreover, this action raises two new issues that were not addressed in *Pittston*: (1) whether an agreement between the UMWA and the BCOA can still be a "successor" agreement even if the BCOA is no longer a multi-employer bargaining unit; and (2) whether a single-company agreement can somehow be transformed after the fact into a "successor" national agreement, when other unwilling coal companies are coerced, frequently through strikes or threats of strikes, to sign "me too" agreements.

9. On September 10, 2007, the UMWA responded to Freeman's request for production of documents and objected to the vast majority of Freeman's requests. On October 2, 2007, the UMWA produced approximately 1,124 pages of documents. The UMWA's production was extremely limited in scope and did not include documents necessary for Freeman to respond to the opposing parties' motions for summary judgment. In particular, Freeman doubts it has all of the documents reflecting the UMWA's intent in entering into the 2007 Agreement. The UMWA produced no documents relating to its efforts to coerce other coal companies to enter into "me too" agreements adopting the terms of the 2007 Agreement. There are no documents relating to the reaction of other coal companies to the rates set by the 2007 Agreement. The UMWA did not produce Mr. Roberts' personal files relating to any of the

3

issues he addressed in his lengthy declaration filed along with the UMWA's motion for summary judgment in this case. Finally, the UMWA did not produce documents responsive to any agreement between it and Consol in 2006 and 2007.

10. On September 11, 2007, BCOA responded to Freeman's request for production of documents and objected to the vast majority of Freeman's requests. On October 9, 2007, the BCOA produced 3,628 pages of documents responsive to certain of Freeman's requests. Upon examination, Freeman has discovered that a large percentage of pages are missing from the production, however, and the total number of pages produced is approximately 2,500. BCOA limited its production to documents relating to the 2007 Agreement, even though Freeman's document requests sought documents from the entire relevant time period, which is greater than simply the 2007 Agreement. In particular, BCOA refused to produce documents showing how its membership, composition, and structure have changed since the 1978 National Bituminous Coal Wage Agreement ("NBCWA") was negotiated. Moreover, Freeman doubts it has all of the documents reflecting BCOA's intent in entering into the 2007 Agreement. BCOA produced no documents relating to UMWA's efforts to coerce other coal companies to enter into agreements adopting the terms of the 2007 Agreement. There are no documents relating to the reaction of other coal companies to the rates set by the 2007 Agreement. BCOA did not produce Charles Perkins' files relating to any of the issues he addressed in his declaration filed along with BCOA's motion for summary judgment in this case. Finally, the BCOA did not produce documents responsive to any agreement between it and Consol, including any correspondence between Consol and BCOA on contribution rates.

11. On September 12, 2007, Consol responded to Freeman's subpoena. Consol objected to producing the vast majority of documents Freeman requested while the motions for

4

summary judgment were pending. On October 15, 2007, Consol produced 2,175 pages of documents. Freeman is in the process of reviewing these documents.

12. On September 25, 2007, Freeman agreed to postpone the Rule 30(b)(6) deposition of Consol pending the production of responsive documents.

13. On September 28, 2007, Freeman served its first interrogatories on the Trustees, which relate to the five *Pittston* declarations the Trustees resubmitted in support of their motion for summary judgment. *See* Exs. A-E appended to Clark Decl. The Trustees have not yet responded.

14. On October 18, 2007, Freeman served deposition notices on Cecil Roberts of the UMWA and Charles Perkins of BCOA, each of whom submitted declarations in support of the opposing parties' motions for summary judgment. Those depositions are noticed for December 11 and 12, respectively.

15. Freeman will likely need to depose further individuals named in or involved with the creation of these documents.

16. The discovery Freeman seeks is vital to its ability to present by affidavit all of the facts necessary to support its opposition to the motions for summary judgment filed by the Trustees, UMWA, and BCOA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of October, 2007.

_____
Susan C. Levy
**Counsel for Freeman United Coal Mining Company**
JENNER & BLOCK LLP
330 N. Wabash Ave
Chicago, IL 60611
Tel:   (312) 923-2772
Fax:   (312) 840-7772
slevy@jenner.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab as Trustees of the United Mine Workers of America 1974 Pension Trust,<br>　　　　　　Plaintiffs,<br>　　　v.<br>Freeman United Coal Mining Company, et al.,<br>　　　　　　Defendants. | Case No. 07-cv-00490 (PLF/AK) |
| Freeman United Coal Mining Company,<br>　　　　　　Plaintiff,<br>　　　v.<br>United Mine Workers of America, et al.,<br>　　　　　　Defendants. | Case No. 07-cv-01050 (PLF/AK) |

**[PROPOSED] ORDER ON FREEMAN'S RULE 56(f) MOTION TO DENY OR STAY RULING ON THE OPPOSING PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

This cause having come before the Court on the motion of Freeman United Coal Mining Company ("Freeman") pursuant to Federal Rule of Civil Procedure 56(f) that the Court deny the motions for summary judgment filed by the opposing parties, or at the very least abstain from ruling on said motions until Freeman completes the discovery necessary to allow it to submit by affidavit the facts essential to its opposition, pursuant to Rule 56(f), and the Court having considered same, it is hereby

ORDERED and ADJUDGED that Freeman's Rule 56(f) motion is granted. The opposing parties' motions for summary judgment are denied without prejudice. The opposing parties may refile such motions once discovery in this matter has been completed.

2

Entered this _____ day of _____, 2007.

_____
The Honorable Paul L. Friedman