## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| Michael H. Holland, Micheal W. Buckner, ) | |
| B.V. Hyler and Steven F. Schaab as Trustees ) | |
| of the United Mine Workers of America 1974 ) | |
| Pension Trust, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-cv-00490 (PLF/AK) |
| Freeman United Coal Mining Company, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| Freeman United Coal Mining Company, ) | |
| ) | |
| Plaintiff, ) | Case No. 07-cv-01050 (PLF/AK) |
| ) | |
| v. ) | |
| ) | |
| United Mine Workers of America, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## FREEMAN UNITED COAL MINING COMPANY'S MOTION TO COMPEL DISCOVERY FROM THE BITUMINOUS COAL OPERATORS' ASSOCIATION AND UNITED MINE WORKERS OF AMERICA

Freeman United Coal Mining Company ("Freeman") moves to compel Defendants Bituminous Coal Operators' Association ("BCOA") and United Mine Workers of America ("UMWA") to produce documents the Defendants have withheld from Freeman in violation of this Court's Orders of July 20, 2007 and November 19, 2007. The grounds in support of Freeman's motion are stated more fully in the accompanying memorandum of law. Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 7(m), counsel for Freeman made a good faith effort to resolve this discovery matter prior to the filing of this motion.

Pursuant to Local Rules 7(f) and 78.1, Freeman hereby requests an oral hearing on its motion. Because of the impending deadline for the close of fact discovery on January 18, 2008, as well as the schedule for depositions in this matter (the taking of which are dependent upon Freeman's receipt of the documents that are the subject of this motion), Freeman respectfully requests that the Court consider hearing this motion on an expedited basis immediately upon receiving the opposing parties' responses to this motion (on or about December 10, 2007).

WHEREFORE Freeman requests that its motion be granted and that it be awarded attorneys' fees and costs incurred in connection with this motion.

Respectfully submitted,

    /s/ Paul M. Smith

Paul M. Smith
DC Bar No. 358870
Jessica Ring Amunson
DC Bar No. 497223
JENNER & BLOCK LLP
601 13th Street, NW
Washington, DC 20005
Tel:    (202) 639-6000
Fax:    (202) 661-4993
psmith@jenner.com
jamunson@jenner.com

Susan C. Levy (*pro hac vice*)
Aaron M. Forester (*pro hac vice*)
JENNER & BLOCK LLP
333 North Wabash Avenue
Chicago, IL 60611
Tel:    (312) 923-2772
Fax:    (312) 840-7772
slevy@jenner.com
aforester@jenner.com

Michael W. Robinson
DC Bar No. 437979
Gregory J. Ossi
DC Bar No. 460243

VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel:    (703) 760-1600
Fax:    (703) 812-8949
mwrobinson@venable.com
gjossi@venable.com

***Counsel for Freeman United***
***Coal Mining Company***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————————
                                                    )
Michael H. Holland, Micheal W. Buckner,             )
B.V. Hyler and Steven F. Schaab as Trustees         )
of the United Mine Workers of America 1974          )
Pension Trust,                                      )
                     Plaintiffs,                    )
                                                    )
          v.                                        )
                                                    )  Case No. 07-cv-00490 (PLF/AK)
Freeman United Coal Mining Company, et al.,         )
                                                    )
                     Defendants.                    )
———————————————————————————
                                                    )
Freeman United Coal Mining Company,                 )
                                                    )
                     Plaintiff,                     )  Case No. 07-cv-01050 (PLF/AK)
                                                    )
          v.                                        )
                                                    )
United Mine Workers of America, et al.,             )
                                                    )
                     Defendants.                    )
———————————————————————————

## FREEMAN UNITED COAL MINING COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM THE BITUMINOUS COAL OPERATORS' ASSOCIATION AND  UNITED MINE WORKERS OF AMERICA

### INTRODUCTION

This motion to compel arises in two consolidated cases.  In one, Freeman United Coal Mining Company ("Freeman") has sought: (1) a declaratory judgment that it is not obligated to contribute to the 1974 Pension Plan and Trust ("Trust") at the exorbitant rates set by the United Mine Workers of America ("UMWA") and the Bituminous Coal Operators' Association ("BCOA") in the so-called 2007 National Bituminous Coal Wage Agreements ("2007 Agreement") or, if Freeman is found to owe contributions to the 1974 Pension Trust at rates set

in the 2007 Agreement, (2) a judgment against BCOA for damages stemming from breach of duties owed to Freeman.  In the other case, the 1974 Pension Plan and Trust Trustees ("Trustees") have sued Freeman for breach of contract for failure to contribute to the Trust at the rates set by the 2007 Agreement.  Freeman contends that it is not obligated to contribute at rates set in the 2007 Agreement because the 2007 Agreement, unlike previous National Bituminous Coal Wage Agreements ("NBCWAs"), is not a "successor agreement," which is a fundamental prerequisite to consideration of the potential applicability of the "evergreen clause" of the Trust and the imposition of a continuing contribution obligation.  At the time the UMWA and BCOA negotiated the 2007 Agreement, Consolidation Coal Company ("Consol") was the sole remaining member of the BCOA.  Therefore, unlike previous NBCWAs, the 2007 Agreement was negotiated not by a multi-employer bargaining unit, but by a single employer Consol, and cannot be said to bind Freeman, a non-signatory to the 2007 Agreement.

Freeman files this motion in response to widespread defiance of discovery obligations on the part of two of the parties opposing Freeman – BCOA and UMWA.  Freeman has tried to pursue discovery from these parties since the start of the litigation, but BCOA and UMWA stubbornly persist in limiting their discovery productions based on their own interpretations of what is "relevant" to the issues in this case.  In so doing, they are blatantly violating the mandate of Rule 26(b) of the Federal Rules of Civil Procedure as well as this Court's orders, which have repeatedly and expressly rejected the opposing parties' position that discovery either is not necessary or should be limited solely to the issue of the reasonableness of the contribution rate contained in the 2007 Agreement.  In particular, Freeman has not received all of BCOA's and UMWA's documents relating to the 2007 Agreement as plainly demonstrated by (1) BCOA's and UMWA's own admissions about their limited productions; (2) a third party's production of

documents which show emails and other documents that were not produced by BCOA and UMWA; and (3) the dearth of emails and other electronically stored information relating to key witnesses, including UMWA and BCOA witnesses who have already submitted declarations in this case. BCOA's and UMWA's failure to produce relevant documents has delayed depositions in this matter. For these reasons, Freeman respectfully requests that this Court compel the BCOA and UMWA to produce the documents Freeman has requested.

## BACKGROUND TO DISCOVERY DISPUTE

Since the inception of this litigation, the opposing parties have repeatedly taken the view that this case can be resolved without resort to discovery. After they lost their motions to dismiss, the opposing parties argued that *United Mine Workers of America 1974 Pension Trust v. Pittston*, 782 F. Supp. 658 (D.D.C. 1992), *aff'd*, 984 F.2d 469 (D.C. Cir. 1993) ("*Pittston*") is *stare decisis* and conclusive of all the issues in this case. Thus, in the discovery plan they submitted to the Court following the parties' Rule 26(f) conference, the opposing parties proposed that the Court stay discovery, permit them to file early summary judgment motions, and thereafter allow discovery only if Freeman could show it was necessary under Rule 56(f). *See* Opposing Parties' Proposed Scheduling Order (July 12, 2007) (Docket 40, Attachment 4).[1] Freeman opposed this proposed course of action, arguing that discovery was necessary because of the numerous issues of disputed fact in this case. The Court agreed with Freeman and issued a scheduling order on July 20, 2007, stating that discovery should commence immediately and that "*[t]here will be no limits on discovery other than those specified in the Federal Rules of Civil Procedure and the Local Rules*." Docket 42 (emphasis added). Freeman thereafter commenced

---

[1] Unless otherwise indicated, all docket number references are to the docket in Case No. 1:07-cv-00490.

discovery, issuing requests for production to all of the parties on August 6, 2007.  *See* Exhibits A and B, attached hereto (Freeman's First Requests for Production to BCOA and UMWA).

Before producing any discovery to Freeman in this case, the Trustees, BCOA, and UMWA filed motions for summary judgment.  Thus, rather than responding to Freeman's discovery requests by September 5, 2007, as required by Rule 34(b), UMWA and BCOA instead filed their motions on September 7 and 10, 2007 respectively.  The opposing parties then attempted to curtail Freeman's discovery rights during the time their motions for summary judgment were pending, proposing to the Court that "during the briefing of the motions for summary judgment, discovery in these consolidated cases shall be limited to information related to the negotiation of the current contribution rate contained in the National Bituminous Coal Wage Agreement of 2007 ('NBCWA'); information related to pension benefit changes contained in the 2007 NBCWA; and information concerning the meaning of the term 'successor' in the evergreen clause."  *See* Proposed Order (Sept. 18, 2007) (Docket 50).

Consistent with their position that they could unilaterally impose limitations on Freeman's discovery requests, and despite the Court's contrary ruling in its July scheduling order, the opposing parties then responded to Freeman's first requests for production as follows:

- The UMWA served its responses to Freeman's first request for production on September 10, 2007.  The UMWA "objected to Freeman's documents requests because these requests sought documents concerning matters other than the increase in contribution rate to the 1974 Trust contained in the 2007 NBCWA" and the Union believed that "this was the only issue legitimately before the Court."  *See* Declaration of Mark J. Murphy ¶¶ 5-6 (Docket 29, Exhibit 2).[2]  Thus, the Union stated that "[c]onsistent with its position

---

[2] This docket reference is to Case No. 1:07-cv-01050.

concerning the scope of this case, the documents and portions of documents provided to Freeman were limited to this issue." *Id*.; *see also* Exhibit D, attached hereto (UMWA Response to Freeman's First Request for Production.

- BCOA served its responses to Freeman's first request for production on September 11, 2007. *See* Exhibit C, attached hereto (BCOA Response to Freeman's First Request for Production). BCOA stated that it:

> object[ed] to [Freeman's] Document Requests to the extent that they seek information and documents beyond the scope of the issues raised by BCOA in its pending motion for summary judgment. . . . To the extent that Freeman, after reviewing BCOA's pending motion, believes that it needs certain discovery to oppose BCOA's motion, BCOA will consider any such requests that are presented through an affidavit under Fed. R. Civ. P. 56(f) and that state with specificity what discovery Freeman believes is necessary to address BCOA's motion, how such discovery potentially may show a genuine issue of material fact, and why Freeman assertedly cannot, absent such discovery, present facts essential to justify its opposition to BCOA's motion.

*Id*. BCOA further objected to Freeman's requests for production that "related to *any matter other than* the contribution obligation contained in the 2007 NBCWA." *Id*. (emphasis added). Thus, BCOA responded to Freeman's discovery requests by espousing exactly the position that this Court rejected regarding limitations on discovery.

- BCOA and UMWA also objected to discovery because the requested discovery was "proprietary" or "confidential," even though, at the opposing parties' request, Freeman agreed to a Confidentiality Order, which this Court entered on October 2, 2007. *See* Confidentiality Order (October 2, 2007) (Docket 26).

On November 9, 2007, Freeman wrote to counsel for UMWA and BCOA asking them to supplement their productions and identifying specific documents Freeman believed were missing from UMWA's and BCOA's limited productions. *See* Exhibits E and F, attached hereto (November 9, 2007 Letters from Freeman to UMWA and BCOA). UMWA responded on

November 15, 2007 by steadfastly maintaining its position that it would not produce any of the documents Freeman had requested beyond those involving the increase in contribution rates to the 2007 Agreement.  *See* Exhibit G, attached hereto (November 15, 2007 Letter from UMWA to Freeman).

On November 19, 2007, the Court entered an order granting Freeman's motion to deny or stay ruling on all motions for summary judgment until discovery could be completed.  *See* Docket 63.  The Court reiterated the holding in its scheduling order of July 20, 2007, that Freeman would have until January 18, 2008 to pursue fact discovery and that during this time period, "*there will be no limits on ongoing fact discovery other than those specified in the Court's scheduling order, the Federal Rules of Civil Procedure and the Local Civil Rules*."  *Id.* (emphasis added); *see also* Docket 42.  That same day, Freeman contacted counsel yet again to give the parties another chance to supplement their productions, but to no avail.  BCOA responded by stating that it would produce a few additional documents, however, it continued to assert that as to the 2007 negotiations, it would not produce any of the documents Freeman had requested beyond those involving the increase in contribution rates to the 2007 Agreement.  *See* Exhibit H, attached hereto (November 21, 2007 Letter from BCOA to Freeman).

## **THE DISCOVERY FREEMAN SEEKS**

As has become increasingly evident throughout this litigation, the parties have very different ideas of what this case is about.  The opposing parties accuse Freeman of attempting to relitigate the *Pittston* litigation of more than a decade ago.  They continue to believe this case can be resolved as a matter of law – a position this Court has now *twice* rejected.  *See* Docket 42, 63. But as Freeman has repeatedly explained, this case involves factual issues not raised in *Pittston*

and these issues must be explored through discovery. And the Court has repeatedly ruled that Freeman should be allowed that discovery.

Count I of Freeman's complaint raises two inter-related issues: (1) whether the 2007 Agreement between the UMWA and BCOA can still be a "successor" agreement with regard to the consideration of the potential applicability of the evergreen clause of the 1974 Plan if the BCOA is no longer a multi-employer bargaining unit, and (2) whether a single-employer agreement can somehow be transformed into a "successor" national agreement after the fact by the UMWA's coercing other coal companies – through strikes and threats of other economic sanctions – to sign "me too" agreements. As demonstrated in Freeman's successful motion to deny or stay ruling on all motions for summary judgment (*see* Docket 58), these issues raise a host of disputed issues of fact for the following four reasons:

1.    In *Pittston,* this Court held that in order to properly interpret the evergreen clause, it was necessary to consider extrinsic evidence. 782 F. Supp. at 664. It also held that the evergreen clause does not impose perpetual obligations to contribute and the obligation to contribute ceases if no true "successor" NBCWA is negotiated. *Id.* at 669-70.

2.    In *Pittston*, this Court held that a single employer's "individual collective bargaining agreement[] with the UMWA" cannot be a "successor agreement" within the meaning of the evergreen clause. 782 F. Supp. at 663. Rather, the Court held that only another NBCWA could be a "successor" agreement.

3.    The opposing parties concede that no governing document and no legal authority defines what constitutes a "successor" agreement within the meaning of the evergreen clause.

4.    The opposing parties have submitted several lengthy affidavits and additional documents to try to convince this Court that the 2007 Agreement is a successor agreement on the

grounds that (1) BCOA and the UMWA supposedly intended it to be a national agreement and (2) other companies have supposedly responded "overwhelmingly positively" to the 2007 Agreement and signed onto "me too" agreements.

Through the discovery it has propounded to UMWA and BCOA, Freeman seeks to prove that the 2007 Agreement was not a "successor" agreement to prior NBCWAs because it was negotiated not by a multi-employer collective bargaining unit representing the bituminous coal industry – as prior NBCWAs have been – but rather by a single employer, Consol.[3]    And, Freeman also intends to prove that other coal companies only reluctantly signed on to the terms of the 2007 Agreement after they were coerced to do so through strikes or other economic sanctions, which cannot be what the drafters of the evergreen clause had in mind by "successor" agreements.  As this Court has already found, the determination of whether an agreement is a "successor" involves an inquiry into the facts surrounding its negotiation, including the parties who are involved in negotiating and signing the agreement, the scope of the work and workers covered by the agreement, and other issues.  *See Flynn v. Dick Corporation*, 384 F. Supp. 2d 189, 195 (D.D.C.), *rev'd on other grounds*, 481 F.3d 824, 827 n.2 (D.C. Cir. March 20, 2007).  Therefore, to prove its case, Freeman has sought the following categories of discovery:

1.    **All Documents Regarding the 2007 Negotiations**:  Freeman has sought copies of *all* documents regarding the negotiations for the 2007 Agreement, including files maintained by BCOA and UMWA, communications between or among them, and all proposals and counterproposals exchanged during the negotiations.  *See, e.g.,* Exhibit A at ¶¶ 10, 11, 12, 13, 14,

---

[3] In addition, in Count II of its complaint, Freeman asserts that, if this Court determines that Freeman must make contributions at rates set in the 2007 Agreement, then the Court will have also found that BCOA owed to Freeman the duties of an agent to its principal.  Freeman asserts that, if this is the case, BCOA has breached its duties to Freeman by negotiating unfair and unreasonable rates and negotiating such rates in bad faith.  The discovery that Freeman seeks is also necessary to prove Count II of its complaint.

