UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael H. Holland, et al., )<br>)<br>　　　　Plaintiffs, )<br>)<br>v. )<br>)<br>Freeman United Coal Mining Co., et al., )<br>)<br>　　　　Defendants. )<br>_____) | Case No. 07-cv-490 (PLF) |
| Freeman United Coal Mining Co., )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>United Mine Workers of )<br>America, et al., )<br>)<br>　　　　Defendants. )<br>_____) | Case No. 07-cv-1050 (PLF) |

**UNITED MINE WORKERS OF AMERICA'S
MOTION FOR A PROTECTIVE ORDER**

　　　　Defendant United Mine Workers of America ("UMWA" or "Union"), by its undersigned counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 7, hereby moves for a protective order with respect to a Notice of Deposition served on the Union by Freeman United Coal Company ("Freeman") scheduling the deposition of UMWA President Cecil Roberts. As established in the Union's supporting memorandum, this Court should issue a protective order directing Freeman to limit the scope of its deposition examination to matters concerning the only claim it has brought against the Union.

                                        Respectfully submitted,

                                 _____/s/_____
                                 John R. Mooney, Bar No. 375886
                                 Mark J. Murphy, Bar No.  453060
                                 Mooney, Green, Baker & Saindon, P.C.
                                 1920 L Street, N.W.
                                 Suite 400
                                 Washington, D.C. 20036
                                 (202) 783-0010
                                 (202) 783-6088 facsimile

                                 Counsel for Defendant
                                 United Mine Workers of America

November 30, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael H. Holland, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-cv-490 (PLF) |
| ) | |
| Freeman United Coal Mining Co., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Freeman United Coal Mining Co., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-1050 (PLF) |
| ) | |
| United Mine Workers of ) | |
| America, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF UNITED MINE WORKERS
OF AMERICA IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Defendant United Mine Workers of America ("UMWA" or "Union"), by its undersigned counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby submits this memorandum of law in support of its motion for protective order with respect to a Notice of Deposition served on the Union by Freeman United Coal Company ("Freeman") scheduling the deposition of UMWA President Cecil Roberts. For the reasons set forth below, this Court should issue a protective order directing Freeman to limit the scope of its examination to matters concerning the only question at issue in this case, namely - is the current contribution required to

be paid to the 1974 UMWA Pension Plan ("1974 Plan") by contributing employers, like Freeman and Monterey Coal Company ("Monterey"), valid? As the Union has maintained from the outset of this litigation, resolution of this question requires fairly limited and refined discovery, focused on the circumstances that led to the setting of the current contribution rate, which Freeman and Monterey have refused to pay.

The contribution rate at issue here was set by the Union and the Bituminous Coal Operators' Association ("BCOA") in the course of collective bargaining that led to the 2007 National Bituminous Coal Wage Agreement ("2007 NBCWA"). Because it was negotiated as part of the 2007 NBCWA, the Union maintains that the collateral attack that Freeman and Monterey attempt to make with respect to the contribution rate should be limited to the factual circumstances that led to the increase in this rate which is contained in the 2007 NBCWA. Specifically, these factual circumstances involve the collective bargaining negotiations between the Union and BCOA, the Union's subsequent ratification of the 2007 NBCWA, and the coal industry's response to the ratified agreement. All these matters have been set forth in detail in the Affidavit of President Roberts ("Roberts Affidavit") which the Union has filed in support of its motion for summary judgment. Because discovery focused on these matters can resolve Freeman's only claim against the Union, any effort by Freeman to expand its discovery to additional unrelated matters should not be allowed.[1]

The narrow scope of discovery envisioned by the Union, and the limits its seeks with respect to the pending deposition, is appropriate because the underlying issue raised by this case has already been addressed in this Circuit by United Mine Workers of America 1974 Pension

---

[1] The Union intends to file a separate brief in opposition to Freeman's recently filed motion to compel.

Trust v. Pittston Co., 984 F.2d 469 (D.C. Cir. 1993). In Pittston, the D.C. Circuit considered a contractual provision contained in successive NBCWAs dating from 1978 commonly referred to as the "evergreen clause." That provision required signatory employers to continue to make contributions to the UMWA Funds - including the 1974 Plan - at rates contained in future NBCWAs, regardless of whether the signatory companies remained parties to future NBCWAs.

