UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael H. Holland, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 07-cv-490 (PLF/AK) |
| Freeman United Coal Mining Co., et al., | ) | |
| Defendants. | ) | |
| Freeman United Coal Mining Co., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07-cv-1050 (PLF/AK) |
| United Mine Workers of America, et al., | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM OF UNITED MINE WORKERS
OF AMERICA IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Defendant United Mine Workers of America ("UMWA" or "Union"), by its undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 7, hereby submits this reply memorandum in support of its motion for protective order with respect to a Notice of Deposition served on the Union by Freeman United Coal Company ("Freeman") scheduling the deposition of UMWA President Cecil Roberts. In its opposition to the Union's motion for protective order, Freeman once again relies on a misinterpretation of the Court's previous rulings, as well as an incomplete and selective summary of the parties' interactions in

this case to date in order to feign outrage over the Union's legitimate attempt to clarify and narrow the proper scope of discovery so as not to waste the time and resources of the parties or the Court. Because the Union has addressed many of these same issues in response to Freeman's pending motion to compel additional discovery, the UMWA's response here is limited to the following points.

First, given the vastly divergent views that the parties hold with respect to the scope of this case (views that have now been articulated numerous times throughout the parties' recent filings) the Union submits that its effort to present this dispute to the Court is entirely proper and neither inappropriate nor premature as Freeman suggests. Freeman's alternative approach to the parties' discovery dispute would have all involved bury their collective heads in the sand and stay silent before the Court, while expending the time and expense of attending the contemplated deposition. Then, (applying Freeman's proposed litigation strategy), only after the commencement of the challenged deposition, would the Court be notified of the parties' discovery dispute through a motion that would seek to terminate the examination until the Court could resolve the issue.

While the approach proposed by Freeman may be reasonable in certain situations where a discovery dispute arises unexpectedly, that is far from the circumstance here. Because the scope of this litigation has been a primary area of contention since the beginning of this case, the more prudent course of conduct is to raise this issue with the Court at the earliest possible moment so that it can be resolved prior to the commencement of examination.

The case law relied on by Freeman does not support its alternate "wait and see" approach. Indeed, in Banks v. Office of Senate Sergeant-at-Arms, 222 F.R.D. 7 (D.D.C. 2004) - a case

relied on by Freeman in its opposition brief - the Court considered a motion for protective order prior to a scheduled deposition. While the Court determined that a protective order was not necessary on the facts of that case, it also ordered the parties to consult over the proper scope of the deposition at issue before it took place. Id. at 19. Thus, the Court in Banks was seeking to obtain the same result as the Union is here - a determination over the scope of a deposition examination before the start of the examination. Unfortunately, the intractable positions of the parties' to this litigation rendered futile the intermediate step followed in Banks and Court intervention is warranted prior to the date scheduled for President Roberts' deposition.

     Second, the extreme difference in the parties' view of this case also undermines Freeman's self-righteous and hypocritical claim that the UMWA failed to meet and confer with the Company over the pending motion for protective order. As stated above, the scope of this litigation and, therefore, the proper extent of discovery, is at the heart of this case. In fact, it is fair to say that the parties' disagreement over this issue has been the only thing to which they have been able to agree. Indeed, the Union submits that the parties' underlying disagreement on the scope of this litigation explains why Freeman did not meet and confer with the Union prior to filing its motion to compel seeking additional discovery from the UMWA.

     Finally, Freeman's claim that the Union has sought a protective order based only on claims of irrelevance is simply not true. Requiring a witness to expend time and expense to attend a deposition over matters outside the scope of a particular case is, by definition, abusive and harassing. Through its motion for protective order, the Union has sought to prohibit Freeman from ensnaring President Roberts in Freeman's inappropriate and overbroad fishing expedition. This objective is well within the contemplated reasons that justify the granting of a

protective order and imposing the type of limitations to discovery that the Union seeks in this case.

## CONCLUSION

For the reasons discussed above, as well as those set forth in the Union's previous submission, its motion for protective order should be granted.[1]

Respectfully submitted,

_____/s/_____
John R. Mooney, Bar No. 375886
Mark J. Murphy, Bar No.  453060
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile

Counsel for Defendant
United Mine Workers of America

December 17, 2007

---

[1] A proposed order was not attached to the Union's initial memorandum in support of its motion for protective order.  Such an order is attached to the Union's reply brief.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael H. Holland, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-cv-490 (PLF/AK) |
| ) | |
| Freeman United Coal Mining Co., et al., ) | |
| ) | |
| Defendants. ) | |
| | |
| Freeman United Coal Mining Co., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-1050 (PLF/AK) |
| ) | |
| United Mine Workers of America, et al., ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

Upon consideration of the motion of the United Mine Workers of America ("UMWA"), for a protective order regarding the proper scope of the deposition of UMWA President Cecil Roberts, including any response thereto, and other relevant record materials,

It is, on this _____ day of December, 2007, hereby

ORDERED that the UMWA's motion for a protective order is GRANTED; and its is further ORDERED that the scope of Mr. Roberts' deposition shall be limited to the contribution rate for the UMWA 1974 Pension Trust contained in the National Bituminous Coal Wage

Agreement of 2007 and any other matters addressed by Mr. Roberts in his prior declaration filed in this case.

                                                                      _____
                                                                       United States Magistrate Judge

cc:      Counsel of Record