UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FREEMAN UNITED COAL MINING COMPANY, et al.,<br><br>  Defendants. | Civil Action No. 07-490 (PLF)(AK) |
| FREEMAN UNITED COAL MINING COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED MINE WORKERS OF AMERICA, et al.,<br><br>  Defendants. | Civil Action No. 07-1050 (PLF)(AK)[1] |

**MEMORANDUM ORDER**[2]

Pending before the Court are United Mine Workers of America's Motion for a Protective Order [40], the Motion of the Bituminous Coal Operators' Association, Inc. for Protective Order to Limit Scope of Upcoming Deposition [41], Freeman United Coal Mining Company's

---

[1] Because the present Motion to Compel relates to a discovery dispute between Freeman United Coal Mining Company, the United Mine Workers of America, and the Bituminous Coal Operators' Association, all docket numbers in this Memorandum Order refer to Civil Action No. 07-1050.

[2] United States District Judge Paul L. Friedman referred these consolidated cases to the undersigned Magistrate Judge for management of discovery, pursuant to Local Civil Rule 72.2(a).  (*See* Order [15] dated 7/23/07.)

1

Opposition [43], Bituminous Coal Operators' Association's Reply [46], and United Mine Workers of America's Reply [47].  United Mine Workers of America seeks to limit the scope of the deposition of its President, Cecil Roberts, and Bituminous Coal Operators' Association seeks to limit the scope of the deposition of its Secretary-Treasurer, Charles S. Perkins.

I.     **Background**[3]

This litigation involves two consolidated cases.  In *Freeman United Coal Mining Company v. United Mine Workers of America, et al.*, which was filed in the United States District Court for the Central District of Illinois on February 9, 2007, Freeman United Coal Mining Company ("Freeman") sought a declaratory judgment that it was not obligated to contribute to the 1974 Pension Plan and Trust ("Trust") at the rates set forth in the 2007 National Bituminous Coal Wage Agreement ("2007 Agreement" or "2007 NBCWA").  Freeman plead, in the alternative, that if the court found it was obligated to contribute to the Trust at the rates set forth in the 2007 Agreement then it is entitled to damages against the Bituminous Coal Operators' Association ("BCOA") because BCOA breached its duties as Freeman's agent in negotiating the 2007 Agreement.  In *Holland, et al. v. Freeman United Coal Mining Company, et al.*, which was filed in this Court on March 14, 2007, trustees of the Trust brought suit against nine coal companies, including Freeman, under the Employee Retirement Income Security Act and the Labor Management Relations Act to collect contributions that each defendant allegedly owes to the Trust at the rates set forth in the 2007 Agreement.

---

[3] The summary of the factual history of this litigation is taken, in substantial part, from this Court's Memorandum Order of December 28, 2007 [49].

      The 1974 Trust is a benefit plan that was created to provide benefits to coal miners who retired after December 31, 1975. The Trust was to be funded by coal companies who were parties to National Bituminous Coal Wage Agreements, which are negotiated by BCOA - a multi-employer bargaining unit - and the United Mine Workers of America ("UMWA") and which contain the rates at which companies must contribute to the trust and the level of benefits that retirees would receive. The 1978 NBCWA contained an "evergreen clause" provision, which provided that a coal mining company that had employees eligible for benefits under the Trust or any company that was obligated to contribute to the Trust was obligated to make the contributions required under the 1978 NBCWA and any successor agreements thereto. Freeman joined BCOA in 1966 and was a member at the time the 1978 NBCWA was executed. The most recent NBCWA was negotiated between BCOA and UMWA in 2006 and went into effect on January 1, 2007. At the time the 2007 agreement was negotiated, only eleven coal companies were members of BCOA and all eleven of those companies were subsidiaries of a single company, Consolidated Coal Company. Freeman left BCOA in 1997 and therefore was not a member at the time the 2007 Agreement was negotiated. The 2007 NBCWA sets the contribution rate to the 1974 Trust at $2.00 per hour worked. Freeman refuses to contribute to the Trust at this rate, arguing that it is not bound by the 2007 NBCWA because an agreement cannot be a "successor agreement" within the meaning of the evergreen clause if BCOA is only negotiating on behalf of a single coal company.

      In support of its argument that it is not obligated to contribute to the Trust at the rate set by the 2007 Agreement, Freeman sought discovery related to the negotiation of the 2007 Agreement, the structure and operation of BCOA, the financial condition of the Trust, and

allegedly improper transfers from the Trust. (*See* Freeman's Mot. to Compel [38].) When Freeman moved to compel discovery on those topics, BCOA and UMWA argued, as they do in their present motions for protective orders, that the outcome of this litigation is governed by *United Mine Workers of Am. 1974 Pension Trust v. Pittston Co.*, 984 F.2d 469, 474 (D.C. Cir. 1993)("*Pittston*"), in which the D.C. Circuit held that an evergreen clause creates a "perpetual obligation" and that by signing a trust agreement that contained an evergreen clause coal companies were bound "to make contributions at rates specified in subsequent NBCWAs, without regard to whether the employer was still a party to the subsequent agreements." (*See* BCOA's Opp'n to Freeman's Mot. to Compel [45] at 2-3; UMWA's Opp'n to Freeman Mot. to Compel [44] at 5, 9.) This Court granted Freeman's Motion to Compel because it was "not convinced that *Pittston* is dispositive of the issues in this case or that discovery should be limited in the manner suggested by BCOA and UMWA." (Mem. Order [49] at 5-6.]

**II.    Discussion**

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). However, if a party from whom discovery is sought moves for a protective order, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c)(1)(D). "[P]revent[ing] the possibility that irrelevant questions will be asked at a deposition" is not sufficient grounds for granting a protective order. *Banks vs. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18

(D.D.C. 2004). Because a motion for a protective order "limits the liberal discovery rules, 'good cause' is only established when the movant demonstrates that disclosure would cause a clearly defined and serious injury." *Univ. of Mass. v. Roslin Inst.*, 437 F.Supp.2d 57, 60 (D.D.C. 2006). When deciding whether the moving party has established good cause, "courts typically weigh the burdensomeness to the moving party against the need for, and the relevance of, the information being sought." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd*, 242 F.R.D. 1, 4 (D.D.C. 2007) (citations omitted).

UMWA asks this Court to issue a protective order directing Freeman to limit the scope of its deposition of UMWA President Cecil Roberts to the only question that UMWA believes is at issue in this case, namely whether the contribution rate set by the 2007 NBCWA is valid. (UMWA's Mot. at 1-2.) BCOA similarly seeks to limit the deposition of its Secretary-Treasurer, Charles S. Perkins. (BCOA's Mot. at 1-2.) UMWA and BCOA submit that questioning on other topics would be irrelevant because of *Pittston* - an argument that this Court recently rejected in granting Freeman's Motion to Compel - but otherwise fail to demonstrate any serious injury that they or the deponents would suffer in the absence of a protective order. Therefore the Court finds that neither UMWA nor BCOA has met its burden of establishing good cause for the issuance of a protective order under Rule 26(c).

### III.     Conclusion

For the foregoing reasons, it is this  31st  day of December, 2007, hereby

**ORDERED** that United Mine Workers of America's Motion for a Protective Order [40] is **denied**; and it is further

**ORDERED** that the Motion of the Bituminous Coal Operators' Association, Inc. for a Protective Order to Limit Scope of Upcoming Deposition [41] is **denied**.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE