UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FREEMAN UNITED COAL MINING COMPANY, et al., <br><br> Defendants. | Civil Action No. 07-490 (PLF)(AK) |
| FREEMAN UNITED COAL MINING COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED MINE WORKERS OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 07-1050 (PLF)(AK)[1] |

**MEMORANDUM ORDER**[2]

Pending before the Court is Bituminous Coal Operators' Association's Motion to Compel Discovery from Freeman United and Motion for Use Preclusion [55], Freeman United Coal Mining Company's Opposition [56], and BCOA's Reply [58].

---

[1] Because the present Motion to Compel relates to a discovery dispute between Freeman United Coal Mining Company and the Bituminous Coal Operators' Association, all docket numbers in this Memorandum Order refer to Civil Action No. 07-1050.

[2] United States District Judge Paul L. Friedman referred these consolidated cases to the undersigned Magistrate Judge for management of discovery, pursuant to Local Civil Rule 72.2(a). (*See* Order [15] dated 7/23/07.)

**I.      Background**[3]

This litigation involves two consolidated cases. In *Freeman United Coal Mining Company v. United Mine Workers of America, et al.*, which was filed in the United States District Court for the Central District of Illinois on February 9, 2007, Freeman United Coal Mining Company ("Freeman") sought a declaratory judgment that it was not obligated to contribute to the 1974 Pension Plan and Trust ("Trust") at the rates set forth in the 2007 National Bituminous Coal Wage Agreement ("2007 Agreement" or "2007 NBCWA"). Freeman plead, in the alternative, that if the court found it was obligated to contribute to the Trust at the rates set forth in the 2007 Agreement then it is entitled to damages against the Bituminous Coal Operators' Association ("BCOA") because BCOA breached its duties as Freeman's agent in negotiating the 2007 Agreement. In *Holland, et al. v. Freeman United Coal Mining Company, et al.*, which was filed in this Court on March 14, 2007, trustees of the Trust brought suit against nine coal companies, including Freeman, under the Employee Retirement Income Security Act and the Labor Management Relations Act to collect contributions that each defendant allegedly owes to the Trust at the rates set forth in the 2007 Agreement.

The 1974 Trust is a benefit plan that was created to provide benefits to coal miners who retired after December 31, 1975. The Trust was to be funded by coal companies who were parties to National Bituminous Coal Wage Agreements, which are negotiated by BCOA - a multi-employer bargaining unit - and the United Mine Workers of America ("UMWA") and which contain the rates at which companies must contribute to the trust and the level of benefits

---

[3] The summary of the factual history of this litigation is taken, in substantial part, from this Court's Memorandum Orders of December 28, 2007 [49] and December 31, 2007 [50].

that retirees would receive. The 1978 NBCWA contained an "evergreen clause" provision, which provided that a coal mining company that had employees eligible for benefits under the Trust or any company that was obligated to contribute to the Trust was obligated to make the contributions required under the 1978 NBCWA and any successor agreements thereto. Freeman joined BCOA in 1966 and was a member at the time the 1978 NBCWA was executed. The most recent NBCWA was negotiated between BCOA and UMWA in 2006 and went into effect on January 1, 2007. At the time the 2007 agreement was negotiated, only eleven coal companies were members of BCOA and all eleven of those companies were subsidiaries of a single company, Consolidated Coal Company. Freeman left BCOA in 1997 and therefore was not a member at the time the 2007 Agreement was negotiated. The 2007 NBCWA sets the contribution rate to the 1974 Trust at $2.00 per hour worked. Freeman refuses to contribute to the Trust at this rate, arguing that it is not bound by the 2007 NBCWA because an agreement cannot be a "successor agreement" within the meaning of the evergreen clause if BCOA is only negotiating on behalf of a single coal company.