15, 16; Exhibit B at ¶¶ 1, 2, 3, 4, 5, 7, 9, 10, 12. BCOA and UMWA responded by producing very limited or heavily redacted documents that referenced only negotiation of the contribution rates in the 2007 Agreement. *See, e.g.*, Exhibit I (UMWA Bates numbered 1082-85, marked as confidential and therefore filed under seal). They refused to produce anything else, contending that the additional documents regarding the 2007 negotiations were not relevant and/or that production would force UMWA and BCOA to reveal confidential or proprietary information and compromise their future bargaining positions. *See, e.g.,* Exhibit C at ¶¶ 10, 11, 12, 13, 14, 15, 16; Exhibit D at ¶¶ 1, 2, 3, 4, 5, 7, 9, 10, 12; Exhibit G at ¶ 1; Exhibit H at ¶ 1. These objections lack any merit. All documents regarding the 2007 negotiations are relevant because they demonstrate, *inter alia*, the manner in which these negotiations have differed from those for the prior NBCWAs, the extent to which Consol controlled the negotiations, the trade-offs involved in reaching agreement on specific provisions, and the prioritization between and within each party of their interests. For example, the BCOA and the UMWA have asserted that the Pension Protection Act of 2006 is the reason for the unprecedented rate increases, but Freeman is entitled to challenge this assertion and the total bargaining history may reveal a very different reason.

Based on its review of documents productions from negotiations of prior NBCWAs, Freeman believes that at least the following documents regarding the 2007 Agreement have not been produced by the UMWA and BCOA:

- side-by-side comparisons of the then current provisions and proposed revisions to same;

- summaries of the parties' bargaining positions and/or issue lists;

- transcripts and/or notes documenting joint negotiating sessions;

- proposals between the UMWA and BCOA;

- reports, memoranda, and/or similar documents generated by UMWA, BCOA and/or Consol;

- transcripts of internal UMWA, Consol and/or BCOA meetings;

- documents regarding UMWA membership voting to approve the 2007 Agreement;

- communications between BCOA and its members regarding the negotiation of the 2007 Agreement;

- communications between BCOA and former BCOA companies regarding negotiation of the 2007 Agreement; and

- communications between UMWA and its members regarding the negotiations of the 2007 Agreement.

*See* Exhibits E and F.

Importantly, Freeman has received few, if any, emails and other correspondence sent to or received by Cecil Roberts (President of the UMWA), Charles Perkins (Secretary-Treasurer of the BCOA), Peter Lilly (President – Coal Group for Consol Energy, Inc., Chief Operating Officer of Consolidation Coal Company, and Chairman of BCOA Negotiating Committee), Patricia Lang (former Vice President of Human Resources for Consol Energy, Inc.), J. Brett Harvey (President and Chief Executive Officer and Director of Consol Energy, Inc.), Daniel Fassio (Attorney for Consol), Michael Buckner (Trustee for 1974 Pension Trust and Research Director of UMWA), B.V. Hyler (Trustee of 1974 Pension Trust and Consol/BCOA Consultant) and/or any other member of BCOA/Consol or UMWA bargaining/negotiating committees. Based upon the few emails that the parties have produced thus far, Freeman believes that the email accounts of the above-named individuals may not even have been searched for emails, electronic discovery and other correspondence – they were certainly not produced in discovery.

Because BCOA submitted a lengthy declaration from Charles Perkins in support of its motion for summary judgment and UMWA submitted a lengthy declaration from Cecil Roberts in support of its motion for summary judgment, email and correspondence sent to or received from these individuals is critical. UMWA and Mr. Roberts publicly issued press releases threatening other companies to sign on to the terms of 2007 Agreement or the UMWA would strike. *See, e.g.*, Docket 57, Exhibit B. Yet no documents relating to these coercive UMWA efforts have been produced by the UMWA.

In addition, Freeman has received documents from a third-party, Consol, which have proven what Freeman strongly suspects: UMWA and BCOA have deliberately failed to produce relevant and responsive documents. Exhibit J consists of documents produced by Consol (Bates numbered CCC00571, CCC01149-50, CCC01156, CCC01672, CCC01819-21, marked as confidential and therefore filed under seal). These documents show that Consol has provided Freeman with correspondence between BCOA and Consol and between UMWA and Consol regarding the 2007 Agreement. BCOA and UMWA have not produced these same documents to Freeman. Freeman can only wonder what other relevant and responsive documents BCOA and UMWA have not produced based on their own interpretations of what is "relevant" to Freeman's requests for production.

2. **Documents Regarding Transfers from the Trust**: Freeman has contended that any alleged need for increased contribution rates to the 1974 Pension Trust is due at least in part to the improper transfer of funds from the 1974 Pension Trust to the 1993 Benefit Trust and has therefore sought documents from BCOA and UMWA, who are settlors of the Trust, regarding this transfer. *See* Exhibit A at ¶¶ 38, 39; Exhibit B at ¶¶ 21, 22; *see also* Exhibits E and F. These documents are clearly relevant because the improper or unlawful siphoning of funds from

the 1974 Pension Trust would seriously undermine the opposing parties' argument that the increase in contribution rates contained in the 2007 Agreement was proper and necessary. BCOA and UMWA have produced nothing in response to these requests.  *See* Exhibit C at ¶¶ 38, 39; Exhibit D at ¶¶ 21, 22; *see also* Exhibits G and H.

      3.    **Documents Regarding The Financial Condition of the Trust**:  Freeman has sought documents showing that there was no need for BCOA and UMWA to raise contribution rates in the 2007 Agreement and has therefore sought documents regarding any analyses historically performed by, provided to, or relied upon by BCOA or UMWA regarding the financial condition of the 1974 Pension Trust.  *See* Exhibit A at ¶ 17; Exhibit B at ¶ 22; *see also* Exhibits E and F.  Freeman seeks these documents at least as they relate to any analysis performed by, provided to, or relied upon by BCOA or UMWA in 2001 and 2002 regarding the financial condition of the Trust and any need for an increase in contributions.  These documents are relevant because 2002 was the last NBCWA negotiated, the 2002 NBCWA contained very similar benefit increases to the 1974 Pension Plan, and yet the parties to the 2002 NBCWA agreed that no contributions to the 1974 Plan would be required of any existing UMWA employer.  Both BCOA and UMWA contend that this historical information is not relevant.  *See* Exhibit C at ¶ 22, Exhibit D at ¶ 22; *see also* Exhibits G and H.

      4.    **Miscellaneous**:  Freeman sought numerous documents regarding the membership and structure of BCOA to demonstrate that it is no longer a multi-employer bargaining unit, but rather a single employer, and therefore incapable of negotiating a "successor" agreement binding the industry.  *See, e.g.,* Exhibit A ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 34, 35. Freeman believes that at least the following documents have not been produced by BCOA:

-15-

- current BCOA by-laws and those in effect at the time the 2002 NBCWA were negotiated;

- documents identifying the source of BCOA operating income, including membership fees, for the years 1977 and 1978 and the years 2001 to the present;

- documents identifying members of BCOA's chief executive officer committee at the time of the negotiation of the 1978 NBCWA, at the time of the negotiation of the 2002 NBCWA, and at the time of the negotiation of the 2007 Agreement;

- documents identifying members of BCOA's NBCWA negotiating committees and subcommittees at the time of the negotiation of the 1978 NBCWA, at the time of the negotiation of the 2002 NBCWA, and at the time of the negotiation of the 2007 Agreement.

In its letter of November 21, 2007, BCOA stated for the first time it will produce responsive documents, but has given no timeline for their production. *See* Exhibit H.

Finally, Freeman is concerned that documents have been wrongfully withheld on "confidential" or "proprietary" grounds or on improper assertions of privilege. Freeman respectfully requests that the Court order that documents may not be withheld on "confidential" or "proprietary" grounds in light of the Confidentiality Order in this case and that UMWA produce privilege logs immediately. BCOA informed Freeman on November 27, 2007 that it will be producing a privilege log, however, Freeman has not yet received it.

**CONCLUSION**

For the reasons set forth herein, Freeman respectfully requests that this Court compel the parties to produce Freeman's requested discovery. Freeman further requests that it be awarded attorneys' fees and costs incurred in connection with this motion.

Respectfully submitted,

___/s/ Paul M. Smith_____

Paul M. Smith
DC Bar No. 358870
Jessica Ring Amunson
DC Bar No. 497223
JENNER & BLOCK LLP
601 13th Street, NW
Washington, DC 20005
Tel:    (202) 639-6000
Fax:    (202) 661-4993
psmith@jenner.com
jamunson@jenner.com

Susan C. Levy (*pro hac vice*)
Aaron M. Forester (*pro hac vice*)
JENNER & BLOCK LLP
333 North Wabash Avenue
Chicago, IL 60611
Tel:    (312) 923-2772
Fax:    (312) 840-7772
slevy@jenner.com
aforester@jenner.com

Michael W. Robinson
DC Bar No. 437979
Gregory J. Ossi
DC Bar No. 460243
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel:    (703) 760-1600
Fax:    (703) 812-8949
mwrobinson@venable.com
gjossi@venable.com

*Counsel for Freeman United*
*Coal Mining Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 27th day of November, 2007, I served the foregoing via the Court's ECF system, which will provide notification to all counsel of record in these consolidated cases.

Respectfully submitted,

__/s/ Paul M. Smith_____

Paul M. Smith
DC Bar No. 358870
JENNER & BLOCK LLP
601 13th Street, NW
Washington, DC 20005
Tel:    (202) 639-6000
Fax:    (202) 661-4993
psmith@jenner.com

***Counsel for Freeman United
Coal Mining Company***

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND,          )
MICHEAL W. BUCKNER,          )
B.V. HYLER                   )
and STEVEN F. SCHAAB as      )
TRUSTEES of the UNITED MINE  )
WORKERS OF AMERICA 1974      )
PENSION TRUST,               )
                             )
        Plaintiffs,          )
                             )
        v.                   )   CASE NO. 1:07-cv-00490
                             )
FREEMAN UNITED COAL          )
MINING COMPANY, et al.,      )
                             )
        Defendants.          )
_____)

FREEMAN UNITED COAL MINING   )
COMPANY,                     )
                             )
        Plaintiff,           )
                             )
        v.                   )   CASE NO. 1:07-cv-1050
                             )   Judge Paul L. Friedman
UNITED MINE WORKERS OF       )
AMERICA, et al.,             )
                             )
        Defendants.          )

FREEMAN UNITED COAL MINING COMPANY'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT BITUMINOUS COAL OPERATORS' ASSOCIATION, INC.

Freeman United Coal Mining Company ("Freeman"), by its counsel,

requests that defendant Bituminous Coal Operators' Association, Inc.

("BCOA") produce the following documents and things for inspection and

copying pursuant to Rule 34, Fed. R. Civ. P.

## DEFINITIONS AND INSTRUCTIONS

1.    The term "document" or "documents" is to be given its broadest possible interpretation under Rule 34, including electronically stored information, and its meaning shall include the original of any written, printed, typed, photographic and recorded matter of any kind or character, however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, microfilm, magnetic and electronic recordings, sound recordings, computer print-outs or records. The term "document" shall also include any and all drafts and non-identical copies of the aforementioned.

2.    A document "relating to" a given subject means a document that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information on, or is in any way pertinent to that subject.

3.    A document "regarding" a given subject means a document that comprises, addresses, discusses, comments on, or describes that subject.

4.    The term "electronically stored information" shall mean any information, created, stored or best utilized with computer technology of any type or means. It includes, but is not limited to, data; word-processing documents; spreadsheets; presentation documents; graphics;

animation; images; email (including attachments); instant messages; audio, video and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; CDs; discs; diskettes; drives, tapes, cartridges and other storage media; printers; the internet; personal digital assistants; handheld wireless devices; cellular telephones; pagers; fax machines and voicemail systems.

5.    The terms "person" or "persons" means any and all entities whatsoever, including, without limitation, individuals, associations, firms, companies, partnerships, joint ventures, corporations, subsidiaries, trusts, estates, departments, divisions, affiliates, groups, bureaus, public agencies or boards, as well as any and all predecessors and/or successors-in-interest to any of the foregoing.

6.    The term "communication" means any writing or oral conversation, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, telegraphic and telex communications, and email.

7.    The term "negotiation" means the entire process by which persons attempt to reach agreement regarding a particular subject and/or contract, and includes preparing for, strategizing with regard to, making, and responding to proposals and counter-proposals, discussions, and/or any other methods by which the parties seek to reach agreement.

8.    The term "BCOA" means Defendant Bituminous Coal Operators' Association, including any one or more of its committees, subcommittees, officers, directors, employees, agents, representatives, consultants and attorneys.

9.    The terms "BCOA member" and "BCOA member company" mean bituminous coal operators, whether or not incorporated; bituminous coal operator associations, whether or not incorporated; and any other entity that is admitted to membership into the BCOA.

10.    The term "UMWA" means Defendant United Mine Workers of America and its parent and affiliated entities, whether incorporated or unincorporated, including local, regional, and other affiliated unions. The term also includes officers, directors, employees, agents, representatives, consultants and attorneys of Defendant United Mine Workers of America and its parent and affiliated entities.

11.    The term "Consol" means Consol Energy, Inc., and its subsidiary and affiliated corporate entities, and their respective officers, directors, employees, agents, representatives, consultants and attorneys.

12.    The term "NBCWA" means the agreements between BCOA and UMWA denominated as National Bituminous Coal Wage Agreement.

13.    The term "2007 Agreement" means the wage agreement between UMWA and BCOA that went in effect on or about January 1, 2007.

-4-

14.    The term "2003 Freeman Agreement" means the wage agreement between Freeman United Coal Mining Company and the UMWA that went into effect on or about January 16, 2003.

15.    The term "1974 Pension Trust" means the United Mine Workers of America 1974 Pension Trust, which was established pursuant to Article XX of the National Bituminous Coal Wage Agreement of 1974. For the purpose of this Request, the term also means (1) the UMWA 1974 Pension Plan or (2) the UMWA Health and Welfare Funds when acting on behalf of or as a fiduciary of the 1974 Pension Plan and Trust.

16.    The term "1950 Pension Trust" means the United Mine Workers of America 1950 Pension Trust, which, pursuant to Article XX of the National Bituminous Coal Wage Agreement of 1974, replaced the "United Mine Workers of America Welfare and Retirement Fund of 1950." For the purpose of this Request, the term also means (1) the UMWA 1950 Pension Plan or (2) the UMWA Health and Welfare Funds when acting on behalf of or as a fiduciary of the 1950 Pension Plan and Trust.

17.    The term "1993 Benefit Trust" means the United Mine Workers of America 1993 Benefit Trust, which were established pursuant to Article XX of the National Bituminous Coal Wage Agreement of 1993. For the purpose of this Request, the term also means (1) the UMWA 1993 Benefit Plan or (2) the UMWA Health and Welfare Funds when acting on behalf of or as a fiduciary of the 1993 Benefit Plan and Trust.

18.    The term "Guarantee Clause" means Section (h) of Article XX of the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 National Bituminous Coal Wage Agreements; Section (h) of Article XX of the 2007 Agreement; and any similar clause that addresses the guarantee of the 1974 Pension Trust benefits and includes the phrase "In order to fully fund these guaranteed benefits, the BCOA may increase, not decrease, the rate of contributions to be made to the....1974 Pension Fund." This definition includes  the clause set forth in Section (h) of Article XX of the 2003 wage agreement between Freeman United Coal Mining Company and the UMWA entitled "Guarantee of 1950 and 1974 Plans and Trusts."

19.    The term "Evergreen Clause" means Article X of both the 1974 Pension Trust and the 1950 Pension Trust as that Article read when first included in the 1974 and 1950 Trusts and as that Article has been amended from time to time.

20.    The term "Davis Report" means the monthly report of the unaudited financial statements of the UMWA Health and Retirement Funds sometimes entitled Davis Report, including any monthly report on the financial statements of the UMWA 1974 Pension Plan.