This Court had ruled that the evergreen clause contained in the NBCWAs "was an important provision negotiated to make sure that any coal operator that voluntarily agreed to participate in the [UMWA] Funds in 1978 could not simply walk away from the Funds and leave its retirees behind, or negotiate cut-rate contributions with the UMWA, at the expense of the remaining employers." In re United Mine Workers of America Employee Benefit Plans Litigation, 782 F.Supp. 658, 665 (D.D.C. 1992). In upholding the district court's enforcement of the evergreen clause, the D.C. Circuit reasoned that coal companies "agreed to be bound by the evergreen clause to make contributions to the trusts, and the obligation included an agreement to make contributions at the rates specified in subsequent NBCWAs, without regard to whether the employer was still a party to the subsequent agreement." Pittston, 984 F.2d at 474.

In this case, there is no dispute that Freeman and Monterey were both signatory to NBCWAs through 1997 and 1988, respectively. Thus, these two coal companies are bound by the evergreen clause. Therefore, as the Union, BCOA and the 1974 Plan have consistently argued in this case, under the controlling authority of Pittston, Freeman and Monterey are required to make contributions to the 1974 Plan based upon the rate contained in the 2007 NBCWA, which is set at $2.00 hour. Because Pittston clearly controls the outcome of this case, the Union remains steadfast in its position that the parties' discovery should be limited to matters

3

relevant to the increase in the contribution rate to the 1974 Plan which is contained in the 2007 NBCWA.

Freeman and Monterey disagree. After first commencing this lawsuit in the United States District Court for the Middle District of Illinois - outside the reach of the Pittston ruling - they now claim that the D.C. Circuit's decision does not control this case. Thus, the coal companies have argued that they are entitled to full discovery with no exceptions.

Consistent with this position, Freeman served on the Union, BCOA and the 1974 Plan far reaching and extensive requests for production of documents that, among other things, seek to investigate numerous aspects of collective bargaining between the Union and BCOA and between the UMWA and other companies that have nothing whatsoever to do with the matter at issue in this case, namely, the applicable contribution rate for the 1974 Plan, as specified in the 2007 NBCWA. Moreover, through its recently served discovery requests, Freeman also seeks documents dating back to the original negotiation of the evergreen clause in 1978.

In their recently filed Rule 56(f) motions, Freeman and Monterey also insist that they should be allowed to continue along an unrestricted course of discovery, yet they do not specify what additional discovery is necessary to address the application of the evergreen clause in this case. In their most recent submission to the Court, Freeman seeks to compel the Union to produce documents consistent with its expansive view of the sole claim brought against the Union. See Freeman United Coal Mining Company's Motion to Compel Discovery from the Bituminous Coal Operators' Association and United Mine Workers of America, at 9-16. Thus, by their submissions, the coal companies have established that they intend to litigate this case in a far more expansive scope than the Union views as appropriate.

In responding to Freeman's request for production of documents, the Union restated its position that this case should be limited to matters relevant to the increase in the contribution rate to the 1974 Plan which is contained in the 2007 NBCWA. The Union also objected to the scope of Freeman's discovery requests and argued that a significant portion of the requests did not seek information relevant to the pending litigation. Consistent with its objections, the Union produced documents and portions of documents concerning the 2007 NBCWA and the increase in the contribution rate to the 1974 Plan.

In support of its pending motion to compel, Freeman wrongly suggests that the Court has already determined that the broad scope of discovery it seeks is appropriate. See Motion to Compel, at 9. Such a suggestion is simply not true. Instead, the Court has merely indicated to the parties that any discovery disputes, including the appropriate scope of discovery under Rule 56(f), will be resolved by the magistrate judge. See November 19, 2007 Minute Order issued as Docket Entry No. 35 in Case No. 07-1050. Thus, through this motion, the Union seeks to resolve a legitimate dispute the parties have with respect to the manner in which this case should be litigated and, specifically, the permissible scope of the upcoming Roberts deposition.