On December 18, 2008, BCOA served on Freeman its First Request for Production of Documents. (BCOA's Mem. Supp. Mot. [55-2] ("BCOA's Mem.") at 4.) Freeman responded on January 18, 2008 without producing any documents for twenty-five of the document requests. (*Id*.) After attempting to resolve the matter without judicial intervention, BCOA filed the instant motion on February 16, 2008 to compel Freeman to respond to Documents Requests Nos. 1-3, 5-6, 7-12, 18-22 and 24-28. (*Id*. at 6-9.) After BCOA filed its motion, Freeman produced approximately 900 pages of documents, thereby rendering much of BCOA's motion moot. (BCOA's Reply [58] at 3.) BCOA now asks the Court to order Freeman to respond to

Documents Requests Nos. 1-3, 5, and 6. (*Id*.) BCOA also asks the Court to issue "an order precluding Freeman from using or introducing in the future material that Freeman previously has not produced in response to BCOA's outstanding discovery requests." (BCOA's Mem. at 2.)

The parties presented their respective positions at a hearing on March 11, 2008. At the hearing, the Court directed counsel for Freeman to provide additional information regarding Freeman's e-mail retention policies. Freeman provided this information on March 17, 2008. (*See* Statement Regarding Electronic Mail Retrieval Capabilities [80] ("E-Mail Statement").) Freeman indicated that it regularly created backup tapes of employee e-mails and recycled these tapes on a regular basis. (*Id*. at 2.) As a result of this litigation, however, Freeman began to save, rather than recycle, these backup tapes. (*Id*.) Freeman estimates that the saved backup tapes contain e-mails from thirty five employees and may have files from as early as 1997. (*Id*. at 2-3.)

## II.     Discussion

### A.     Document Requests

Federal Rule of Civil Procedure 34 governs requests for the production of documents. Rule 34(b)(2)(B) provides that for each document or category of documents sought, the responding party "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." If the responding "party fails to respond that inspection will be permitted - or fails to permit inspection - as requested by Rule 34," the party seeking disclosure may move for an order compelling production or inspection. FED. R. CIV. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure . . . must be treated as a failure to disclose" when determining whether a requesting party may file a motion to

compel. FED. R. CIV. P. 37(a)(4). The party alleging the deficiency in document production and bringing the motion to compel bears the burden of proof. *U.S. ex rel. El-Amin v. George Washington Univ.*, No. 1:95-cv-2000, 2000 WL 1763679, at *1 (D.D.C. Nov. 27, 2000).

        1.     *Document Requests Nos. 1 and 2*

These discovery requests seek documents that relate to Freeman's sale of its mining operations to Springfield Coal Company in August 2007. Specifically, Document Request No. 1 seeks "[a]ll documents concerning the sale of Freeman's coal mining operations to the Springfield Coal Company LLC in August 2007," and Document Request No. 2 seeks "[a]ll documents concerning any communications between Freeman and Springfield Coal Company LLC related to the 1974 Pension Trust." (BCOA's First Req. for Produc. [55-4] ("BCOA's Req.") at 7.) Freeman objected on the basis of relevance and because these requests sought "information and documents beyond the time period relevant to the claims in this case, which were filed in February 2007." (Freeman's Resps. to BCOA's First Req. for Produc. [55-5] ("Freeman's Resps.") at 4.) Subject to these objections, Freeman produced a copy of the Asset Purchase Agreement between Freeman and Springfield that was completely redacted with the exception of a provision in which Springfield agreed to assume Freeman's obligations to the UMWA 1974 Pension Plan.

Document Request No. 1 is clearly overbroad because it seeks all documents concerning the sale to Springfield rather than only those documents that relate to Freeman's obligations to contribute to the 1974 Trust. Accordingly the Court will deny BCOA's Motion to Compel with respect to his request. Document Request No. 2 is more narrowly worded and tailored to the

issues in this case because it seeks to uncover statements that Freeman may have made about its own liability to the 1974 Trust. The Court is doubtful that documents produced in response to this request would be admissible at trial in light of the parol evidence rule and other evidentiary considerations. However, the Court will order Freeman to produce documents that are responsive to Request No. 2 because the Court finds that the request is reasonably calculated to lead to the discovery of admissible evidence.

        2.     *Document Request No. 3*

Document Request No. 3 seek "[a]ll documents concerning Freeman's communications after January 1, 1997 with other bituminous coal companies regarding BCOA." (BCOA's Req. at 7.) Freeman objected on the basis of relevance. (Freeman's Resps. at 5.) At the hearing, Freeman argued that this request was burdensome because it sought communications over an eleven year period between Freeman and approximately fifty other coal companies. Freeman also asserted that this request was broad and encompassed several other narrower requests to which Freeman had already produced documents.