21.    The term "you" or "your" shall mean and be deemed to refer to the party to whom this discovery is directed.

22.    To the extent a privilege is claimed with respect to any document covered by this Request for Production of Documents,

Defendant is requested to state with respect to such document the following, as applicable:

  a. The author of such document;

  b. To whom such document is addressed;

  c. The date upon which such document was prepared;

  d. The title or heading of such document;

  e. The type of document (e.g., handwritten notes, memorandum, tape recording, journal, desk calendar, books of account, etc.);

  f. Any other information which might be necessary to describe such document sufficiently for designation thereof;

  g. The present location and custodian of such document; and

  h. The grounds for claiming privilege.

23. It is requested that, to the extent possible, all documents produced in response to this Request be arranged in separate categories identified by the paragraph number of this Request to which such documents are responsive.

24. To the extent documents are maintained in electronic formats, this Request calls for production in electronic format. Documents maintained in electronic formats should be produced in their native formats as they currently exist on your storage media and devices.

25. Should you or others subject to your control, including your attorneys, become aware of documents responsive to this Request

subsequent to your initial inspection, it is requested and directed that such documents promptly be made available for inspection and copying.

26.    A document shall be deemed to refer to a matter if it expressly or otherwise refers to the matter, or if its subject matter bears a clear logical relationship to this matter.

27.    Documents are to be produced within 30 days from the date of service at the offices of Jenner & Block, LLP, 601 Thirteenth Street, NW, Suite 1200 South, Washington, DC 20005-3823 or at some other agreed upon location.

## DOCUMENTS TO BE PRODUCED

1.    BCOA's Articles of Incorporation.

2.    BCOA's current Constitution and Bylaws and those in effect at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

3.    A roster, list, or compilation of BCOA members for each year from 1977 to the present.

4.    Documents identifying members of BCOA's Negotiating Committee at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

5.    If different from the individuals identified in response to request number 4, documents identifying the individuals responsible for negotiating the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement on behalf of BCOA.

-8-

6.    Documents identifying members of BCOA's Chief Executive Officer Committee at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

7.    Documents identifying members of BCOA's Support Committee at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

8.    Documents identifying members of BCOA's Benefits Committee and/or Subcommittee at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

9.    All documents regarding BCOA's membership voting to approve the 2007 Agreement.

10.    All files maintained by BCOA regarding the 2007 Agreement and/or the negotiation of the 2007 Agreement.

11.    All correspondence and communications between BCOA and UMWA regarding the 2007 Agreement.

12.    All correspondence and communications between BCOA and Consol regarding the 2007 Agreement.

13.    All proposals and counter-proposals exchanged between BCOA and UMWA regarding the 2007 Agreement.

14.    All documents provided to or received from UMWA regarding the 2007 Agreement.

15.   All documents regarding the negotiation of the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

16.   All correspondence or communications between BCOA and BCOA-appointed trustees of the 1974 Pension Trust regarding the 2007 Agreement and/or the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

17.   Any analysis performed by, performed for, provided to, or relied upon by BCOA from 1995 to the present regarding the financial condition of 1974 Pension Trust, including any analysis of future benefit expenses, funding, and any needed increase in contributions to the Trust.

18.   Any analysis performed by, performed for, provided to, or relied upon by BCOA regarding the economic impact of the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement on any current or former BCOA member company.

19.   All communications between BCOA and any current or former BCOA member company regarding the negotiation of the 2007 Agreement.

20.   All communications between BCOA and any current or former BCOA member company regarding the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

-10-

21.    All documents regarding any effort by the BCOA to ascertain the financial impact of the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement on current and/or former BCOA member companies.

22.    All documents provided to BCOA members regarding the 2007 Agreement.

23.    All documents provided to BCOA members regarding the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

24.    All documents regarding the negotiation of the 2007 Agreement, including:  memoranda regarding the negotiation sessions for the 2007 Agreement; notes taken by any person participating in the negotiations for the 2007 Agreement;  communications between or among individuals; and any official and unofficial correspondence, notes, records, minutes, transcripts, and proposals that document the negotiation of the 2007 Agreement.

25.    All documents regarding the negotiation of 1974 Pension Trust contribution rates for the 2002 NBCWA.

26.    All documents relating to any decision, action, or exercise of authority by  BCOA, from 1995 to present, to change the contribution rates to the 1950 Pension Trust and 1974 Pension Trust.

27.    Any submissions made to any court regarding the meaning, interpretation, or intent of the parties regarding the Evergreen Clause,

-11-

including any supporting materials such as exhibits, testimony, affidavits, or declarations, whether submitted to the court by BCOA or some other party.

28.    To the extent not provided in response to document request number 27, all documents regarding the meaning, interpretation, or intent of the parties with respect to the phrase in the Evergreen Clause "and any successor agreement thereto."

29.    Any submissions made to any court regarding the meaning, interpretation, or intent of the parties regarding the Guarantee Clause, including any supporting materials such as exhibits, testimony, affidavits, or declarations, whether submitted to the court by BCOA or some other party.

30.    To the extent not provided in response to document request number 29, all documents regarding the meaning, interpretation, or intent of the parties with respect to the phrase in the Guarantee Clause, "[i]n order to fully fund these guaranteed benefits."

31.    Any submissions made to any court regarding BCOA's duties or potential liability to any former BCOA member company related to that member's obligation to make contributions to the 1974 Pension Trust as a result of the Evergreen or Guarantee Clauses, including any supporting materials such as exhibits, testimony, affidavits, or declarations and all pleadings from any such action, whether submitted to the court by BCOA or some other party.

32.    To the extent not provided in response to document request number 31, all documents regarding BCOA's duties or potential liability to any former BCOA member company related to that member's obligation to make contributions to the 1974 Pension Trust as a result of the Evergreen or Guarantee Clauses.

33.    All documents regarding the meetings and/or activities of the BCOA's Chief Executive Officer Committee, Negotiating Committee, Support Committee, and Benefits Committee and/or Subcommittee during the years 2001 to the present, including all official and unofficial correspondence, memoranda, notes, records, minutes, and/or transcripts that document the meetings and/or activities of such committees.

34.    Documents identifying the source of BCOA operating income, including membership fees, for the years 1977-78, and the years 2001 to the present.

35.    All documents regarding any applications and/or requests, whether formal or informal, made by any person to become a member of BCOA from 2001 to present and all documents regarding the determination to either grant or deny such applications and/or requests.

36.    Documents that reflect the number of UMWA-represented employees of each BCOA member at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

-13-

37.    Documents that reflect the percentage of UMWA-represented employees of each BCOA member or by BCOA at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

38.    All documents regarding (1) the transfers of funds from the 1974 Pension Trust to the 1993 Benefit Trust, including any amounts transferred at the request of the plan participant, and (2) payments of additional pension benefits to plan participants in recognition of the anticipated hardship due to increased medical costs under the 1993 Benefit Trust during the plan years 2002 through 2006.

39.    To the extent not already provided in response to request number 38, any analysis performed by, performed for, provided to, or relied upon by BCOA regarding the effect of the transfers of funds from the 1974 Pension Trust to the 1993 Benefit Trust and/or the payment of additional benefits to 1993 Benefit Trust beneficiaries on the financial condition of the 1974 Pension Trust, including any analysis of future benefit expenses, funding, and any needed increase in contributions to the Trust as a result of the fund transfers and/or payment of additional benefits.

40.    All communications from 2002 to present with members of the United States Congress and/or their staff regarding multiemployer pension funding and related legislation and/or legislative activity.

-14-

41.    All documents provided to or received from UMWA or the 1974 Pension Trust regarding federal legislation and/or legislative activity related to multiemployer pension funding

42.    All documents regarding any assessment, evaluation, and/or analysis of the level of 1974 Pension Trust contributions necessary to comply with the Pension Protection Act of 2006.

_____
Michael W. Robinson
DC Bar No. 437979
Gregory J. Ossi
DC Bar No. 460243
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel    (703) 760-1600
Fax    (793) 812-8949

Paul M. Smith
DC Bar No. 358870
Jessica Ring Amunson
DC Bar No. 497223
JENNER & BLOCK LLP
601 13th street, NW
Washington, DC 20005
Tel    (202) 639-6000
Fax    (202) 661-4993

Susan C. Levy (*pro hac vice*)
JENNER & BLOCK LLP
333 North Wabash Avenue
Chicago, IL 60611
Tel (312) 923-2772
Fax (312) 840-7772

*Counsel for Freeman United Coal Mining Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2007, I served Freeman's Request for Production of Documents to Defendant Bituminous Coal Operators Association, Inc. by U.S. first class mail, postage prepaid, upon:

PETER BUSCEMI, D.C. Bar No. 269092
STANLEY F. LECHNER, D.C Bar No. 370986
CHARLES P. GROPPE, D.C. Bar No. 464035
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
E-mail: pbuscemi@morganlewis.com
slechner@morganlewis.com
cgroppe@morganlewis.com

***Counsel for Defendant***
***Bituminous Coal Operators' Association,***
***Inc.***

GRANT CRANDALL
DEBORAH STERN, DC Bar No.362764
United Mine Workers of America
8315 Lee Highway
Fairfax, VA 22031
(703) 208-7200

JOHN R. MOONEY, DC Bar No. 375886
MARK J. MURPHY, DC Bar No. 453060
Mooney, Green, Baker
& Saindon, P.C.
1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-0010

***Counsel for Defendant United Mine***
***Workers of America***

JULIA PENNY CLARK, D.C. Bar No. 269609
ANDREW D. ROTH, D.C. Bar No. 414038
CHARLOTTE GARDEN, D.C. Bar No. 489040
Bredhoff & Kaiser P.L.L.C.
805 Fifteenth Street N.W.
Suite 1000
Washington, DC 20005
Telephone: 202-842-2600

DAVID W. ALLEN, General Counsel, D.C. Bar No. 81638
LARRY D. NEWSOME, Associate General Counsel, D.C. Bar No. 254763
CHRISTOPHER F. CLARKE, Senior Assistant General Counsel, D.C. Bar
No. 441708
UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: 202-521-2238

***Counsel for Michael H. Holland, Micheal
W. Buckner, B.V. Hyler and Steven F.
Schaab and the United Mine Workers of
America 1974 Pension Trust***

JOHN R. WOODRUM
D.C. Bar No. 933457
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
2400 N. Street
Fifth Floor
Washington, DC 20037

***Counsel for Defendant Monterey Coal
Company***

_____
Gregory J. Ossi

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL H. HOLLAND,<br>MICHEAL W. BUCKNER,<br>B.V. HYLER<br>and STEVEN F. SCHAAB as<br>TRUSTEES of the UNITED MINE<br>WORKERS OF AMERICA 1974<br>PENSION TRUST,<br><br>    Plaintiffs,<br><br>    v.<br><br>FREEMAN UNITED COAL<br>MINING COMPANY, *et al.,*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:07-cv-00490<br>)<br>)<br>)<br>)<br>)<br>) |
| FREEMAN UNITED COAL MINING<br>COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED MINE WORKERS OF<br>AMERICA, *et al.,*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:07-cv-1050<br>) Judge Paul L. Friedman<br>)<br>)<br>)<br>) |

**FREEMAN UNITED COAL MINING COMPANY'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT UNITED MINE WORKERS OF AMERICA**

Freeman United Coal Mining Company ("Freeman"), by its counsel,

requests that defendant United Mine Workers of America ("UMWA")

produce the following documents and things for inspection and copying

pursuant to Rule 34, Fed. R. Civ. P.

## DEFINITIONS AND INSTRUCTIONS

1.     The term "document" or "documents" is to be given its broadest possible interpretation under Rule 34, including electronically stored information, and its meaning shall include the original of any written, printed, typed, photographic and recorded matter of any kind or character, however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, microfilm, magnetic and electronic recordings, sound recordings, computer print-outs or records.  The term "document" shall also include any and all drafts and non-identical copies of the aforementioned.

2.     A document "relating to" a given subject means a document that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information on, or is in any way pertinent to that subject.

3.     A document "regarding" a given subject means a document that comprises, addresses, discusses, comments on, or describes that subject.

4.     The term "electronically stored information" shall mean any information, created, stored or best utilized with computer technology of any type or means.  It includes, but is not limited to, data; word-processing documents; spreadsheets; presentation documents; graphics;

animation; images; email (including attachments); instant messages; audio, video and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; CDs; discs; diskettes; drives, tapes, cartridges and other storage media; printers; the internet; personal digital assistants; handheld wireless devices; cellular telephones; pagers; fax machines and voicemail systems.

5.    The terms "person" or "persons" means any and all entities whatsoever, including, without limitation, individuals, associations, firms, companies, partnerships, joint ventures, corporations, subsidiaries, trusts, estates, departments, divisions, affiliates, groups, bureaus, public agencies or boards, as well as any and all predecessors and/or successors-in-interest to any of the foregoing.

6.    The term "communication" means any writing or oral conversation, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, telegraphic and telex communications, and email.

7.    The term "negotiation" means the entire process by which persons attempt to reach agreement regarding a particular subject and/or contract, and includes preparing for, strategizing with regard to, making, and responding to proposals and counter-proposals, discussions, and/or any other methods by which the parties seek to reach agreement.

8.    The term "BCOA" means Defendant Bituminous Coal Operators' Association, including any one or more of its committees, subcommittees, officers, directors, employees, agents, representatives, consultants and attorneys.

9.    The terms "BCOA member" and "BCOA member company" mean bituminous coal operators, whether or not incorporated; bituminous coal operator associations, whether or not incorporated; and any other entity that is admitted to membership into the BCOA.

10.    The term "UMWA" means Defendant United Mine Workers of America and its parent and affiliated entities, whether incorporated or unincorporated, including local, regional, and other affiliated unions. The term also includes officers, directors, employees, agents, representatives, consultants and attorneys of Defendant United Mine Workers of America and its parent and affiliated entities.

11.    The term "Consol" means Consol Energy, Inc., and its subsidiary and affiliated corporate entities, and their respective officers, directors, employees, agents, representatives, consultants and attorneys.

12.    The term "NBCWA" means the agreements between BCOA and UMWA denominated as National Bituminous Coal Wage Agreement.

13.    The term "2007 Agreement" means the wage agreement between UMWA and BCOA that went in effect on or about January 1, 2007.

14.    The term "2003 Freeman Agreement" means the wage agreement between Freeman United Coal Mining Company and the UMWA that went into effect on or about January 16, 2003.

15.    The term "1974 Pension Trust" means the United Mine Workers of America 1974 Pension Trust, which was established pursuant to Article XX of the National Bituminous Coal Wage Agreement of 1974. For the purpose of this Request, the term also means (1) the UMWA 1974 Pension Plan or (2) the UMWA Health and Welfare Funds when acting on behalf of or as a fiduciary of the 1974 Pension Plan and Trust.

16.    The term "1950 Pension Trust" means the United Mine Workers of America 1950 Pension Trust, which, pursuant to Article XX of the National Bituminous Coal Wage Agreement of 1974, replaced the "United Mine Workers of America Welfare and Retirement Fund of 1950." For the purpose of this Request, the term also means (1) the UMWA 1950 Pension Plan or (2) the UMWA Health and Welfare Funds when acting on behalf of or as a fiduciary of the 1950 Pension Plan and Trust.

17.    The term "1993 Benefit Trust" means the United Mine Workers of America 1993 Benefit Trust, which were established pursuant to Article XX of the National Bituminous Coal Wage Agreement of 1993. For the purpose of this Request, the term also means (1) the UMWA 1993 Benefit Plan or (2) the UMWA Health and Welfare Funds when acting on behalf of or as a fiduciary of the 1993 Benefit Plan and Trust.

18.    The term "Guarantee Clause" means Section (h) of Article XX
of the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 National
Bituminous Coal Wage Agreements; Section (h) of Article XX of the 2007
Agreement; and any similar clause that addresses the guarantee of the
1974 Pension Trust benefits and includes the phrase "In order to fully
fund these guaranteed benefits, the BCOA may increase, not decrease,
the rate of contributions to be made to the....1974 Pension Fund." This
definition includes  the clause set forth in Section (h) of Article XX of the
2003 wage agreement between Freeman United Coal Mining Company
and the UMWA entitled "Guarantee of 1950 and 1974 Plans and Trusts."

19.    The term "Evergreen Clause" means Article X of both the
1974 Pension Trust and the 1950 Pension Trust as that Article read
when first included in the 1974 and 1950 Trusts and as that Article has
been amended from time to time.

20.    The term "Davis Report" means the monthly report of the
unaudited financial statements of the UMWA Health and Retirement
Funds sometimes entitled Davis Report, including any monthly report on
the financial statements of the UMWA 1974 Pension Plan.

21.    The term "you" or "your" shall mean and be deemed to refer
to the party to whom this discovery is directed.

22.    To the extent a privilege is claimed with respect to any
document covered by this Request for Production of Documents,

Defendant is requested to state with respect to such document the following, as applicable:

      a.    The author of such document;

      b.    To whom such document is addressed;

      c.    The date upon which such document was prepared;

      d.    The title or heading of such document;

      e.    The type of document (e.g., handwritten notes, memorandum, tape recording, journal, desk calendar, books of account, etc.);

      f.    Any other information which might be necessary to describe such document sufficiently for designation thereof;

      g.    The present location and custodian of such document; and

      h.    The grounds for claiming privilege.

23.    It is requested that, to the extent possible, all documents produced in response to this Request be arranged in separate categories identified by the paragraph number of this Request to which such documents are responsive.

24.    To the extent documents are maintained in electronic formats, this Request calls for production in electronic format. Documents maintained in electronic formats should be produced in their native formats as they currently exist on your storage media and devices.

25.    Should you or others subject to your control, including your attorneys, become aware of documents responsive to this Request

subsequent to your initial inspection, it is requested and directed that such documents promptly be made available for inspection and copying.

26.    A document shall be deemed to refer to a matter if it expressly or otherwise refers to the matter, or if its subject matter bears a clear logical relationship to this matter.

27.    Documents are to be produced within 30 days from the date of service at the offices of Jenner & Block, LLP, 601 Thirteenth Street, NW, Suite 1200 South, Washington, DC 20005-3823 or at some other agreed upon location.

## DOCUMENTS TO BE PRODUCED

1.    All files maintained by UMWA regarding 2007 Agreement and/or the negotiation of the 2007 Agreement.

2.    All correspondence or communications between UMWA and BCOA or between UMWA and Consol regarding the 2007 Agreement.

3.    All proposals and counter-proposals exchanged between UMWA and BCOA or between UMWA and Consol for the 2007 Agreement.

4.    All documents provided to or received from BCOA regarding the 2007 Agreement.

5.    All documents provided to or received from Consol regarding the 2007 Agreement.

-8-

6.    All documents regarding the negotiation of the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

7.    All correspondence or communications between or among UMWA and Patricia Lang, J. Brett Harvey, Peter B. Lilly, Daniel L. Fassio, or B. V. Hyler regarding the 2007 Agreement.

8.    All documents regarding the negotiation of the 1974 Pension Trust contribution rates contained in the 2002 NBCWA.

9.    All documents regarding the negotiation of the 2007 Agreement, including:  memoranda regarding the negotiation sessions for the 2007 Agreement; all notes taken by any person participating in the negotiations for the 2007 Agreement;  communications between or among individuals; and any official and unofficial correspondence, notes, records, minutes, transcripts, and proposals that document the negotiation of the 2007 Agreement.

10.    All correspondence or communications between UMWA and UMWA-appointed trustees of the 1974 Pension Trust regarding the 2007 Agreement and/or the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

11.    Documents that identify the individuals responsible for negotiating the 1998 and 2002 NBCWAs on behalf of UMWA.

12.    Documents that identify the individuals responsible for negotiating the 2007 Agreement on behalf of UMWA.

13. Any analysis performed by, performed for, provided to, or relied upon by UMWA from 1995 to the present regarding the financial condition of 1974 Pension Trust, including any analysis of future benefit expenses, funding, and any needed increase in contributions to the Trust.

14. Any submissions made to any court regarding the meaning, interpretation, or intent of the parties with respect to the Evergreen Clause, including any supporting materials such as exhibits, testimony, affidavits, or declarations, whether submitted to the court by UMWA or some other party.

15. To the extent not provided in response to document request number 14, all documents regarding the meaning or interpretation of the phrase "and any successor agreement thereto" contained in the Evergreen Clause, or regarding the intent of the parties in the use of the phrase.

16. Any submissions made to any court regarding the meaning, interpretation, or intent of the parties with respect to the Guarantee Clause, including any supporting materials such as exhibits, testimony, affidavits, or declarations, whether submitted to the court by UMWA or some other party.

17. To the extent not provided in response to document request number 16, all documents regarding the meaning or interpretation of the phrase "[i]n order to fully fund these guaranteed benefits" contained in

-10-

the Guarantee Clause, or regarding the intent of the parties in the use of the phrase.

18.    Documents that identify the number of UMWA-represented employees employed by each BCOA member at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

19.    Documents that identify the percentage of UMWA-represented employees employed by each BCOA member or by BCOA members at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

20.    All documents regarding the negotiation of the contribution rates to the 1974 Pension Plan to be included in the 2003 Freeman Agreement.

21.    All documents regarding (1) the transfers of funds from the 1974 Pension Trust to the 1993 Benefit Trust, including any amounts transferred at the request of the plan participant, and (2) payments of additional pension benefits to plan participants in recognition of the anticipated hardship due to increased medical costs under the 1993 Benefit Trust during the plan years 2002 through 2006.

22.    To the extent not already provided in response to request number 21, any analysis performed by, performed for, provided to, or relied upon by UMWA regarding the effect of the transfers of funds from the 1974 Pension Trust to the 1993 Benefit Trust and/or the payment of

-11-

additional benefits to 1993 Benefit Trust beneficiaries on the financial

condition of 1974 Pension Trust, including any analysis of future benefit

expenses, funding, and any needed increase in contributions to the Trust

as a result of the fund transfers and/or payment of additional benefits.

23.    All communications from 2002 to present with members of

the United States Congress and/or their staff regarding multiemployer

pension funding and related legislation and/or legislative activity.

24.    All documents provided to or received from BCOA or the

1974 Pension Trust regarding federal legislation and/or legislative

activity related to multiemployer pension funding

25.    All documents regarding any assessment, evaluation, and/or

analysis of the level of 1974 Pension Trust contributions necessary to

comply with the Pension Protection Act of 2006.

26.    All documents regarding any agreement with Consol in 2006

or 2007 that is not identified in an NBCWA.

Michael W. Robinson
DC Bar No. 437979
Gregory J. Ossi
DC Bar No. 460243
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel     (703) 760-1600
Fax    (793) 812-8949

Paul M. Smith
DC Bar No. 358870
Jessica Ring Amunson
DC Bar No. 497223

JENNER & BLOCK LLP
601 13th street, NW
Washington, DC 20005
Tel    (202) 639-6000
Fax    (202) 661-4993

Susan C. Levy (*pro hac vice*)
JENNER & BLOCK LLP
333 North Wabash Avenue
Chicago, IL 60611
Tel (312) 923-2772
Fax (312) 840-7772

*Counsel for Freeman United Coal Mining Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2007, I served Freeman's Request for Production of Documents to United Mine Workers of America by U.S. first class mail, postage prepaid, upon:

GRANT CRANDALL
DEBORAH STERN, DC Bar No.362764
United Mine Workers of America
8315 Lee Highway
Fairfax, VA 22031
(703) 208-7200

JOHN R. MOONEY, DC Bar No. 375886
MARK J. MURPHY, DC Bar No. 453060
Mooney, Green, Baker
& Saindon, P.C.
1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-0010

***Counsel for Defendant United Mine
Workers of America***


PETER BUSCEMI, D.C. Bar No. 269092
STANLEY F. LECHNER, D.C Bar No. 370986
CHARLES P. GROPPE, D.C. Bar No. 464035
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
E-mail: pbuscemi@morganlewis.com
slechner@morganlewis.com
cgroppe@morganlewis.com

***Counsel for Defendant
Bituminous Coal Operators' Association,
Inc.***

JULIA PENNY CLARK, D.C. Bar No. 269609
ANDREW D. ROTH, D.C. Bar No. 414038
CHARLOTTE GARDEN, D.C. Bar No. 489040
Bredhoff & Kaiser P.L.L.C.
805 Fifteenth Street N.W.
Suite 1000
Washington, DC 20005
Telephone: 202-842-2600

DAVID W. ALLEN, General Counsel, D.C. Bar No. 81638
LARRY D. NEWSOME, Associate General Counsel, D.C. Bar No. 254763
CHRISTOPHER F. CLARKE, Senior Assistant General Counsel, D.C. Bar
No. 441708
UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: 202-521-2238

*Counsel for Michael H. Holland, Micheal
W. Buckner, B.V. Hyler and Steven F.
Schaab and the United Mine Workers of
America 1974 Pension Trust*

JOHN R. WOODRUM
D.C. Bar No. 933457
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
2400 N. Street
Fifth Floor
Washington, DC 20037

*Counsel for Defendant Monterey Coal
Company*

Gregory J. Ossi

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Holland, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 07-cv-490 (PLF) |
| Freeman United Coal Mining Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Freeman United Coal Mining Company, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-cv-1050 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| United Mine Workers of America, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BCOA'S RESPONSES AND OBJECTIONS TO FREEMAN UNITED COAL MINING COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Local Rule 26.2(d) and Rule 34 of the Federal Rules of Civil Procedure, Defendant Bituminous Coal Operators' Association, Inc. ("BCOA") hereby serves its responses and objections to Plaintiff Freeman United Coal Company's ("Freeman") First Request for Production of Documents ("Document Requests").

## GENERAL OBJECTIONS

1.     BCOA objects to the Document Requests to the extent that they seek information and documents beyond the scope of the issues raised by BCOA in its pending motion for summary judgment.  In light of BCOA's motion, as well as the

pending motions for summary judgment filed in these consolidated cases by the United

Mine Workers of America ("UMWA") and the UMWA 1974 Pension Trust, there are

few, if any, genuine issues of material fact in dispute between the parties, negating the

need for extensive and irrelevant discovery in these cases. To the extent that Freeman,

after reviewing BCOA's pending motion, believes that it needs certain discovery to

oppose BCOA's motion, BCOA will consider any such requests that are presented

through an affidavit under Fed. R. Civ. P. 56(f) and that state with specificity what

discovery Freeman believes is necessary to address BCOA's motion, how such discovery

potentially may show a genuine issue of material fact, and why Freeman assertedly

cannot, absent such discovery, present facts essential to justify its opposition to BCOA's

motion. *See* 3D James Wm. Moore et al., Moore's Federal Practice ¶ 16.36[3][g] at 16-

101 (3d ed. 2006) (discussing Rule 56(f), and noting that, with summary judgment

motion on file, "counsel for opposing party can identify with particularity the discovery

that counsel must complete to fairly defend his or her client's position.")

      2.    BCOA objects to the Document Requests on the grounds that the

nature of BCOA and its role in negotiating the National Bituminous Coal Wage

Agreements ("NBCWAs") with the UMWA since approximately 1950 is well known and

not disputed. Such information should be particularly well known to Freeman because

Freeman was a member of BCOA for approximately 31 years before Freeman itself

severed the relationship and terminated BCOA's authority to represent Freeman in

collective bargaining with the UMWA. Recreating BCOA's history, as well as engaging

in an extensive and time-consuming search for responsive documents stretching back to

the very beginning of BCOA in 1950, is overly broad, unduly burdensome, and irrelevant to the issues raised in this case.

     3.    BCOA objects to the Document Requests to the extent they seek information related to claims or defenses that already have been decided in prior litigation, including the *Pittston* litigation. *See In re United Mine Workers of America Benefit Plans Litig.*, 782 F. Supp. 658 (D.D.C. 1992), *aff'd, United Mine Workers of America 1974 Pension Plan, et al. v. Pittston Co.*, 984 F.2d 469 (D.C. Cir.), *cert. denied*, 509 U.S. 924 (1993)("*Pittston*"). Freeman's attempt to pursue discovery on issues previously resolved in *Pittston* is improper and a gross waste of the parties' time and resources.

     4.    BCOA objects to the Document Requests to the extent that they seek information related to any matter other than the contribution obligation contained in the 2007 NBCWA and the UMWA 1974 Pension Plan's attempt to enforce that obligation.

     5.    BCOA objects to the Document Requests to the extent that they seek information regarding BCOA's negotiation of any provision contained in any NBCWA other than BCOA's negotiation of the current contribution rate for the UMWA 1974 Pension Trust contained in the NBCWA of 2007.

     6.    BCOA objects to the Document Requests to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

     7.    BCOA objects to the Document Requests to the extent they seek the disclosure of documents or information that are subject to one or more privileges or

protections from disclosure, including, but not limited to: the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection available under applicable law.  In preparing its responses to these Document Requests, BCOA has assumed that the Requests are limited in time such that they do not seek attorney-client or attorney work product material generated after the commencement of litigation.

8.     BCOA objects to the Document Requests to the extent they seek information or documents that are confidential, proprietary, or sensitive in nature with respect to BCOA or any of its current or former members.

9.     BCOA objects to the Document Requests to the extent they seek the production of documents covered by pre-existing protective orders or confidentiality agreements in unrelated litigation.  BCOA further objects to the production of any material subject to such protective orders or confidentiality agreements unless and until Freeman obtains the necessary waivers from the parties covered by such protective orders or agreements allowing disclosure of relevant materials to Freeman.

10.     BCOA objects to the Document Requests to the extent they seek the production of documents not in BCOA's possession, custody, or control.

11.     BCOA objects to the Document Requests to the extent they are unlimited in time, scope, and subject matter and as such are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12.     BCOA objects to the production of any documents responsive to these Documents Requests without the entry of a mutually acceptable protective order governing access to the material so produced.

13.    BCOA objects to the Definitions to the extent that they include oral exchanges of information of any nature on the basis that such definitions are unduly burdensome, overly broad, and ambiguous within the context of a request for the production of documents.  BCOA further objects to the Definitions to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

14.    BCOA objects to the Definition "2007 Agreement" on the grounds that it is ambiguous, and that the only agreement negotiated by BCOA and the UMWA that became effective in 2007 is the NBCWA of 2007.  In responding to these Document Requests, BCOA has assumed that any such reference to the "2007 Agreement" relates to the NBCWA of 2007.

15.    BCOA objects to Freeman's Instructions to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.  In addition, BCOA intends to make available responsive documents for inspection and copying at the offices of Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Ave, NW, Washington, DC 20004.  Such documents will be produced to the extent practical as they are kept in the normal course of business by BCOA.

16.    BCOA has conducted a reasonable search for materials responsive to these Document Requests.  BCOA objects to conducting any more exhaustive search on the grounds that such an effort would be unduly burdensome and would be unlikely to lead to the discovery of materials relevant to the issues raised in this litigation.  BCOA

expressly reserves the right to amend or supplement these response and objections, if necessary.

      17.    BCOA's responses to Plaintiff's Document Requests should not be deemed admissions. BCOA reserves the right to raise objections at trial regarding the admissibility of any of the information that it provides or agrees to provide in response to these Document Requests.

      18.    BCOA submits its responses without conceding the relevance or materiality of the subject matter of any Document Request, and without prejudice to its right to object to further discovery, to object to the admissibility at trial of any document requested, or to object to any other proceeding in this action.

      19.    BCOA incorporates by reference in its Specific Objections and Responses the foregoing General Objections as if expressly restated in response to each specific Document Request.

**SPECIFIC OBJECTIONS**
**(In Addition To The Objections Above)**

**Document Request 1:**    BCOA's Articles of Incorporation.

**Responses and Objections:**  BCOA objects to this Document Request in that it seeks information and documents that are not relevant to the claims or defenses of the parties. BCOA further objects to this Document Request to the extent that it seeks information and documents outside the time period relevant to Freeman's claims in this case and the issues asserted in BCOA's pending motion for summary judgment. Subject to and without waiving any objections, BCOA will

produce its Articles of Incorporation, which were in effect during the negotiation

of the 2007 NBCWA.


**Document Request 2:**    BCOA's current Constitution and Bylaws and those in effect at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

**Responses and Objections**:  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad and seeks information and

documents that are not relevant to the claims or defenses of the parties in this

case.  BCOA further objects to this Document Request to the extent that it seeks

information and documents outside the time period relevant to Freeman's claims

and the issues asserted in BCOA's pending motion for summary judgment.

BCOA also objects to this Document Request to the extent that the term "2007

Agreement" refers to anything other than the NBCWA of 2007.  Subject to and

without waiving any objections, BCOA will produce its Constitution and By-

Laws that were in effect during the negotiation of the 2007 NBCWA.


**Document Request 3:**    A roster, list, or compilation of BCOA members for each year from 1977 to the present.

**Responses and Objections**:    In addition to its General Objections, BCOA

objects to this Document Request on the grounds that, in its pending motion for

summary judgment, BCOA has disclosed the maximum and minimum number of

companies that have been members of BCOA during the period referenced in this

Document Request.  BCOA also objects to this Document Request on the grounds

that it is overly broad, unduly burdensome, and seeks information and documents

that are not relevant to the claims or defenses of the parties.  BCOA further

objects to this Document Request to the extent that it seeks information and

documents outside the time period relevant to Freeman's claims and the issues

asserted in BCOA's pending motion for summary judgment.  Subject to and

without waiving any objections, BCOA will produce documents responsive to this

Document Request regarding its membership during the negotiations concerning

the 2007 NBCWA.

**Document Request 4:**     Documents identifying members of BCOA's Negotiating
Committee at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and
the 2007 Agreement were negotiated.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  BCOA further objects to this Document Request to the extent that it

seeks information and documents outside the time period relevant to Freeman's

claims and the issues asserted in BCOA's pending motion for summary judgment.

BCOA also objects to this Document Request to the extent that the term "2007

Agreement" refers to anything other than the NBCWA of 2007.  Subject to and

without waiving any objections, BCOA will produce documents in response to

this Document Request pertaining to the negotiation of the 2007 NBCWA.

**Document Request 5:**     If different from the individuals identified in response to request number 4, documents identifying the individuals responsible for negotiating the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement on behalf of BCOA.

**Responses and Objections:**  In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant to the claims or defenses of the parties.  BCOA further objects to this Document Request to the extent that it seeks information and documents outside the time period relevant to Freeman's claims and the issues asserted in BCOA's pending motion for summary judgment. BCOA also objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007.  Subject to and without waiving any objections, BCOA will produce documents in response to this Document Request pertaining to the negotiation of the 2007 NBCWA.

**Document Request 6:**     Documents identifying members of BCOA's Chief Executive Officer Committee at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

**Responses and Objections:**  In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant to the claims or defenses of the parties.  BCOA further objects to this Document Request to the extent that it seeks information and documents outside the time period relevant to Freeman's claims and the issues asserted in BCOA's pending motion for summary judgment. BCOA also objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007.  Notwithstanding

the foregoing objections, BCOA states that it has no documents responsive to this

Document Request related to the negotiation of the 2007 NBCWA.


**Document Request 7:**    Documents identifying members of BCOA's Support
Committee at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and
the 2007 Agreement were negotiated.

**Responses and Objections:** In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  BCOA further objects to this Document Request to the extent that it

seeks information and documents outside the time period relevant to Freeman's

claims and the issues asserted in BCOA's pending motion for summary judgment.

BCOA also objects to this Document Request to the extent that the term "2007

Agreement" refers to anything other than the NBCWA of 2007.  Notwithstanding

the foregoing objections, BCOA states that it has no documents responsive to this

Document Request related to the negotiation of the 2007 NBCWA.


**Document Request 8:**    Documents identifying members of BCOA's Benefits
Committee and/or Subcommittee at the time the 1978, 1981, 1984, 1988, 1993, 1998, and
2002 NBCWAs and the 2007 Agreement were negotiated.

**Responses and Objections:** In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  BCOA further objects to this Document Request to the extent that it

seeks information and documents outside the time period relevant to Freeman's

claims and the issues asserted in BCOA's pending motion for summary judgment. BCOA also objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007. Notwithstanding the foregoing objections, BCOA states that no Benefits Committee or Subcommittee was appointed in connection with the negotiation of the 2007 NBCWA.

**Document Request 9:**    All documents regarding BCOA's membership voting to approve the 2007 Agreement.

**Responses and Objections:**  In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad and seeks information and documents that are not relevant to the claims or defenses of the parties.  BCOA further objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007.  Subject to and without waiving any objections, BCOA will produce documents responsive to this request to the extent any such documents exist.

**Document Request 10:**   All files maintained by BCOA regarding the 2007 agreement and/or the negotiation of the 2007 Agreement.

**Responses and Objections:**  In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant to the claims or defenses of the parties.  BCOA further objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007.

Finally, BCOA objects to this Document Request to the extent that it seeks documents that are confidential or proprietary to BCOA or its members, the disclosure of which would require BCOA to reveal confidential business and collective bargaining strategy that would harm BCOA's ability to collectively bargain on behalf of its membership in future negotiations over the NBCWA. Subject to and without waiving any objections, BCOA will produce responsive documents related to the negotiation of the contribution rate for the UMWA 1974 Pension Trust that is contained in the NBCWA of 2007.

**Document Request 11:**    All correspondence and communications between BCOA and UMWA regarding the 2007 Agreement.

**Responses and Objections:**  In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant to the claims or defenses of the parties.  BCOA also objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007.  Finally, BCOA objects to this Document Request to the extent that it seeks documents that are confidential or proprietary to BCOA or its members, the disclosure of which would require BCOA to reveal confidential business and collective bargaining strategy that would harm BCOA's ability to collectively bargain on behalf of its membership in future negotiations over the NBCWA.  Subject to and without waiving any objections, BCOA will produce responsive documents related to the negotiation of the contribution rate for the UMWA 1974 Pension Trust that is contained in the NBCWA of 2007.

**Document Request 12:**   All correspondence and communications between BCOA and Consol regarding the 2007 Agreement.

**Responses and Objections:**  In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant to the claims or defenses of the parties.  BCOA also objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007.  Finally, BCOA objects to this Document Request to the extent that it seeks documents that are confidential or proprietary to BCOA or its members, the disclosure of which would require BCOA to reveal confidential business and collective bargaining strategy that would harm BCOA's ability to collectively bargain on behalf of its membership in future negotiations over the NBCWA.  Subject to and without waiving any objections, BCOA will produce responsive documents related to the negotiation of the contribution rate for the UMWA 1974 Pension Trust that is contained in the NBCWA of 2007.

**Document Request 13:**   All proposals and counter-proposals exchanged between BCOA and UMWA regarding the 2007 Agreement.

**Responses and Objections:**  In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant to the claims or defenses of the parties.  BCOA also objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007.  Finally,

BCOA objects to this Document Request to the extent that it seeks documents that are confidential or proprietary to BCOA or its members, the disclosure of which would require BCOA to reveal confidential business and collective bargaining strategy that would harm BCOA's ability to collectively bargain on behalf of its membership in future negotiations over the NBCWA. Subject to and without waiving any objections, BCOA will produce responsive documents related to the negotiation of the contribution rate for the UMWA 1974 Pension Trust that is contained in the NBCWA of 2007.

**Document Request 14:**    All documents provided to or received from UMWA regarding the 2007 Agreement.

**Responses and Objections:** See Response to Document Request No. 13.

**Document Request 15:**    All documents regarding the negotiation of the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

**Responses and Objections:** In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant to the claims or defenses of the parties. BCOA also objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007. Finally, BCOA objects to this Document Request to the extent that it seeks documents that are confidential or proprietary to BCOA or its members, the disclosure of which would require BCOA to reveal confidential business and collective bargaining strategy that would harm BCOA's ability to collectively bargain on behalf of its

membership in future negotiations over the NBCWA.  Subject to and without

waiving any objections, BCOA will produce responsive documents related to the

negotiation of the contribution rate for the UMWA 1974 Pension Trust that is

contained in the NBCWA of 2007.


**Document Request 16:**   All correspondence or communications between BCOA and
BCOA-appointed trustees of the 1974 Pension Trust regarding the 2007 Agreement
and/or the increase in contribution rates to the 1974 Pension Trust contained in the 2007
Agreement.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  BCOA also objects to this Document Request to the extent that the term

"2007 Agreement" refers to anything other than the NBCWA of 2007.

Notwithstanding the foregoing objections, BCOA states that it has no documents

responsive to this request.


**Document Request 17:**   Any analysis performed by, performed for, provided to, or
relied upon by BCOA from 1995 to the present regarding the financial condition of 1974
Pension Trust, including any analysis of future benefit expenses, funding, and any needed
increase in contributions to the Trust.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  Subject to and without waiving any objections, BCOA will produce

responsive documents that relate to the negotiation of the contribution rate for the

UMWA 1974 Pension Trust contained in the NBCWA of 2007.


**Document Request 18:**   Any analysis performed by, performed for, provided to, or
relied upon by BCOA regarding the economic impact of the increase in contribution rates
to the 1974 Pension Trust contained in the 2007 Agreement on any current or former
BCOA member company.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  BCOA further objects to this Document Request to the extent that the

term "2007 Agreement" refers to anything other than the NBCWA of 2007.

Subject to and without waiving any objections, BCOA will produce documents

regarding the economic impact of the $2.00 contribution rate negotiated in the

2007 NBCWA to the extent any such documents exist.


**Document Request 19:**   All communications between BCOA and any current or former
BCOA member company regarding the negotiation of the 2007 Agreement.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  BCOA also objects to this Document Request to the extent that the term

"2007 Agreement" refers to anything other than the NBCWA of 2007.  Finally,

BCOA objects to this Document Request to the extent that it seeks documents that

are confidential or proprietary to BCOA or its members, the disclosure of which

would require BCOA to reveal confidential business and collective bargaining

strategy that would harm BCOA's ability to collectively bargain on behalf of its

membership in future negotiations over the NBCWA.  Subject to and without

waiving any objections, <u>see</u> Response to Document Request No. 12.

**Document Request 20:**    All communications between BCOA and any current or former BCOA member company regarding the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

**Responses and Objections:**  <u>See</u> Response to Document Request No. 19.

**Document Request 21:**    All documents regarding any effort by the BCOA to ascertain the financial impact of the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement on current and/or former BCOA member companies.

**Responses and Objections:**  <u>See</u> Response to Document Request No. 18.

**Document Request 22:**    All documents provided to BCOA members regarding the 2007 Agreement.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  In addition, BCOA objects to this Document Request to the extent that

the term "2007 Agreement" refers to anything other than the NBCWA of 2007.

Subject to and without waiving any objections, BCOA will produce responsive

documents related to the negotiation of the contribution rate for the UMWA 1974

Pension Trust that is contained in the NBCWA of 2007.

**Document Request 23:**  All documents provided to BCOA members regarding the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

**Responses and Objections:**  <u>See</u> Response to Document Request No. 22.

**Document Request 24:**  All documents regarding the negotiation of the 2007 Agreement, including: memoranda regarding the negotiation sessions for the 2007 Agreement; notes taken by any person participating in the negotiations for the 2007 Agreement; communications between or among individuals; and any official and unofficial correspondence, notes, records, minutes, transcripts, and proposals that document the negotiation of the 2007 Agreement.

**Responses and Objections:**  In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant to the claims or defenses of the parties.  BCOA also objects to this Document Request to the extent that the term "2007 Agreement" refers to anything other than the NBCWA of 2007.  Finally, BCOA objects to this Document Request to the extent that it seeks documents that are confidential or proprietary to BCOA or its members, the disclosure of which would require BCOA to reveal confidential business and collective bargaining strategy that would harm BCOA's ability to collectively bargain on behalf of its membership in future negotiations over the NBCWA.  Subject to and without waiving any objections, BCOA will produce responsive documents related to the negotiation of the contribution rate for the UMWA 1974 Pension Trust that is contained in the NBCWA of 2007.

**Document Request 25:**  All documents regarding the negotiation of 1974 Pension Trust contribution rates for the 2002 NBCWA.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  In addition, BCOA objects to this Document Request on the grounds that

the contribution rate was zero cents an hour immediately prior to, during the

negotiation of, and under the 2002 NBCWA.  In light of these objections, BCOA

objects to expending the time and resources to respond to this Document Request.

**Document Request 26:**  All documents relating to any decision, action, or exercise of authority by BCOA, from 1995 to present, to change the contribution rates to the 1950 Pension Trust and 1974 Pension Trust.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  Subject to and without waiving any objections, BCOA will produce

responsive documents related to the negotiation of the contribution rate for the

UMWA 1974 Pension Trust that is contained in the NBCWA of 2007.

**Document Request 27:**  Any submissions made to any court regarding the meaning, interpretation, or intent of the parties regarding the Evergreen Clause, including any supporting materials such as exhibits, testimony, affidavits, or declarations, whether submitted to the court by BCOA or some other party.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties. Subject to and without waiving any objections, BCOA has consented to

the production by the UMWA 1974 Pension Trust of documents produced in the

Evergreen Clause litigation, provided that an appropriate protective order is

entered into governing such production.

**Document Request 28:**   To the extent not provided in response to document request
number 27, all documents regarding the meaning, interpretation, or intent of the parties
with respect to the phrase in the Evergreen Clause "and any successor agreement
thereto."

**Responses and Objections:**  See Response to Document Request No. 27.

**Document Request 29:**   Any submissions made to any court regarding the meaning,
interpretation, or intent of the parties regarding the Guarantee Clause, including any
supporting materials such as exhibits, testimony, affidavits, or declarations, whether
submitted to the court by BCOA or some other party.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties. Subject to and without waiving any objections, BCOA has consented to

the production by the UMWA 1974 Pension Trust of any responsive documents

regarding the Guarantee Clause to the extent such documents were produced by

BCOA to the 1974 Pension Trust in the Evergreen Clause litigation, provided that

an appropriate protective order is entered into governing such production.

**Document Request 30:**   To the extent not provided in response to document request number 29, all documents regarding the meaning, interpretation, or intent of the parties with respect to the phrase in the Guarantee Clause, "[i]n order to fully fund these guaranteed benefits."

**Responses and Objections:**  <u>See</u> Response to Document Request No. 29.

**Document Request 31:**   Any submissions made to any court regarding BCOA's duties or potential liability to any former BCOA member company related to that member's obligation to make contributions to the 1974 Pension Trust as a result of the Evergreen or Guarantee Clauses, including any supporting materials such as exhibits, testimony, affidavits, or declarations and all pleadings from any such action, whether submitted to the court by BCOA or some other party.

**Responses and Objections:**  <u>See</u> Response to Document Request Nos. 27 to 30.

**Document Request 32:**   To the extent not provided in response to document request number 31, all documents regarding BCOA's duties or potential liability to any former BCOA member company related to that member's obligation to make contributions to the 1974 Pension Trust as a result of the Evergreen or Guarantee Clauses.

**Responses and Objections:**  <u>See</u> Response to Document Request Nos. 27 to 30.

**Document Request 33:**   All documents regarding the meetings and/or activities of the BCOA's Chief Executive Officer Committee, Negotiating Committee, Support Committee, and Benefits Committee and/or Subcommittee during the years 2001 to the present, including all official and unofficial correspondence, memoranda, notes, records, minutes, and/or transcripts that document the meetings and/or activities of such committees.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  In addition, BCOA objects to this Document Request to the extent that it

seeks information related to negotiations other than the negotiations over the

contribution rate for the UMWA 1974 Pension Trust contained in the 2007

NBCWA.  Finally, BCOA objects to this Document Request to the extent that it

seeks documents that are confidential or proprietary to BCOA or its members, the

disclosure of which would require BCOA to reveal confidential business and

collective bargaining strategy that would harm BCOA's ability to collectively

bargain on behalf of its membership in future negotiations over the NBCWA.

Subject to and without waiving any objections, BCOA will produce responsive

documents related to the negotiation of the contribution rate for the UMWA 1974

Pension Trust that is contained in the NBCWA of 2007.


**Document Request 34:**   Documents identifying the source of BCOA operating income, including membership fees, for the years 1977-78, and the years 2001 to the present.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request on the grounds that it is not relevant to any claim

asserted in this litigation.


**Document Request 35:**   All documents regarding any applications and/or requests, whether formal or informal, made by any person to become a member of BCOA from 2001 to present and all documents regarding the determination to either grant or deny such applications and/or requests.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request on the grounds that it is not relevant to any claim

asserted in this litigation.

**Document Request 36:**   Documents that reflect the number of UMWA-represented employees of each BCOA member at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.  BCOA further objects to this Document Request to the extent that the

term "2007 Agreement" refers to anything other than the NBCWA of 2007.


**Document Request 37:**   Documents that reflect the percentage of UMWA-represented employees of each BCOA member or by BCOA at the time the 1978, 1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were negotiated.

**Responses and Objections:**  <u>See</u> Response to Document Request No. 36.


**Document Request 38:**   All documents regarding (1) the transfers of funds from the 1974 Pension Trust to the 1993 Benefit Trust, including any amounts transferred at the request of the plan participant, and (2) payments of additional pension benefits to plan participants in recognition of the anticipated hardship due to increased medical costs under the 1993 Benefit Trust during the plan years 2002 through 2006.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.

**Document Request 39:**   To the extent not already provided in response to request number 38, any analysis performed by, performed for, provided to, or relied upon by BCOA regarding the effect of the transfers of funds from the 1974 Pension Trust to the 1993 Benefit Trust and/or the payment of additional benefits to 1993 Benefit Trust beneficiaries on the financial condition of the 1974 Pension Trust, including any analysis of future benefit expenses, funding, and any needed increase in contributions to the Trust as a result of the fund transfers and/or payment of additional benefits.

**Responses and Objections:**  <u>See</u> Response to Document Request No. 38.

**Document Request 40:**   All communications from 2002 to present with members of the United States Congress and/or their staff regarding multiemployer pension funding and related legislation and/or legislative activity.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.

**Document Request 41:**   All documents provided to or received from UMWA or the 1974 Pension Trust regarding federal legislation and/or legislative activity related to multiemployer pension funding.

**Responses and Objections:**  In addition to its General Objections, BCOA objects

to this Document Request in that it is overly broad, unduly burdensome, and seeks

information and documents that are not relevant to the claims or defenses of the

parties.

**Document Request 42:**   All documents regarding any assessment, evaluation, and/or analysis of the level of 1974 Pension Trust contributions necessary to comply with the Pension Protection Act of 2006.

**Responses and Objections:**  In addition to its General Objections, BCOA objects to this Document Request in that it is overly broad, unduly burdensome, and seeks information and documents that are not relevant to the claims or defenses of the parties.  Subject to and without waiving any objections, BCOA will produce responsive documents in response to this Document Request pertaining to the negotiation of the 2007 NBCWA.

Respectfully submitted,

Peter Buscemi
D.C. Bar No. 269092
Stanley F. Lechner
D.C Bar No. 370986
Charles P. Groppe
D.C. Bar No. 464035

DATED: September 11, 2007

MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel:    (202) 739-3000
Fax:    (202) 739-3001
E-mail: pbuscemi@morganlewis.com
        slechner@morganlewis.com
        cgroppe@morganlewis.com

*Counsel for Defendant*
Bituminous Coal Operators' Association,
Inc.

# CERTIFICATE OF SERVICE

I, Charles P. Groppe, certify that, on behalf of Defendant BCOA, I served

BCOA's Responses and Objections to Freeman United Coal Company's First Request for

the Production of Documents via email and First Class Mail, postage prepaid upon:

> Paul M. Smith
> Jessica R. Amunson
> Jenner & Block LLP
> 601 13th Street, NW
> Suite 12 South
> Washington, DC 20005
> psmith@jenner.com
> jamunson@jenner.com
>
> Susan C. Levy, Esq.
> Jenner & Block LLP
> 330 N. Wabash Avenue
> Chicago, IL 60611
> slevy@jenner.com
>
> Gregory J. Ossi, Esq.
> Michael W. Robinson, Esq.
> Venable LLP
> 8010 Towers Crescent Drive, Suite 300
> Vienna, VA 22182
> gjossi@venable.com
> mwrobinson@venable.com
>
> ***Counsel for Plaintiff***
>
> John R. Woodrum
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> 2400 N Street, NW
> Fifth Floor
> Washington, DC 20037
> john.woodrum@ogletreedeakins.com
>
> ***Counsel for Monterey Coal Company***
>
> Julia Penny Clark
> Andrew D. Roth
> Charlotte Garden
> Bredhoff & Kaiser P.L.L.C.
> 805 Fifteenth Street N.W.

Washington, DC  20005
JPClark@Bredhoff.com
aroth@bredhoff.com
CGarden@Bredhoff.com

***Counsel for Defendant UMWA 1974 Pension Plan
    and its Trustees***

Grant Crandall
Deborah Stern
United Mine Workers of America
8315 Lee Highway
Fairfax, VA 22031

John R. Mooney
Mark J. Murphy
Richard C. Welch
Mooney, Green, Baker
  & Saindon, P.C.
1920 L Street, N.W.
Washington, DC 20036
jmooney@mooneygreen.com
mmurphy@mooneygreen.com
rwelch@mooneygreen.com

***Counsel for Defendant United Mine Workers
    of America***

on this 11th day of September, 2007.

Charles P. Groppe
*Counsel for Defendant
Bituminous Coal Operators'
Association, Inc.*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004
Telephone: (202) 739-3000
Fax: (202) 739-3001
E-mail: cgroppe@morganlewis.com

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael H. Holland, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  07-cv-490 (PLF) |
| | ) | |
| Freeman United Coal Mining Co., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| Freeman United Coal Mining Co., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  07-cv-1050 (PLF) |
| | ) | |
| United Mine Workers of | ) | |
| America, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OBJECTIONS AND ANSWERS OF DEFENDANT
UNITED MINE WORKERS OF AMERICA
TO PLAINTIFF FREEMAN UNITED COAL MINING COMPANY'S
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

United Mine Workers of America ("UMWA" or "Union"), by its undersigned counsel, and

pursuant to Rule 34 of the Federal Rules of Civil Procedure submits these objections and responses

to Plaintiff Freeman United Coal Mining Company's First Request for Production of Documents.

**GENERAL OBJECTIONS**

1.    The UMWA objects to Plaintiff's First Request for Production of Documents to

the extent that these requests call for information protected by the attorney-client privilege, the

attorney work product privilege or any other privilege or immunity.  If any such information is

inadvertently revealed, no waiver is intended or will occur. The identification of any privileged document or communication herein does not constitute a waiver of such privilege nor an agreement to produce such privileged document or communication.

2.    The UMWA objects to Plaintiff's First Request for Production of Documents to the extent that these requests call for information that is not relevant to the subject matter or issues in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.

3.    The UMWA objects to Plaintiff's First Request for Production of Documents as being vague, overbroad, ambiguous and unduly burdensome.

4.    The UMWA objects to Plaintiff's First Request for Production of Documents to the extent that these requests purport to require the UMWA to attempt to produce or reconstruct documents or information not in its possession, custody, or control.

5.    The UMWA objects to Plaintiff's First Request for Production of Documents on the basis that these requests attempt to impose a greater obligation on the UMWA than required by the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND ANSWERS

In addition to the general objections set forth above, the UMWA states the following objections with respect to Plaintiff's First Request for Production of Documents.

1.    All files maintained by UWMA regarding 2007 Agreement and/or the negotiation of the 2007 Agrement.

**OBJECTION:**  The Union objects to this request on the grounds that this request is overbroad and unduly burdensome. In addition, the Union objects to the relevance of this request

2

to the extent that this request seeks documents concerning matters other than the increase in contribution rates to the 1974 Pension Trust contained in the 2007 NBCWA. The Union further objects to this request on the basis that it seeks information that is protected by the attorney-client privilege and the attorney work product privilege/doctrine. Finally, the Union objects to this request on the basis that it seeks production of documents that are proprietary to the Union, the disclosure of which would require the Union to reveal its bargaining strategy and negotiating positions which could adversely affect its ability to effectively conduct future negotiations and bargaining with coal industry employers. Notwithstanding the above objections, the Union intends to produce relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

2.     All correspondence or communications between UMWA and BCOA or between UMWA and Consol regarding the 2007 Agreement.

**OBJECTION:** The Union objects to this request on the grounds that this request is overbroad and unduly burdensome. In addition, the Union objects to the relevance of this request to the extent that this request seeks documents concerning matters other than the increase in contribution rates to the 1974 Pension Trust contained in the 2007 NBCWA. Finally, the Union objects to this request on the basis that it seeks production of documents that are proprietary to the Union, the disclosure of which would require the Union to reveal its bargaining strategy and negotiating positions which could adversely affect its ability to effectively conduct future negotiations and bargaining with coal industry employers. Notwithstanding the above objections, the Union intends to produce relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

3

3.      All proposals and counter-proposals exchanged between UMWA and BCOA or

between UMWA and Consol for the 2007 Agreement.

**OBJECTION:** The Union objects to this request on the grounds that this request is

overbroad and unduly burdensome.  In addition, the Union objects to the relevance of this request

to the extent that this request seeks documents concerning matters other than the increase in

contribution rates to the 1974 Pension Trust contained in the 2007 NBCWA.  Finally, the Union

objects to this request on the basis that it seeks production of documents that are proprietary to

the Union, the disclosure of which would require the Union to reveal its bargaining strategy and

negotiating positions which could adversely affect its ability to effectively conduct future

negotiations and bargaining with coal industry employers.  Notwithstanding the above

objections, the Union intends to produce relevant, responsive, non-privileged documents subject

to the parties entering into an acceptable protective order.

4.      All documents provided to or received from BCOA regarding the 2007

Agreement.

**OBJECTION:** The Union objects to this request on the grounds that this request is

overbroad and unduly burdensome.  In addition, the Union objects to the relevance of this request

to the extent that this request seeks documents concerning matters other than the increase in

contribution rates to the 1974 Pension Trust contained in the 2007 NBCWA.  Finally, the Union

objects to this request on the basis that it seeks production of documents that are proprietary to

the Union, the disclosure of which would require the Union to reveal its bargaining strategy and

negotiating positions which could adversely affect its ability to effectively conduct future

negotiations and bargaining with coal industry employers.  Notwithstanding the above

4

objections, the Union intends to produce relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

      5.      All documents provided to or received from Consol regarding the 2007 Agreement.

**OBJECTION:** The Union objects to this request on the grounds that this request is overbroad and unduly burdensome. In addition, the Union objects to the relevance of this request to the extent that this request seeks documents concerning matters other than the increase in contribution rates to the 1974 Pension Trust contained in the 2007 NBCWA. Finally, the Union objects to this request on the basis that it seeks production of documents that are proprietary to the Union, the disclosure of which would require the Union to reveal its bargaining strategy and negotiating positions which could adversely affect its ability to effectively conduct future negotiations and bargaining with coal industry employers. Notwithstanding the above objections and to the extent they exist, the Union intends to produce relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

      6.      All documents regarding the negotiation of the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

**OBJECTION:** The Union objects to this request on the grounds that this request is overbroad, unduly burdensome and duplicative. The Union further objects to this request on the basis that it seeks information that is protected by the attorney-client privilege and the attorney work product privilege/doctrine. Finally, the Union objects to this request on the basis that it seeks production of documents that are proprietary to the Union, the disclosure of which would require the Union to reveal its bargaining strategy and negotiating positions which could

5

adversely affect its ability to effectively conduct future negotiations and bargaining with coal industry employers. Notwithstanding the above objections, the Union intends to produce relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

      7.     All correspondence or communications between or among UMWA and Patricia Lang, J. Brett Harvey, Peter B. Lilly, Daniel L Fassio, or B.V. Hyler regarding the 2007 Agreement.

**OBJECTION:** The Union objects to this request on the grounds that this request is overbroad, unduly burdensome and duplicative. In addition, the Union objects to the relevance of this request to the extent that this request seeks documents concerning matters other than the increase in contribution rates to the 1974 Pension Trust contained in the 2007 NBCWA. Finally, the Union objects to this request on the basis that it seeks production of documents that are proprietary to the Union, the disclosure of which would require the Union to reveal its bargaining strategy and negotiating positions which could adversely affect its ability to effectively conduct future negotiations and bargaining with coal industry employers. Notwithstanding the above objections and to the extent they exist, the Union intends to produce relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

      8.     All documents regarding the negotiation of the 1974 Pension Trust contribution rates contained in the 2002 NBCWA.

**OBJECTION:** The Union objects to this request on the grounds that this request is overbroad and unduly burdensome. Moreover, the Union objects to this request on the basis that it does not seek documents relevant to resolve the pending summary judgment motions. The

Union further objects to this request on the basis that it seeks information that is protected by the attorney-client privilege and the attorney work product privilege/doctrine. The Union also objects to this request because it seeks documents not in the Union's custody or control. Finally, the Union objects to this request on the basis that it seeks production of documents that are proprietary to the Union, the disclosure of which would require the Union to reveal its bargaining strategy and negotiating positions which could adversely affect its ability to effectively conduct future negotiations and bargaining with coal industry employers.

9.    All documents regarding the negotiation of the 2007 Agreement, including: memoranda regarding the negotiation sessions for the 2007 Agreement; all notes taken by any person participating in the negotiations for the 2007 Agreement; communications between or among individuals; and any official and unofficial correspondence, notes, records, minutes, transcripts, and proposals that document the negotiation of the 2007 Agreement.

**OBJECTION:** The Union objects to this request on the grounds that this request is overbroad, unduly burdensome and duplicative. In addition, the Union objects to the relevance of this request to the extent that this request seeks documents concerning matters other than the increase in contribution rates to the 1974 Pension Trust contained in the 2007 NBCWA. The Union further objects to this request on the basis that it seeks information that is protected by the attorney-client privilege and the attorney work product privilege/doctrine. Finally, the Union objects to this request on the basis that it seeks production of documents that are proprietary to the Union, the disclosure of which would require the Union to reveal its bargaining strategy and negotiating positions with could adversely affect its ability to effectively conduct future

7

negotiations and bargaining with coal industry employers. Notwithstanding the above objections, the Union intends to produce relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

      10.    All correspondence or communications between UMWA and UMWA-appointed trustees of the 1974 Pension Trust regarding the 2007 Agreement and/or the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement.

**OBJECTION:** The Union objects to this request on the grounds that this request is overbroad, unduly burdensome and duplicative. In addition, the Union objects to the relevance of this request to the extent that this request seeks documents concerning matters other than the increase in contribution rates to the 1974 Pension Trust contained in the 2007 NBCWA. Finally, the Union objects to this request on the basis that it seeks production of documents that are proprietary to the Union, the disclosure of which would require the Union to reveal its bargaining strategy and negotiating positions which could adversely affect its ability to effectively conduct future negotiations and bargaining with coal industry employers. Notwithstanding the above objections, the Union intends to produce relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

      11.    Documents that identify the individuals responsible for negotiating the 1998 and 2002 NBCWAs on behalf of UMWA.

**OBJECTION:** The Union objects to this request on the basis that it does not seek documents relevant to resolve the pending summary judgment motions. Notwithstanding the above objection, the Union refers Freeman to the Declaration of Cecil E. Roberts submitted in

8

support of the Union's motion for summary judgment.

      12.    Documents that identify the individuals responsible for negotiating the 2007 Agreement on behalf of UMWA.

**OBJECTION:**  <u>See</u> Objection to Document Request No. 11.

      13.    Any analysis performed by, performed for, provided to, or relied upon by UMWA from 1995 to the present regarding the financial condition of 1974 Pension Trust, including any analysis of future benefit expenses, funding, and any needed increase in contributions to the Trust.

**OBJECTION:**  The Union objects to this request on the grounds that this request is overbroad and unduly burdensome.  In addition, the Union objects to the relevance of this request to the extent that this request seeks documents concerning matters other than the increase in contribution rates to the 1974 Pension Trust contained in the 2007 NBCWA.  Moreover, the Union objects to this request on the basis that it does not seek documents relevant to resolve the pending summary judgment motions.  The Union further objects to this request on the basis that it seeks information that is protected by the attorney-client privilege and the attorney work product privilege/doctrine.  The Union also objects to this request because it seeks documents not in the Union's custody or control.  Finally, the Union objects to this request on the basis that it seeks production of documents that are proprietary to the Union, the disclosure of which would require the Union to reveal its bargaining strategy and negotiating positions which could adversely affect its ability to effectively conduct future negotiations and bargaining with coal industry employers.  Notwithstanding the above objections, the Union intends to produce

relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

      14.      Any submissions made to any court regarding the meaning, interpretation, or intent of the parties with respect to the Evergreen Clause, including any supporting materials such as exhibits, testimony, affidavits, or declarations, whether submitted to the court by UMWA or some other party.

**OBJECTION:** The Union objects to this request on the grounds that this request is overbroad and unduly burdensome. The Union also objects to this request because it seeks documents not in the Union's custody or control. Notwithstanding these objections, it is the Union's understanding that the 1974 Pension Trust is in possession of certain documents that may be responsive to this request but are subject to an existing protective order from previous litigation. The Union has indicated, to the extent it has the authority to do so, it is willing to waive the restrictions contained in previous protective orders to allow the 1974 Pension Trust to produce documents relevant to this request, subject to the parties in the pending consolidated cases reaching an acceptable protective order.

      15.      To the extent not provided in response to document request number 14, all documents regarding the meaning or interpretation of the phrase "and any successor agreement thereto" contained in the Evergreen Clause, or regarding the intent of the parties in the use of the phrase.

**OBJECTION:**  See Objection to Document Request No. 14.

      16.      Any submissions made to any court regarding the meaning, interpretation, or

10

intent of the parties with respect to the Guarantee Clause, including any
supporting materials such as exhibits, testimony, affidavits, or declarations,
whether submitted to the court by UMWA or some other party.

**OBJECTION:** <u>See</u> Objection to Document Request No. 14.

17.    To the extent not provided in response to document request number 16, all
documents regarding the meaning or interpretation of the phrase "[i]n order to
fully fund these guaranteed benefits" contained in the Guarantee Clause, or
regarding the intent of the parties in the use of the phrase.

**OBJECTION:** <u>See</u> Objection to Document Request No. 14.

18.    Documents that identify the number of UMWA-represented employees employed
by each BCOA member at the 1978, 1981, 1984, 1988, 1993, 1998, and 2002
NBCWAs and the 2007 Agreement were negotiated.

**OBJECTION:**    The Union objects to this request on the grounds that this request is
unduly burdensome.  Moreover, the Union objects to this request on the basis that it does not
seek documents relevant to resolve the pending summary judgment motions.

19.    Documents that identify the percentage of UMWA-represented employees
employed by each BCOA member or by BCOA members at the time the 1978,
1981, 1984, 1988, 1993, 1998, and 2002 NBCWAs and the 2007 Agreement were
negotiated.

**OBJECTION:** <u>See</u> Objection to Document Request No. 18.

20.    All documents regarding the negotiation of the contribution rates to the 1974
Pension Plan to be included in the 2003 Freeman Agreement.

11

**OBJECTION:** The Union objects to this request on the basis that it does not seek documents relevant to resolve the pending summary judgment motions. Notwithstanding the above objection and to the extent they exist, the Union intends to produce relevant, responsive, non-privileged documents subject to the parties entering into an acceptable protective order.

21.    All documents regarding (1) the transfers of funds from the 1974 Pension Trust to the 1993 Benefit Trust, including any amounts transferred at the request of the plan participant, and (2) payments of additional pension benefits to plan participants in recognition of the anticipated hardship due to increased medical costs under the 1993 Benefit Trust during the plan years 2002 through 2006.

**OBJECTION:** The Union objects to this request on the grounds that this request is overbroad, vague and unduly burdensome. Moreover, the Union is unaware of any such transfer. Finally, the Union objects to this request on the basis that it does not seek documents relevant to resolve the pending summary judgment motions.

22.    To the extent not already provided in response to request number 21, any analysis performed by, performed for, provided to, or relied upon by UMWA regarding the effect of the transfers of funds from the 1974 Pension Trust to the 1993 Benefit Trust and/or the payment of additional benefits to 1993 Benefit Trust beneficiaries on the financial condition of 1974 Pension Trust, including any analysis of future benefit expenses, funding, and any needed increase in contributions to the Trust as a result of the fund transfers and/or payment of additional benefits.

**OBJECTION:** See Objection to Document Request No. 21.

23.    All communications from 2002 to present with members of the United States

12

Congress and/or their staff regarding multiemployer pension funding and related

legislation and/or legislative activity.

**OBJECTION:**   The Union objects to this request on the grounds that this request is

overbroad and unduly burdensome.  Moreover, the Union objects to this request on the basis that

it does not seek documents relevant to resolve the pending summary judgment motions.

24.    All documents provided to or received from BCOA or the 1974 Pension Trust

regarding federal legislation and/or legislative activity related to multiemployer

pension funding.

**OBJECTION:**   See Objection to Document Request No. 23.

25.    All documents regarding any assessment, evaluation, and/or analysis of the level

of 1974 Pension Trust contributions necessary to comply with the Pension

Protection Act of 2006.

**OBJECTION:** The Union objects to this request on the basis that it does not seek

documents relevant to resolve the pending summary judgment motions.  Notwithstanding the

above objection and to the extent they exist, the Union intends to produce relevant, responsive,

non-privileged documents subject to the parties entering into an acceptable protective order.

26.    All documents regarding any agreement with Consol in 2006 or 2007 that is not

identified in an NBCWA.

**OBJECTION:**   The Union objects to this request on the basis that it does not seek

documents relevant to resolve the pending summary judgment motions.

13

Respectfully submitted,

John R. Mooney, Bar No. 375886
Mark J. Murphy, Bar No. 453060
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile

Counsel for Defendant
United Mine Workers of America

September 10, 2007

14

## CERTIFICATE OF SERVICE

I certify that on this the 10th day of September, 2007 a true and correct copy of the Objections and Answers of Defendant United Mine Workers of America to Plaintiff Freeman United Coal Mining Company's First Request for the Production of Documents was sent by electronic mail and first class mail, postage prepaid to the following:

Gregory J. Ossi, Esq.
Venable, LLP
8010 Towers Crescent Drive
Suite 300
Vienna, VA 22182
gossi@venable.com

Jessica Ring Amunson, Esq.
Jenner & Block, LLP
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
jamunson@jenner.com

Michael W. Robinson, Esq.
Venable, LLP
8010 Towers Crescent Drive
Suite 300
Vienna, VA 22182
mwrobinson@venable.com

Counsel for Plaintiff
Freeman United Coal Mining Company

John R. Woodrum, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N Street
Fifth Floor
Washington, D.C. 20037
john.woodrum@ogletreedeakins.com

Counsel for Defendant
Monterey Coal Company

Peter Buscemi, Esq.
Morgan, Lewis & Bockius, L.L.P.
1111 Pennsylvania Ave, N.W.
Seventh Floor
Washington, D.C. 20004
pbuscemi@morganlewis.com

Stanley F. Lechner, Esq.
Morgan, Lewis & Bockius, L.L.P.
1111 Pennsylvania Ave, N.W.
Seventh Floor
Washington, D.C. 20004
slechner@morganlewis.com

Counsel for Defendant
Bituminous Coal Operators' Association, Inc.

Andrew D. Roth, Esq.
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W.
Suite 1000
Washington, D.C. 20005
aroth@bredhoff.com

Julia Penny Clark
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W.
Suite 1000
Washington, D.C. 20005
jpclark@bredhoff.com

Counsel for United Mine Workers of America
1974 Pension Fund and its Trustees

Mark J. Murphy

# EXHIBIT E

# JENNER&BLOCK

November 9, 2007

Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
Tel  312-222-9350
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Peter Buscemi
Stanley F. Lechner
Charles P. Groppe
Morgan, Lewis & Bockius, L.L.P.
1111 Pennsylvania Avenue, N.W.
Seventh Floor
Washington, DC 20004-2541

Susan C. Levy
Tel  312 923-2772
Fax  312 840-7772
slevy@jenner.com

**Re:**   *Holland et al. v. Freeman United Coal Mining Co., et al.,* **Case No. 07-cv-0490, and**
*Freeman United Coal Mining Co. v. UMWA, et al.,* **Case No. 07-cv-1050.**

Gentlemen:

We reviewed the documents you provided to Freeman on October 8, 2007 and found BCOA's production of relevant documents to be far from complete.  I have set forth below documents that Freeman still requests that the BCOA produce immediately:

1.   All documents regarding the terms of and/or negotiation of the 2007 Agreement, including but not limited to responsive documents in the following categories:[1]

   a.   side by side comparisons of then current provisions and proposed revisions to same;

   b.   summaries of the parties' bargaining positions and/or issue lists;

   c.   transcripts and/or notes documenting joint negotiating sessions;

   d.   proposals;

   e.   emails or other correspondence sent to or received by Cecil Roberts, Charles Perkins, Peter Lilly, Patricia Lang, J. Brett Harvey, Daniel Fassio, Micheal Buckner, B.V. Hyler and/or any other member of BCOA/Consol or UMWA bargaining/negotiating committees;

---

[1] BCOA has objected to parts of Freeman's request on the grounds that it will not produce documents revealing its "confidential," "proprietary," or sensitive  information.   This objection is invalid in light of the negotiated protective order. To the extent BCOA is withholding documents based on this objection, they must be produced.

Peter Buscemi
Stanley F. Lechner
Charles P. Groppe
November 9, 2007
Page 2

     f.   reports, memoranda, and/or similar documents generated by BCOA and/or Consol; and

     g.   transcripts of internal Consol and/or BCOA meetings.

2.    Current BCOA by-laws and those in effect at the time the 2002 NBCWA was negotiated.

3.    All documents regarding BCOA membership voting to approve the 2007 Agreement.

4.    Documents identifying the source of BCOA operating income, including membership fees, for the years 1977 and 1978 and the years 2001 to present. (Note: where a request asks for "documents indicating" or "documents identifying" it is sufficient to provide documents that, collectively or individually, provide the requested information for each time period requested.)

5.    Documents identifying members of BCOA's chief executive officer committee at the time of the negotiation of the 1978 NBCWA, at the time of the negotiation of the 2002 NBCWA, and at the time of the negotiation of the 2007 Agreement.

6.    Documents identifying members of BCOA's NBCWA negotiating committees and subcommittees at the time of the negotiation of the 1978 NBCWA, at the time of the negotiation of the 2002 NBCWA, and at the time of the negotiation of the 2007 Agreement.

7.    All documents regarding any applications and/or requests made by any person to become a member of BCOA from 2001 to present and all documents regarding the determination to either grant or deny such applications or requests.

8.    All communications between BCOA and its members regarding negotiation of the 2007 Agreement.

9.    All communications between BCOA and former BCOA companies regarding the negotiation of the 2007 Agreement.

10.    All documents regarding former BCOA companies' response to the contribution rates for the 1974 Pension Trust set forth in the 2007 Agreement.

11.    Any analysis performed by, performed for, provided to, or relied upon by BCOA regarding the economic impact of the increase in contribution rates to the 1974 Pension Trust contained in the 2007 Agreement on any non-BCOA company or companies.

Peter Buscemi
Stanley F. Lechner
Charles P. Groppe
November 9, 2007
Page 3

12.    All documents regarding BCOA's duties or potential liability to any former BCOA member related to that member's obligation to make contributions as a result of the Evergreen Clause and/or Guarantee Clause.

13.    Any analysis performed by, performed for, or provided to, or relied on by BCOA in 2001 and 2002 regarding the financial condition of the 1974 Pension Trust, including any analysis of future benefit expenses, funding, and any needed increase in contributions to the Trust.

14.    All documents regarding the transfer of funds from the 1974 Pension Trust to the 1993 Benefit Trust during the plan years 2002 through 2006.

In light of the impending discovery cut-off, please contact me to discuss BCOA's production of these documents as soon as possible.

Very truly yours,

Susan C. Levy

SCL:gmm

# EXHIBIT F

# JENNER&BLOCK

November 9, 2007

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel  312-222-9350           Washington, DC
www.jenner.com

John R. Mooney
Mooney, Green, Baker, Saindon, PC
1920 L Street, NW
Suite 400
Washington, DC 20036

Susan C. Levy
Tel  312 923-2772
Fax  312 840-7772
slevy@jenner.com

**Re:**    *Holland et al. v. Freeman United Coal Mining Co., et al.*, **Case No. 07-cv-0490, and**
*Freeman United Coal Mining Co. v. UMWA, et al.,* **Case No. 07-cv-1050.**

Dear John:

   We have reviewed the documents you provided to Freeman on October 2, 2007, and have found the UMWA's production of relevant documents to be far from complete. I have set forth below documents that Freeman demands that the UMWA produce immediately:

1.    All documents regarding the terms of and/or negotiation of the 2007 Agreement,[1] including but not limited to responsive documents in the following categories:

   a.    side by side comparisons of then current provisions and proposed revisions to same;

   b.    summaries of the parties' bargaining positions and/or issue lists;

   c.    transcripts and/or notes documenting joint negotiating sessions;

   d.    proposals;

   e.    emails or other correspondence sent to or received by Cecil Roberts, Charles Perkins, Peter Lilly, Patricia Lang, J. Brett Harvey, Daniel Fassio, Micheal Buckner, B.V. Hyler and/or any other member of BCOA/Consol or UMWA bargaining/negotiating committees;

   f.    reports, memoranda, and/or similar documents generated by UMWA; and

   g.    transcripts of UMWA meetings, including meetings of UMWA's International Executive Board, district bargaining conferences, meetings regarding ratification of the 2007 Agreement, and/or other meetings of UMWA's Bargaining Council, and/or UMWA negotiators.

---

[1] Currently, the UMWA has provided us with heavily redacted documents that contain information only with regard to the provisions of Article XX relating to the 1974 Pension Trust.

John R. Mooney
November 9, 2007
Page 2

2.    Any analysis performed by, performed for, or provided to, or relied on by UMWA in 2001 and 2002 regarding the financial condition of the 1974 Pension Trust, including any analysis of future benefit expenses, funding, and any needed increase in contributions to the Trust.

3.    All documents regarding the transfer of funds from the 1974 Pension Trust to the 1993 Benefit Trust during the plan years 2002 through 2006.

4.    All documents regarding any agreement with Consol in 2006 and 2007 that is not identified in an NBCWA.

5.    All documents that reference Consol and the negotiation of the 2007 Agreement.


       In light of the impending discovery cut-off, please contact me as soon as possible to discuss UMWA's production of these critical documents.


Very truly yours,

Susan C. Levy

SCL:gmm

# EXHIBIT G

# MOONEY, GREEN, BAKER & SAINDON, P.C.

JOHN R. MOONEY*
PAUL A. GREEN†
ELIZABETH A. SAINDON
MARK J. MURPHY†
DOUGLAS L. PARKER*
RICHARD C. WELCH
MICHAEL L. ARTZ*

MARILYN L. BAKER†
ROBERT H. STROPP, JR
OF COUNSEL

* ADMITTED IN DC AND VA
† ADMITTED IN DC AND MD

SUITE 400
1920 L STREET, N.W.
WASHINGTON, DC 20036

TELEPHONE (202) 783-0010
FACSIMILE (202) 783-6088
INTERNET: www.mooneygreen.com

November 15, 2007

Susan C. Levy, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Ill. 60611

**VIA ELECTRONIC MAIL**
**AND UPS NEXT DAY MAIL**

> Re:    Holland, et al. v. Freeman United Coal Mining Co., et al. No. 07-cv-0490
>        and Freeman United Coal Mining Co. v. UMWA, et al., No. 07-cv-1050

Dear Susan:

    We are in receipt of your Friday, November 9, 2007 letter concerning the recent
document production provided by the United Mine Workers of America ("UMWA" or "Union")
in response to Freeman United Coal Mining Co.'s ("Freeman's") request for production of
documents. As an initial matter, we strongly disagree with your suggestion that the UMWA's
document production was "far from complete."

    As you know, from the onset of this case, the UMWA has consistently taken the position
that, for purposes of discovery, the scope of your client's case against the Union should be
limited to matters involving the increase in the contribution rate to the 1974 Pension Trust which
is contained in the 2007 National Bituminous Coal Wage Agreement ("2007 NBCWA."). The
Union's response to Freeman's document request was entirely consistent with this position. As
we stated in the objections to Freeman's request for production of documents, any requests that
seek information not related to the increase in the contribution rate to the 1974 Pension Trust
contained in the 2007 NBCWA are not even remotely relevant to the sole cause of action
Freeman has brought against the Union. Similarly, a vast majority of Freeman's document
requests directed to the UMWA are not reasonably calculated to lead to the discovery of
admissible evidence.

Susan C. Levy, Esq.
Page 2
November 15, 2007

      In addition to the above, many of Freeman's document requests would impose an undue burden upon the Union, and would require the Union to produce proprietary documents that would reveal its bargaining strategy and negotiating positions.  As we previously explained in objecting to these requests, such disclosures could adversely affect the Union's ability to effectively conduct future negotiations and bargaining with coal industry employers.  With respect to the additional document requests contained in your November 9th letter, the Union stands by the objections discussed above, as well as the additional objections raised in its recent discovery responses.

      Without waiving these objections, the Union provides the following responses to the additional document requests set forth in your November 9th letter.[1]

1.    All documents regarding the terms of and/or negotiations of the 2007 Agreement, including but not limited to responsive documents in the following categories:

    a.    side by side comparisons of then current provisions and proposed revisions to same;

    **RESPONSE**:  The Union submits that, to the extent they exist, all portions of such documents relating to the increase in the contribution rate to the 1974 Pension Trust contained in the 2007 NBCWA have been produced;

    b.    summaries of the parties' bargaining position and/or issue lists;

    **RESPONSE**:  The Union submits that, to the extent they exist, all portions of such documents relating to the increase in the contribution rate to the 1974 Pension Trust contained in the 2007 NBCWA have been produced;

    c.    transcripts and/or notes documenting joint negotiating sessions;

    **RESPONSE**:  The Union submits that, to the extent they exist, all portions of such documents relating to the increase in the contribution rate to the 1974 Pension Trust contained in the 2007 NBCWA have been produced;

---

[1]The Union will, of course, continue its search for responsive documents and, in the event any documents are discovered, the Union will supplement its production.

Susan C. Levy, Esq.
Page 3
November 15, 2007

    d.     proposals;

**RESPONSE**: The Union submits that, to the extent they exist, all portions of such documents relating to the increase in the contribution rate to the 1974 Pension Trust contained in the 2007 NBCWA have been produced;

    e.     emails or other correspondence sent to or received by Cecil Roberts, Charles Perkins, Peter Lilly, Patricia Lang, J. Brett Harvey, Daniel Fassio, Micheal Buckner, B.V. Hyler and/or any other member of BCOA/Consol or UMWA bargaining/negotiating committees;

**RESPONSE**: The Union submits that, to the extent they exist, all portions of such documents relating to the increase in the contribution rate to the 1974 Pension Trust contained in the 2007 NBCWA have been produced;

    f.     reports, memoranda, and/or similar documents generated by UMWA;

**RESPONSE**: The Union submits that, to the extent they exist, all portions of such documents relating to the increase in the contribution rate to the 1974 Pension Trust contained in the 2007 NBCWA have been produced;

    g.     transcripts of UMWA meetings, including meetings of UMWA International Executive Board, district bargaining conferences, meeting regarding ratification of the 2007 Agreement, and/or meetings of UMWA's Bargaining Council, and/or UMWA negotiators;

**RESPONSE**: The Union submits that no such transcripts exist.

Susan C. Levy, Esq.
Page 4
November 15, 2007

2.     Any analysis performed by, performed for, or provided to, or relied on by UMWA
       in 2001 and 2002 regarding the financial condition of the 1974 Pension Trust,
       including any analysis of future benefit expenses, funding, and any needed
       increase in contributions to the Trust.

       **RESPONSE**: In addition to the general objections set forth in its Objections and
                 Answers to Freeman's First Request for Production of Documents,
                 the Union also specifically objects to the relevance of this request
                 to the extent that this request seeks documents concerning matters
                 other than the increase in contribution rates to the 1974 Pension
                 Trust contained in the 2007 NBCWA. Notwithstanding its
                 objections, the Union submits that responsive documents relating
                 to the increase in the contribution rate to the 1974 Pension Trust
                 contained in the 2007 NBCWA have been produced.

3.     All documents regarding the transfer of funds from the 1974 Pension Trust to the
       1993 Benefit Trust during the plan years 2002 through 2006.

       **RESPONSE**: The Union is unaware of any such transfers and stands by its
                 previous objections to this request.

4.     All documents regarding any agreement with Consol in 2006 and 2007 that is not
       identified in an NBCWA.

       **RESPONSE**: Consistent with the position that the Union has maintained
                 throughout this litigation, documents sought by this request, if they
                 exist, are not relevant to the disposition of this matter.

5.     All documents that reference Consol and the negotiation of the 2007 Agreement.

       **RESPONSE**: Consistent with the position that the Union has maintained
                 throughout this litigation, documents sought by this request, if they
                 exist, are not relevant to the disposition of this matter.

Susan C. Levy, Esq.
Page 5
November 15, 2007

      We would be happy to discuss with you the above responses by the Union.  We are generally available the remainder of this week, as well as Monday of next week.

Sincerely,

John R. Mooney

cc:    Deborah Stern, Esq.
        Stanley Lechner, Esq.
        Penny Clark, Esq.

# **EXHIBIT H**

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com



**Morgan Lewis**
COUNSELORS AT LAW

**Peter Buscemi**
202.739.5190
pbuscemi@morganlewis.com

November 21, 2007

**VIA EMAIL AND FIRST CLASS MAIL**

Susan C. Levy
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

Re:   *Holland, et al. v. Freeman United Coal Mining Co., et al.*, Case No. 1:07-cv-0490
      (D.D.C.); *Freeman United Coal Mining Co. v. United Mine Workers of America, et al.*,
      Case No. 1:07-cv-1050 (D.D.C.).

Dear Susan:

We have received both your letter dated November 9, 2007 and your e-mail dated November 19,
2007 regarding discovery in this case.

We were in the process of preparing a reply to your November 9 letter when we received your
further e-mail on Monday afternoon.  The Court's minute order entered Monday, November 19,
has permitted Freeman to proceed with its Rule 56(f) discovery and has directed the parties to
file supplemental memoranda regarding summary judgment in February 2008.  The Court has
not, however, ruled on BCOA's objections to Freeman's discovery requests.  Indeed, the Court
could not have done so, inasmuch as BCOA's objections were not even before the Court.

Moreover, the Court explicitly ruled that discovery would proceed in accordance with the
Federal Rules of Civil Procedure and the Court's Local Civil Rules.  It also directed that
Magistrate Judge Kay "shall resolve all discovery disputes, including those related to Rule 56(f)
discovery."  This referral to Magistrate Judge Kay plainly contemplates, for example, that, if the
parties cannot resolve objections regarding the excessive scope of discovery, such issues should
be presented to the Magistrate Judge.

We have reviewed your November 9 letter with this understanding in mind.  Your letter appears
to be a somewhat revised and reordered version of Freeman's first set of document requests to
BCOA served on August 6, 2007.  When BCOA responded to those requests on September 11,



Susan C. Levy
November 21, 2007
Page 2

2007, it asserted several objections. Your letter of November 9 does not address these objections or even acknowledge that they exist. BCOA's objections included an objection to the scope of your discovery and, in particular, Freeman's request for information not relevant to the subject matter of this lawsuit – namely, Freeman's complaint about the contribution rate for the UMWA 1974 Pension Trust that is contained in the National Bituminous Coal Wage Agreement ("NBCWA") of 2007 – and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, and contrary to your characterization that BCOA's production is "far from complete," BCOA produced to Freeman several thousand pages of material responsive to your requests. In addition, BCOA authorized the 1974 Pension Trust to produce to you many documents previously produced by BCOA subject to protective order in litigation that occurred more than a decade ago. To the extent that your November 9 letter merely reorders Freeman's prior document requests, BCOA's objections remain in place, and are incorporated by reference in BCOA's responses set forth below. To the extent that your November 9 letter includes new document requests not contained in your prior discovery, BCOA further objects on the ground that such new requests are improper under the Federal Rules of Civil Procedure.

Despite BCOA's prior responses and document production, and without waiving any previous objections, BCOA has reviewed both Freeman's August 2007 document requests and your November 9 letter in an effort to resolve the parties' discovery differences. Following that review, BCOA responds as follows to your individual requests:

1.  All documents regarding the terms of and/or negotiation of the 2007 Agreement, including but not limited to responsive documents in the following categories:

    a.   side by side comparisons of then current provisions and proposed revisions to same;

    b.   summaries of the parties' bargaining positions and/or issue lists;

    c.   transcripts and/or notes documenting joint negotiating sessions;

    d.   proposals;

    e.   emails or other correspondence sent to or received by Cecil Roberts, Charles Perkins, Peter Lilly, Patricia Lang, J. Brett Harvey, Daniel Fassio, Micheal Buckner, B.V. Hyler and/or any other member of BCOA/Consol or UMWA bargaining/negotiating committees;

    f.   reports, memoranda, and/or similar documents generated by BCOA and/or Consol; and

    g.   transcripts of internal Consol and/or BCOA meetings.

**Morgan Lewis**
COUNSELORS AT LAW

Susan C. Levy
November 21, 2007
Page 3

> **Response:** This request appears to combine various individual document requests that Freeman previously served BCOA on August 6. BCOA incorporates by reference its prior objections to Freeman's previous requests and, in particular, continues its objections to these requests to the extent that they seek information not related to the subject matter of this lawsuit and to the extent that they seek information protected by the attorney-client and other applicable privileges. Subject to and without waiving any of its objections, BCOA has produced to Freeman all documents and information that it has located to date that relate to the negotiation of the contribution rate for the UMWA 1974 Pension Trust contained in the 2007 NBCWA. To the extent that BCOA is able to locate any additional responsive material, BCOA will supplement its production as appropriate.

2. Current BCOA by-laws and those in effect at the time of the 2002 NBCWA was negotiated.

> **Response:** BCOA previously produced the version of its by-laws in effect when the 2007 NBCWA was negotiated. This lawsuit does not concern either the 2002 NBCWA or BCOA's current by-laws. Nonetheless, subject to and without waiving any objections, BCOA will produce the requested documents as soon as they are located.

3. All documents regarding BCOA membership voting to approve the 2007 Agreement.

> **Response:** Subject to and without waiving any objections, BCOA will produce any responsive non-privileged documents in its possession, custody, or control that are responsive to this request.

4. Documents identifying the source of BCOA operating income, including membership fees, for the years 1977 and 1978 and the years 2001 to present.

> **Response:** BCOA continues to object to the production of material dating back to 1977 and 1978 on the grounds that it is burdensome and not relevant to any of the claims or defenses asserted in this lawsuit. In addition, BCOA objects to the production of such material from 2001 to the present on the grounds that such material is not relevant to the claims or defenses of the parties. Nonetheless, and subject to and without waiving any prior objection, BCOA will search for and produce information responsive to this request to the extent any such material exists.

5. Documents identifying members of BCOA's chief executive officer committee at the time of the negotiation of the 1978 NBCWA, at the time of the negotiations of the 2002 NBCWA, and at the time of the negotiations of the 2007 NBCWA.

**Morgan Lewis**
COUNSELORS AT LAW

Susan C. Levy
November 21, 2007
Page 4

> **Response:** BCOA incorporates by reference its response to Request No. 4 above and similarly will produce responsive documents to the extent any exist.

6. Documents identifying members of BCOA's NBCWA negotiating committees and subcommittees at the time of the negotiation of the 1978 NBCWA, at the time of the negotiations of the 2002 NBCWA, and at the time of the negotiations of the 2007 NBCWA.

> **Response:** BCOA incorporates by reference its response to Request No. 4 above and similarly will produce responsive documents to the extent any exist.

7. All documents regarding any applications and/or requests made by any person to become a member of BCOA from 2001 to present and all documents regarding the determination to either grant or deny such applications or requests.

> **Response:** Subject to and without waiving any objections (including any objections already made in response to Document Request No. 35), BCOA is not aware of any non-privileged documents responsive to this request. If any such non-privileged responsive materials are located in the future, BCOA will supplement its production as appropriate.

8. All communications between BCOA and its members regarding negotiation of the 2007 Agreement.

**AND**

9. All communications between BCOA and former BCOA companies regarding the negotiation of the 2007 Agreement.

> **Response:** These two requests appear to correspond to Freeman's prior Document Request No. 19. BCOA previously produced to Freeman all documents it has located so far that relate to the negotiation of the contribution rate for the UMWA 1974 Pension Trust that is contained in the 2007 NBCWA. BCOA otherwise stands on its objections asserted in response to Document Request No. 19. In addition, and subject to and without waiver of any objection, BCOA will continue to search for responsive materials and will supplement its production if appropriate.

10. All documents regarding former BCOA companies' response to the contribution rates for the 1974 Pension Trust set forth in the 2007 Agreement.

> **Response:** This request appears similar to Freeman's prior Document Request No. 20. To the extent that this request entails an effort to expand Freeman's prior request,

**Morgan Lewis**
COUNSELORS AT LAW

Susan C. Levy
November 21, 2007
Page 5

BCOA objects on the grounds that the request is improper. In addition, subject to and
without waiver of any objections made in response to Document Request No. 20,
BCOA has not located any documents that are responsive to this request. If any such
responsive materials are located in the future, BCOA will supplement its production
as appropriate.

11. Any analysis performed by, performed for, provided to, or relied upon by BCOA
regarding the economic impact of the increase in contribution rates to the 1974 Pension
Trust contained in the 2007 Agreement on any non-BCOA company or companies.

**Response:** This request appears similar to Freeman's prior Document Request No.
18. To the extent that this request entails an effort to expand Freeman's prior request,
BCOA objects on the grounds that the request is improper. In addition, subject to and
without waiver of any objections made in response to Document Request No. 18,
BCOA has not located any documents that are responsive to this request. If any such
responsive materials are located in the future, BCOA will supplement its production
as appropriate.

12. All documents regarding BCOA's duties or potential liability to any former BCOA
member related to that member's obligation to make contributions as a result of the
Evergreen Clause and/or Guarantee Clause.

**Response:** In response to Freeman's Document Requests Nos. 27 and 29, BCOA
previously consented to the production by the UMWA 1974 Pension Trust of any
potentially responsive materials that were produced in prior litigation concerning the
Evergreen and Guarantee Clauses. In addition, BCOA is aware of a related lawsuit
styled *Pittston v. BCOA* that was filed in the U.S. District Court for the District of
Columbia that may contain responsive materials. These materials, however, are
public documents, the litigation has been over for more than decade, and it would be
extremely burdensome (if not impossible) for BCOA to recreate these files, especially
where Freeman itself can obtain these files through the Court's archives. As such,
BCOA intends to stand by its responses and objections made in response to
Freeman's Document Requests Nos. 27 and 29.

13. Any analysis performed by, performed for, or provided to, or relied on by BCOA in 2001
and 2002 regarding the financial condition of the 1974 Pension Trust, including any
analysis of future benefit expenses, funding, and any needed increase in contributions to
the Trust.

**Response:** BCOA intends to stand by its response and objections made to Freeman's
Document Request No. 17.



Susan C. Levy
November 21, 2007
Page 6

14. All documents regarding the transfer of funds from the 1974 Pension Trust to the 1993 Benefit Trust during the plan years 2002 through 2006.

> **Response:** BCOA intends to stand by its response and objections made to Freeman's Document Requests Nos. 38 and 39.

We trust that these responses will alleviate your concerns regarding BCOA's document production to date. As indicated above, BCOA will supplement its responses to your discovery to the extent any additional material is located. In the meantime, please contact me if you have any additional questions.

Sincerely,

Peter Buscemi

cc: Counsel of Record

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————

|   |   |   |
|---|---|---|
| Michael H. Holland, Micheal W. Buckner, | ) | |
| B.V. Hyler and Steven F. Schaab as Trustees | ) | |
| of the United Mine Workers of America 1974 | ) | |
| Pension Trust, | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | Case No. 07-cv-00490 (PLF/AK) |
| Freeman United Coal Mining Company, et al., | ) | |
|  | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |
|  | ) | |
| Freeman United Coal Mining Company, | ) | |
|  | ) | |
| Plaintiff, | ) | Case No. 07-cv-01050 (PLF/AK) |
|  | ) | |
| v. | ) | |
|  | ) | |
| United Mine Workers of America, et al., | ) | |
|  | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

## [PROPOSED] ORDER ON FREEMAN UNITED COAL MINING COMPANY'S MOTION TO COMPEL DISCOVERY FROM THE BITUMINOUS COAL OPERATORS' ASSOCIATION AND UNITED MINE WORKERS OF AMERICA

Freeman United Coal Mining Company's ("Freeman's") Motion to Compel Discovery from the Bituminous Coal Operators' Association ("BCOA") and United Mine Workers of America ("UMWA") having come before the Court and the Court having considered same it is hereby ORDERED that:

Freeman's Motion is GRANTED.  BCOA and UMWA are ORDERD to produce those documents listed in the November 9, 2007 letters from Freeman to UMWA and BCOA (Exhibits E and F to Freeman's Motion) and those documents referenced in Freeman's Motion to Compel.

It is FURTHER ORDERED that BCOA and UMWA shall pay Freeman's attorneys' fees and costs incurred in connection with Freeman's Motion to Compel.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Alan Kay