It is apparent that the parties' divergent views concerning the scope of this case will inevitably cause an intractable dispute to arise almost immediately after the commencement of President Roberts' deposition. Therefore, the Union submits this motion now in order to avoid both needless delay, as well as the costs that would be expended by both the Court and the parties if this problem were left unaddressed until the Roberts deposition was underway. As explained below, the Union's request to limit the scope of the pending deposition is well within the discretion granted to the trial court to tailor discovery consistent with the claims to be resolved in

a particular case and is appropriate here in the context of the sole claim brought against the Union by the coal companies.

## ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment or undue burden or expense." Such an order may include, among other things, "that the disclosure or discovery not be had;" that the discovery occur at a certain date or time, or "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." The provisions of Rule 26(c) "vests the trial judge with broad discretion to tailor discovery narrowly." See In re Sealed Case (Medical Records), 381 F.3d 1205, 1215 quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998). In exercising this broad grant of discretion, "it is appropriate for the court . . . to undertake some substantive balancing of interests" between the parties." Id. quoting Laxalt v. McClatchy, 809 F.3d 885, 890 (D.C. Cir. 1987). See also United States v. Microsoft Corp., 165 F.3d 952, 960 (D.C. Cir. 1999)(holding that Rule 26(c)'s "'good cause' standard . . . is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case."); Tequila Centinela v. Bacardi & Company Limited, 242 F.R.D. 1, 4 (D.D.C. March 29, 2007)("In deciding whether or not to grant a protective order, courts typically weigh the burdensomeness to the moving party against the need for, and the relevance of, the information being sought.").

In Herbert v. Lando, 441 U.S. 153, 177 (1979) the Supreme Court succinctly summarized the role of a trial court in limiting discovery by stating that:

> [t]he discovery provisions, like all the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they 'be construed to secure the just, speedy and inexpensive determination of every action.' To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .' With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

In Cobell v Norton, 226 F.R.D. 67, 77 (D.D.C. 2005), this Court followed the mandate of Lando to significantly circumscribe the scope of discovery. In so doing, this Court explained that while it granted the parties "full discovery rights" in a previous ruling, such rights were only coextensive with the scope of the case as a whole. Id. Thus, because the Court determined that plaintiffs only had one "live" claim, the scope of their discovery was narrowed to include "only those matters directly related" to their one "live" claim. Id.

Application of the above reasoning, and particularly the approach taken by this Court in Cobell, supports the Union's request to limit the scope of the scheduled deposition of Cecil Roberts. As explained above, the Union views this case as presenting only one "live" claim involving the increase to the 1974 Plan contribution rate as contained in the 2007 NBCWA and the claim by Freeman and Monterey that they are not obligated to pay this rate under the evergreen clause. Thus, the scope of the parties' discovery should be tailored around this claim. Presently, the discovery sought by Freeman has not been subject to appropriate limitation.

If the Court does not exercise its discretionary authority under Rule 26(c), the Union will be harmed because it's president will be subject to a deposition, the scope of which will be much broader than the scope of the coal companies' claim against the Union. In its Rule 56(f) motion,

Freeman does not set forth any matters outside those raised in the Roberts Affidavit that they believe should be included as part of its examination of President Roberts.  Rather, Freeman simply claims that it "doubts it has all of the documents reflecting the UMWA's intent in entering into the 2007 Agreement."  See Declaration of Susan C. Levy in support of Freeman United Coal Company's 56(f) Motion to Deny or Stay Ruling on All Motions for Summary Judgment Unit Discovery Can be Had, at 3, ¶ 10.  Such a statement does not establish Freeman's need to expand the deposition examination of President Roberts beyond the scope proposed by the Union.  Accordingly, the Court should direct Freeman to limit its examination of President Roberts to matters concerning the increase to the 1974 contribution rates contained in the 2007 NBCWA, the specific factual circumstances involving the collective bargaining negotiations that led to the rate increase and the coal industry's reaction to the 2007 NBCWA.

                                      Respectfully submitted,

                                      _____/s/_____
John R. Mooney, Bar No. 375886
Mark J. Murphy, Bar No.  453060
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile

Counsel for Defendant
United Mine Workers of America

November 30, 2007