As to documents in hard copy format that are responsive to this request, Freeman represented at the hearing that it would search for and make available files that were labeled with key words such as "BCOA," "UMWA," "withdrawal liability," "evergreen clause," and "settlor of fund." As to e-mails that are responsive to this request, Freeman indicated that it had already searched over 10,700 e-mails from three individuals identified as potentially having responsive data during a "comprehensive search" of its e-mail backup tapes. (E-mail Statement at 3.) Freeman further stated that if this Court orders it to search for e-mails that are responsive to

Document Request No. 3, "it could search these individuals' email (pst) files on the backup tapes using appropriate search terms such as "BCOA" or "Bituminous Coal Operators' Association." (*Id.*)

Consistent with the representations that Freeman made at the hearing and in its supplemental filing, the Court will order Freeman to search both its hard copy and e-mail files for documents that are responsive to this request.  In doing so, it shall utilize the search terms suggested by BCOA at the hearing.  Furthermore, the Court will order Freeman to search the e-mail files for the approximately thirty five former employees who worked in the corporate office  If Freeman locates responsive files or documents, it shall produce them or otherwise make them available to BCOA for inspection and copying.  However, Freeman need not produce or make available files or documents that were already produced to BCOA in response to other document requests.

        3.     *Document Requests Nos. 5 and 6*

These document requests relate to agreements that Freeman negotiated directly with UMWA in 1998 and 2003.  Document Request No. 5 seek "[a]ll correspondence and communications between Freeman and the UMWA concerning Freeman's participation in the 1974 Pension Trust as agreed to in the 1998 and 2003 Freeman Agreements." (BCOA's Req. at 7.) Documents Request No. 6 seeks "all documents concerning Freeman's agreement to incorporate the 1974 Trust documents into its 1998 and 2003 Agreements with the UMWA." (BCOA's Req. at 8.)   Freeman objected on grounds of relevance, undue burden, and ambiguity, and further objected because the request assumes facts that have not been established.

(Freeman's Resps. at 5-6.)

Although there is a question about whether documents responsive to these requests would be admissible in light of the parol evidence rule, the Court will order their production but will limit the scope of the requests. First, Freeman need only produce correspondence, communications and other documents that were generated during the time period in which the 1998 and 2003 Freeman Agreements were negotiated. Second, Freeman need only produce responsive documents that relate to Freeman's participation in or obligations under the 1974 Trust; other elements of the 1998 and 2003 Agreements are not relevant to this case.

### B.     Use Preclusion

BCOA seeks "an order precluding Freeman from using or introducing in the future material that Freeman previously has not produced in response to BCOA's outstanding discovery requests." (BCOA's Mem. at 2.) At the hearing, counsel for Freeman assured the Court that Freeman has no intention of using or introducing documents that it did not produce during the discovery process. Accordingly, the Court does not find it necessary to enter the use preclusion order that BCOA seeks.

### C.     Fees and Costs

BCOA further seeks the fees and costs that it incurred in bringing the instant Motion to Compel. (BCOA's Mem. at 10.) As this Court discussed in its December 28, 2007 Memorandum Order on Freeman's Motion to Compel [49], an award of fees is not warranted if a party's nondisclosure or objection is substantially justified. *See* FED. R. CIV. P. 37(a)(5)(A)(ii).

This litigation presents novel questions of law and the parties have legitimate disputes about whether certain types of evidence are relevant. Therefore Freeman was substantially justified in objecting to these documents requests on the basis of relevance, and BCOA is not entitled to collects fees and costs.

**III.**     Conclusion

For the foregoing reasons, it is this 18th day of March, 2008, hereby

**ORDERED** that BCOA's Motion to Compel Discovery from Freeman United and Motion for Use Preclusion is **granted-in-part and denied-in-part**; and it is further

**ORDERED** that Freeman supplement its responses as provided herein to Document Requests Nos. 2, 3, 5, and 6 within ten days of this Memorandum Order; and it is further

**ORDERED** that BCOA's request for attorneys' fees and costs is **denied**.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE